UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDNA AFFHOLTER, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> FRANKLIN COUNTY WATER DISTRICT, ) <br> et al., ) <br> ) <br> Defendants. ) <br> ) | 1:07-cv-0388 OWW DLB <br><br> SUPPLEMENTAL SCHEDULING CONFERENCE ORDER <br><br> Further Scheduling Conference: 6/13/08 8:15 Ctrm. 3 |

I.   Date of Scheduling Conference.

   December 7, 2007.

II.  Appearances Of Counsel.

   Marderosian, Runyon, Cercone, Lehman & Armo by Michael G. Marderosian, Esq., Michael E. Lehman, Esq., Brett L. Runyon, Esq.; Shernoff, Bidart & Darras by Michael J. Bidart, Esq.; and Law Office of Jack Silver by Jack Silver, Esq., appeared on behalf of Plaintiffs.

   Lewis, Brisbois, Bisgaard & Smith by Sean Richmond, Esq., appeared on behalf of Defendant Franklin County Water District.

   Jacobson, Hansen, Najarian & McQuillan by Leith B. Hansen, Esq., appeared on behalf of Defendant AA & A Associates.

1  LaMore, Brazier, Riddle & Giampaoli by Jeffrey F. Oneal,
2 Esq., appeared on behalf of Defendants Merced Irrigation District
3 and Merced Drainage District No. 1.
4  Greben & Associates by Jan A. Greben, Esq. and Allen,
5 Proietti & Fagalde by Terry L. Allen, appeared on behalf of
6 Defendant County of Merced.
7  Myers & Mayfield by Gregory L. Myers, Esq. and Laurie
8 Mayfield, Esq., appeared on behalf of Defendant City of Merced.
9  McCormick, Barstow, Sheppard, Wayte & Carruth by Stephen E.
10 Carroll, Esq., appeared on behalf of Defendant Ranchwood Homes
11 Corp.
12  Barg, Coffin, Lewis & Trapp by John Barg, Esq. and Stephen
13 C. Lewis, Esq., appeared on behalf of Defendants Merck & Co.,
14 Inc.; Amsted Industries, Inc.; and Baltimore Aircoil Company,
15 Inc.
16  Gary Drummond, Esq., appeared on behalf of Defendant
17 Meadowbrook Water Company.
18  No one appeared on behalf of J.F. Pritchard & Co.
19  Creech, Liebow & Kraus by Randall C. Creech, Esq., appeared
20 on behalf of Defendant Santa Fe Aero Vista, LLC.
21 III.  Status of Service of Summons and Complaint.
22  1.  At present, Defendant J.F. Pritchard & Co. is unserved.
23 Plaintiffs shall undertake to locate, if possible, and determine
24 the legal status of J.F. Pritchard & Co.
25 IV.  Further Scheduling Conference.
26  1.  The parties discussed the status of service of existing
27 Defendants, the deadline for adding new parties Plaintiff, and
28 the likelihood that other parties may be joined and/or that

cross-claims, counter-claims, and third-party complaints for contribution and/or indemnity may be instituted.

2. The status of discovery was discussed and it is recognized that at least six additional months will be necessary to complete existing discovery plans and for a questionnaire that the parties have developed to be meaningfully answered by all those to whom it is propounded.

3. Upon agreement of all parties, a scheduling conference shall be held in this case on June 13, 2008, at 8:15 a.m. The parties may appear telephonically if they are more than 50 miles away from the courthouse.

V. Further Scheduling Conference.

1. At the June 13, 2008, scheduling conference, the parties shall be prepared to discuss discovery cut-off, dispositive motion schedule and the setting of a trial date. Any new parties who have been joined shall serve their Rule 26 discovery disclosure responses on or before 45 days after the date of service of the Summons and Complaint.

VI. Defendants' Questionnaire.

1. The time for responses to the Defendants' questionnaire that has been agreed by all parties to be utilized in this case, shall be 90 days following the date of service of that questionnaire by any Defendant. If a party who has been served with the questionnaire fails to respond within the 90 day period, the following schedule is adopted for the response to questionnaires: all Plaintiffs shall have 90 days to respond to Defendants' questionnaire. At the end of 90 days, if any Plaintiff has failed to respond to the questionnaire, counsel for

Plaintiffs shall serve and file a notice of non-response stating that the Plaintiff has not answered the questionnaire and the reason the questionnaire was not answered. Following that 30 day period, any Plaintiff who fails to respond to the questionnaire shall be required to serve, file and set for hearing a motion for a 30 day extension to provide responses to the questionnaire. The application for 30 day extension shall be decided upon a good cause standard using Federal Rule of Civil Procedure 37 Jurisprudence. Upon the Court's denying a motion for 30 day extension, the Plaintiff who has failed to respond, shall be dismissed as a party from this case and judgment shall be entered in favor of Defendants and against that Plaintiff. If a Plaintiff fails to respond within the 150 day period and no application for 30 day extension upon failure to respond is filed, that Plaintiff shall be dismissed from the lawsuit and judgment entered against that Plaintiff and in favor of Defendants.

IT IS SO ORDERED.

Dated:   **December 11, 2007**             /s/ Oliver W. Wanger
                                    UNITED STATES DISTRICT JUDGE