1    Michael G. Marderosian, No. 77296
     Brett L. Runyon, No. 133501
2    Michael E. Lehman, No. 133523
     MARDEROSIAN, RUNYON, CERCONE,
3      LEHMAN & ARMO
     1260 Fulton Mall
4    Fresno, California 93721
     Telephone:  (559) 441-7991
5    Facsimile: (559) 441-8170

6    Michael J. Bidart, No. 60582
     Ricardo Echeverria, No. 166049
7    Gregory L. Bentley, No. 151147
     SHERNOFF, BIDART & DARRAS
8    600 South Indian Hill Boulevard
     Claremont, CA  91711-5498
9    Telephone:  (909) 621-4935
     Facsimile:  (909) 625-6915
10

11   Thomas V. Girardi, Esq.
     GIRARDI & KEESE
     1126 Wilshire Boulevard
12   Los Angeles, CA  90017
     Telephone:  (213) 977-0211
13   Facsimile:  (213) 481-1554

14   Jack Silver, No. 160575
     LAW OFFICE OF JACK SILVER
15   Post Office Box 5469
     Santa Rosa, California 95402
16   Telephone:  (707) 829-0934
     Facsimile:  (707) 528-8675

17

18       Attorneys for:  Plaintiffs

19

20             UNITED STATES DISTRICT COURT

21             EASTERN DISTRICT OF CALIFORNIA

22   EDNA AFFHOLTER, ET AL.,     )   Case No. 1:07-CV-0388 OWW DLB
                        )
23      Plaintiffs,        )   **STIPULATION FOR ENTRY OF**
                        )   **PROTECTIVE ORDER REGARDING**
24        vs.          )   **CALIFORNIA DEPARTMENT OF**
                        )   **PUBLIC HEALTH RECORDS: ORDER**
25   FRANKLIN COUNTY WATER DISTRICT, )  **THEREON**
     et al.,                  )
26                        )
          Defendants.      )
27                        )

28

MARDEROSIAN,
RUNYON, CERCONE,
LEHMAN & ARMO
1260 Fulton Mall
Fresno, CA 93721

1   WHEREAS, the California Department of Public Health, ("CDPH") was served with a

2   subpoena for documents, which demand/requests/requires the production of documents, information,

3   and/or tangible objects which contain sensitive and confidential information related to public safety

4   (*see* specific list of documents at ¶ 3);

5   **GOOD CAUSE STATEMENT**

6   WHEREAS, certain of the CDPH documents and information responsive to the subpoena (*see*

7   specific list of documents ¶ 3) involve sensitive and confidential information related to public safety

8   as follows: (1) contain information that may cause damage or destruction to the nation's water supply

9   and water quality infrastructure by terrorist activities thereby threatening public health and the

10  environment, or possibly causing loss of life; (2) since the terrorist activities of September 11, 2001,

11  water utilities have been under heightened security conditions; (3) threats resulting in physical

12  destruction to any of these systems could include disruption of operating or distribution system

13  components and actual damage to reservoirs and pumping stations; (4) a loss of flow and pressure

14  would cause problems for customers and would hinder firefighting efforts; and (5) bioterrorism or

15  chemical threats could result in the distribution of microbiological agents or toxic chemicals to

16  households across the state, which could endanger the public health of thousands.

17  WHEREAS, good cause exists for the Court to enter this protective order as it ensures public

18  safety and preserves the security of the nation's water supply and water quality infrastructure systems.

19  WHEREAS, the Court's entry of this protective order will ensure that the CDPH's production

20  of these specific confidential documents and information will not be revealed or will be revealed in

21  a confidential manner. Additionally, the Court's entry of this protective order will ensure public safety

22  and preserve the security of the nation's water supply and water quality infrastructure systems.

23  WHEREAS, in order to facilitate discovery and to ensure public safety and preserve the

24  nation's water supply, the parties are desirous that a stipulated protective order be entered in this

25  action governing the production, disclosure, and use of such materials.

26  ///

27  ///

28  ///

MARDEROSIAN,
RUNYON, CERCONE,
LEHMAN & ARMO
1260 Fulton Mall
Fresno, CA 93721

2

1

**STIPULATION**

2        IT IS HEREBY STIPULATED by and between Plaintiffs, Defendants, any additional parties

3  that appear in this matter, and the CDPH, through their respective attorneys, that a Protective Order

4  be entered by this court as follows:

5        1.        When used in this Protective Order ("Order"), the word "Litigants" means all parties

6  and their attorneys of record in the following matter:  *Affholter, et al. v. Franklin County Water District,*

7  *et al.,*United States District Court, Eastern District of California Case Number 1:07-CV-0388 OWW DLB,

8  ("Action").  The term "Parties" means the Litigants and the CDPH.

9        2.        The Parties recognize that:  (1) there exists the very real possibility of damage to or

10  destruction of the nation's water supply and water quality infrastructure by terrorist activities thereby

11  threatening public health and the environment, or possibly causing loss of life; (2) since the terrorist

12  activities of September 11, 2001, water utilities have been under heightened security conditions; (3)

13  threats resulting in physical destruction to any of these systems could include disruption of operating

14  or distribution system components and actual damage to reservoirs and pumping stations; (4) a loss

15  of flow and pressure would cause problems for customers and would hinder firefighting efforts; and

16  (5) bioterrorism or chemical threats could result in the distribution of microbiological agents or toxic

17  chemicals to households across the state, which could endanger the public health of thousands.  The

18  Parties recognize that under the laws, regulations, and policies of the State of California and the

19  United States of America certain precautions relative to certain information regarding various water

20  systems are necessary to protect the security of those systems.  The Parties also recognize that this

21  Order is to assure that production of this information in the Action will not create a threat to public

22  health and safety.

23        3.        The Parties understand and agree that some of the information with respect to water

24  supply and water quality infrastructure demanded pursuant to a subpoena served on CDPH and certain

25  information being sought or which may be sought in the future in discovery or otherwise from

26  Plaintiffs is sensitive, confidential, and related to public safety.  Such information includes any and

27  all information which is deemed confidential under law and all water system operating infrastructure

28  and locational information, including;

MARDEROSIAN,
RUNYON, CERCONE,
LEHMAN & ARMO
1260 Fulton Mall
Fresno, CA 93721

1        a.     Water System schematics and facility maps;

2        b.     Pipeline maps;

3        c.     Facility plans and specifications;

4        d.     Consultant and internally generated reports that analyze water system vulnerabilities;

5        e.     Documents that explain water system hydraulics or operational practices;

6        f.     Emergency operations and response plans;

7        g.     Operation and maintenance manuals;

8        h.     Security related documents;

9        I.     Distribution related documents;

10       j.     Water source related documents;

11       k.     Water quality related documents;

12       l.     Personal information about employees and customers, such as their individual

13            identities, phone numbers or addresses.

14       m.    Pumping levels of wells;

15       n.     Production records of wells;

16       o.     Operational memoranda;

17       p.     Plan site addresses;

18       q.     Types of chemicals used at each site including their storage; and,

19       r.     Types of power used to run each plan including redundancy power for emergencies.

20       4.     The specific information and documents referenced in paragraph 3 herein contain

21 sensitive and confidential information and are related to public safety and, will be designated:

22 "Confidential/Public Safety Information" in the manner set forth herein.  All other information

23 demanded by any subpoena or through the course of discovery that is not designated

24 "Confidential/Public Safety Information" shall be produced in compliance with Rules 34 and 45(d)(1)

25 of the Federal Rules of Civil Procedure, so long as that information is responsive, relevant, and

26 unprivileged, and shall not be subject to the restrictions set forth in this Order for Confidential/Public

27 Safety Information. Nothing herein shall preclude Plaintiffs, or CDPH, from entering into Stipulations

28 or other agreements relating to the confidentiality of proprietary information.

5.     When used in this Order, "Confidential/Public Safety Information" refers to information designated "Confidential/Public Safety Information" and includes, but is not limited to, writings, recording and photographs (collectively "documents") as defined by Rule 1001 of the Federal Rules of Evidence, Data that is available on computer systems and verbal communications are also considered Confidential/Public Safety Information if they contain, embody, mention, relate to or relay any of the above information.

6.     The purpose of this Order is to meet the Litigants' discovery needs without compromising the public's need to keep sensitive information confidential in the interest of public health and safety.

7.     All Confidential/Public Safety Information shall be used by the Litigants to whom such information is disclosed, solely for the prosecution, defense, or settlement of the Action and shall not be used for any purpose including, but not limit to, use in any other litigation, whether in this Court or otherwise, except as specifically set forth herein, or as permitted by further order of the Court.

8.     None of the Litigants shall divulge, permit access to, or disseminate any Confidential/Public Safety Information produced by CDPH or Plaintiffs to any individuals or entities, unless expressly authorized to do so by the terms of this Order, or by further order of Court.

9.     The Parties agree that any information, as delineated in paragraph 3 above, shall be stamped, watermarked or otherwise denoted with the phrase "Confidential/Public Safety Information."

10.     Because of the sensitivity of the Confidential/Public Safety Information, all copies (electronic, hard copy, or otherwise) of documents containing or referring to Confidential/Public Safety Information produced shall bear the stamp or watermark set forth in paragraph 9.  No photocopies made may in any way alter, mar, or otherwise interfere with the confidentiality stamp or watermark, if any such alteration, marring or interfering with the confidentiality stamp or watermark occurs, those documents so destroyed and the method and date of destruction shall be reported to CDPH and Plaintiffs within 48 hours of said occurrence.  Any Litigant who makes photocopies of documents designated as "Confidential/Public Safety Information" must also keep track of all copies by recording in writing the number of copies, the Bates-Stamp numbers of the copied pages, who made the copies, and to whom the copies were provided.  Said information must be provided to CDPH

1   and Plaintiffs upon reasonable request.  Further, all copies of Confidential/Public Safety Information

2   in possession of the Litigants (other than the disclosing party) when not in actual use, shall be kept in

3   a secure facility and there shall be a list of individuals who have access to the secure facility housing

4   the Confidential/Public Safety Information.  Said information must also be provided to CDPH and

5   Plaintiffs upon reasonable request by either.  Nothing in this paragraph shall prevent the Litigants from

6   employing an electronic document management system for storing and distributing the documents,

7   provided the electronic copies bear a Bates stamp, a watermark, and access to the database is provided

8   only to those Litigants who have executed this Protective Order or to employees of the database

9   provider as necessary to maintain the database.

10          11.     Confidential/Public Safety Information may be used in depositions and marked as

11   deposition exhibits in this case, as long as the portions of the particular document which contain or

12   refer to Confidential/Public Safety Information are appropriately stamped "Confidential/Public Safety

13   Information" as set froth in paragraph 9 , and treated in accordance with this Order.

14          12.     Confidential/Public Safety Information may also be referred to in written discovery

15   requests and/or responses as long as the portions of the particular discovery document that contain or

16   refer to Confidential/Public Safety Information are appropriately stamped "Confidential/Public Safety

17   Information" as set forth in paragraph 9, and treated in accordance with this Order.

18          13.     Confidential/Public Safety Information may also be referred to in motions, briefs or

19   other papers filed with the Court in this case, as long as the portions of the particular document that

20   contain or refer to Confidential/Public Safety Information are appropriately stamped as

21   "Confidential/Public Safety Information" as set forth in paragraph 9, and treated in accordance with

22   this Protective Order.  The Litigants proposing the file or refer to such documents with the Court shall

23   first obtain appropriate orders as may be required under pertinent Eastern District of California Local

24   Rules (the "Local Rules").

25          14.     Confidential/Public Safety Information may be disclosed or referred to in testimony

26   at trial in the Action or offered in evidence at the trial of the Action subject to all applicable Rules of

27   Evidence.  The sealing of the record of any such proceedings shall be subject to the provisions of

28   Eastern District Local Rules.  The Litigants proposing to file or refer to such Confidential/Public

MARDEROSIAN,
RUNYON, CERCONE,
LEHMAN & ARMO
1260 Fulton Mall
Fresno, CA 93721

Safety Information shall either first seek an order for sealing of the Confidential/Public Safety Information pursuant to Eastern District Local Rule or provide CDPH and Plaintiffs thirty-five (35) days notice in advance of trial of intent to use such Confidential/Public Safety Information in order to give CDPH and Plaintiffs sufficient time to file a motion to seal such Confidential/Public Safety Information or take other action as it sees fit to protect the security of the information.

15.     The Litigants obtaining Confidential/Public Safety Information in discovery in the Action are the temporary custodians of the Confidential/Public Safety Information, and shall not grant possession of the Confidential/Public Safety Information to any other person or entity unless expressly authorized by the terms of this Order.

16.     Litigants with Confidential/Public Safety Information shall make every effort to limit the number of persons who view the information.  Subject to the terms and conditions of this Order, the Litigants may permit the following persons or entities to view the Confidential/Public Safety Information, if and only if such persons or entities must have the information to produce their required work product:

        a.     Counsel for the Litigants who are actively engaged in the conduct of this litigation including partners, associates, law clerks, paralegals, and secretaries employed or engaged by the Litigants;

        b.     Employees, officers or officials of the Litigants who have need for such information for purposes of the Action;

        c.     Employees of copy services and electronic database providers to the extent necessary to copy or maintain an electronic database of the Confidential/Public Safety Information;

        d.     Deposition witnesses in the Action, to the extent necessary for the witness' preparation for testimony;

        e.     Experts or consultants actually hired or retained and actually performing work for the Litigants for purposes of the Action, who in the ordinary course of their retention are required to review the Confidential/Public Security Information to prepare or formulate opinions or conclusions;

1        f.     Court reporters (except court reports employed or affiliated with the United

2        States District Court), persons monitoring video equipment at depositions and

3        any special master or discovery referee (except those employed or affiliated

4        with the United States District Court); and,

5        g.     Any person designated by the Court in the interest of justice, upon such terms

6        as the Court may deem proper.

7        17.     The Litigants shall take all reasonable and necessary measures to ensure that the

8   persons described in paragraph 16 above do not view any Confidential/Public Safety Information

9   unless and until they have:

10        a.     Read this Order and agreed to be bound by its term; and

11        b.     Completed and signed the Non-Disclosure Agreement ("Agreement") in the

12        form attached hereto as Exhibit "A".

13        18.     Each person described in paragraph 16 above who is to view the Confidential/Public

14   Safety Information agrees to be and is deemed to be within the personal jurisdiction of this Court,

15   including its contempt power, by signing a copy of the attached Agreement.

16        19.     The Litigants who are the temporary custodians of the Confidential/Public Safety

17   Information shall maintain an accurate and complete record of all persons described in paragraph 16

18   above who have been permitted to view the Confidential/Public Safety Information, and shall maintain

19   custody of the Agreements.  The Court on its own motion, or on the motion of any Party, may require

20   the production of the Agreements for inspection by the Court.

21        20.     Should any Litigant(s) become aware of any violation of this Order, said Litigant(s)

22   shall enforce this Order through applicable Eastern District Local Rules.  Further, the Litigant(s) agree

23   to the following:

24        a.     Fully cooperate with CDPH and Plaintiffs in determining the nature of the

25        breach of this Order and what methods have been invoked or changed to make

26        sure the breach does not occur again;

27        b.     Fully cooperate with CDPH and Plaintiffs in amending this Order as may be

28        necessary to provide assurances that the breach does not occur again;

MARDEROSIAN,
RUNYON, CERCONE,
LEHMAN & ARMO
1260 Fulton Mall
Fresno, CA 93721

1        c.      Fully cooperate with any law enforcement agency investigating the breach;

2                and,

3        d.      If a Litigant becomes aware of the review of information labeled

4                Confidential/Public Safety Information by person(s) not bound by this Order,

5                then Litigant will report such violation(s) to Plaintiffs and CDPH.

6        21.     Within thirty (30) days following the final conclusion of the Action, all Litigants shall

7   either return all Confidential/Public Safety Information or destroy all Confidential/Public Safety

8   Information.  Additionally, within thirty (30) days following the final conclusion of the Action, the

9   Court shall, upon request of any Party, make such further orders concerning the retention or return of

10  Confidential/Public Safety Information produced pursuant to the provisions of the Order as may be

11  appropriate.

12       22.     No Litigant shall disclose any portion of the subject matter or contents of the

13  Confidential/Public Safety Information to any person or entity not authorized hereunder, except to the

14  Court.

15       23.     Upon an alleged violation of this Order, any Party may seek relief from the Court.

16  Dated: July 23, 2008.                      DEPARTMENT OF HEALTH SERVICES
                                                DIVISION OF DRINKING WATER AND
17                                              ENVIRONMENTAL MANAGEMENT

18

19                                              By: _/s/ Catherine Ewing, Esq._____
                                                CATHERINE EWING
20                                              Senior Staff Counsel for CALIFORNIA
                                                DEPARTMENT OF PUBLIC HEALTH
21

22  Dated:  July 23, 2008.                      MARDEROSIAN, RUNYON, CERCONE
                                                 LEHMAN & ARMO
23

24

25                                              By: _/s/ Michael G. Marderosian, Esq.___
                                                MICHAEL G. MARDEROSIAN,
26                                              Attorney for Plaintiffs above named

27  ///

28  ///

MARDEROSIAN,
RUNYON, CERCONE,
LEHMAN & ARMO
1260 Fulton Mall
Fresno, CA 93721

1  Dated:  July 23, 2008.                    SHERNOFF, BIDART & DARRAS

2

3

4  By: /s/ Michael J. Bidart, Esq.
   MICHAEL J. BIDART,
   Attorneys for Plaintiffs above named

5

6  Dated:  July 23, 2008.                    LAW OFFICE OF JACK SILVER

7

8

9  By: /s/ Jack Silver, Esq.
   JACK SILVER,
   Attorneys for Plaintiffs above named

10

11  Dated:  July 23, 2008.                   GIRARDI & KEESE

12

13  By: /s/ Thomas V. Girardi, Esq.
    THOMAS V. GIRARDI
    Attorneys for Plaintiffs above named

14

15  Dated: July 23, 2008.                    LEWIS, BRISBOIS, BISGAARD & SMITH

16

17

18  By:  /s/ Joseph A. Salazar, Esq.
    JOSEPH A. SALAZAR
    Attorneys for Defendant, FRANKLIN
    COUNTY WATER DISTRICT

19

20  Dated: July 23, 2008.                    GREENFIELD-HARDY

21

22

23  By:  /s/ Robert H. Greenfield, Esq.
    ROBERT H. GREENFIELD
    Attorneys for Defendant, MERCED
    IRRIGATION DISTRICT

24

25  ///

26  ///

27  ///

28  ///

MARDEROSIAN,
RUNYON, CERCONE,
LEHMAN & ARMO
1260 Fulton Mall
Fresno, CA 93721

10

1    Dated:  July 23, 2008.                    LaMORE, BRAZIER, RIDDLE
                                                    & GIAMPAOLI
2

3
                                            By:  /s/ Thomas S. Brazier, Esq.
4                                                 THOMAS S. BRAZIER
                                                  Attorneys for Defendant, MERCED
5                                                 IRRIGATION DISTRICT

6
     Dated:  July 23, 2008.                    ALLEN, PROIETTI & FAGALDE
7

8
                                            By:  /s/ Terry L. Allen, Esq.
9                                                 TERRY L. ALLEN
                                                  Attorneys for Defendant, COUNTY OF
10                                                MERCED

11
     Dated: July 23, 2008.                     GREBEN & ASSOCIATES
12

13
                                            By:  /s/ Jan Adam Greben, Esq.
14                                                JAN ADAM GREBEN
                                                  Attorneys for Defendant, COUNTY OF
15                                                MERCED

16
     Dated:  July 23, 2008.                    BEST, BEST & KRIEGER
17

18
                                            By:  /s/ Gene Tanaka, Esq.
19                                                GENE TANAKA
                                                  Attorneys for Defendant, CITY OF
20                                                MERCED

21
     Dated:  July 23, 2008.                    McCORMICK, BARSTOW, SHEPPARD,
22                                                  WAYTE & CARRUTH

23

24                                          By:  /s/ Stephen E. Carroll, Esq.
                                                  STEPHEN E. CARROLL
25                                                Attorneys for Defendant,
                                                  RANCHWOOD HOMES CORP.
26

27   ///

28   ///

MARDEROSIAN,
RUNYON, CERCONE,
LEHMAN & ARMO
1260 Fulton Mall
Fresno, CA 93721

1    Dated:  July 23, 2008.                    BARG, COFFIN, LEWIS & TRAPP

2

3                                             By:  /s/ Stephen C. Lewis, Esq.
                                                  STEPHEN C. LEWIS
4                                                 Attorneys for Defendants, MERCK &
                                                  CO., INC.; AMSTED INDUSTRIES,
5                                                 INC.; and BALTIMORE AIRCOIL
                                                  COMPANY, INC.
6

7    Dated:  July 23, 2008.                    CREECH, LIEBOW & KRAUS

8

9                                             By:  /s/ Randall C. Creech, Esq.
                                                  RANDALL C. CREECH
10                                                Attorneys for Defendant, SANTA FE
                                                  AERO VISTA, LLC
11

12   Dated:  July 23, 2008.                    STEVENS. DRUMMOND & GIFFORD

13

14                                            By:  /s/ Gary Drummond, Esq.
                                                  GARY DRUMMOND
15                                                Attorneys for MEADOWBROOK
                                                  WATER COMPANY OF MERCED,
16                                                INC.

17

18

19                                    **ORDER**

20        IT IS SO ORDERED.

21   Dated: July 22, 2008.

22
                                              /s/ OLIVER W. WANGER
23                                            OLIVER W. WANGER
                                              Judge of the U. S. District Court
24                                            Eastern District of California

25

26

27

28

MARDEROSIAN,
RUNYON, CERCONE,
LEHMAN & ARMO
1260 Fulton Mall
Fresno, CA 93721                              12

1

**EXHIBIT "A"**

2

**NON-DISCLOSURE AGREEMENT**

3   I, _____ declare under penalty of perjury that:

4   1.  My address is

5   _____ .

6   2.  My present employer is

7   _____ .

8   3.  My present occupation or job description  is

9   _____.

10   4.  I HEREBY CERTIFY AND AGREE that I have read and understand the terms of

11 the Protective Order regarding documents produced by the California Department of Public Health

12 ("Order") in the matter of *Affholter, et al. v. Franklin County Water District, et al.,* United States District

13 Court, Eastern District of California Case Number 1:07-CV-0388 OWW DLB, that I will hold in

14 confidence and not disclose to anyone not bound by the Order any of the contents of any

15 confidential information received under the protection of the Order, and that I will comply with

16 and be bound by all of the terms and conditions of the Order.

17   5.  Upon completion of my work, I will return or destroy all confidential information

18 obtained.  I acknowledge that returning or destroying such materials shall not relieve me from any

19 of the continuing obligations imposed upon me by the Order.

20   6.  I hereby submit to the jurisdiction of this Court for the purpose of enforcement of

21 this Non-Disclosure Agreement.

22

23 Dated: _____   By: _____

24

25

26

27

28

MARDEROSIAN,
RUNYON, CERCONE,
LEHMAN & ARMO
1260 Fulton Mall
Fresno, CA 93721