IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABARCA, RAUL VALENCIA, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>MERCK & CO., INC., et al.,<br><br>Defendants. | 1:07cv0388 OWW DLB<br><br>ORDER GRANTING PLAINTIFFS'<br>MOTION TO COMPEL AND<br>AWARDING ATTORNEY'S FEES<br><br>(Document 219) |

Plaintiffs filed the instant motion to compel discovery responses from Defendant Meadowbrook Water Company of Merced, Inc. on December 10, 2008. The motion was heard on January 9, 2009, before the Honorable Dennis L. Beck, United States Magistrate Judge. Michael Marderosian and Brett Runyon appeared on behalf of Plaintiffs. Defendant Meadowbrook Water Company of Merced, Inc. did not appear.

**BACKGROUND**

The instant case involves the alleged discharge of pollutants from various public and private wastewater treatment, refuse, and disposal facilities, irrigation canals, and other facilities in Merced County. On December 30, 2008, Plaintiffs filed a Fifth Amended Complaint against multiple defendants, including Defendant Meadowbrook Water Company of Merced, Inc., for violations of the Clean Water Act [33 U.S.C. § 1251 *et seq.*], the Resource Conservation and Recovery Act [42 U.S.C. § 6901 *et seq.*], inverse condemnation by the public entity defendants, negligence, negligent maintenance, dangerous condition of public property, unreasonable flood barrier, negligent failure to

1

disclose, trespass, nuisance, concealment, wrongful death, negligent infliction of emotional distress-bystander theory, negligent infliction of emotional distress-fear of cancer and civil conspiracy.

On April 29, 2008, Plaintiffs served their Third Request for Production and Inspection of Documents to Defendant Meadowbrook.  Exhibit A to Declaration of Michael G. Marderosian in Support of Plaintiffs' Motion to Compel Discovery Responses ("Marderosian Dec.").  No responses were received.  Marderosian Dec., ¶ 2.

On May 6, 2008, Plaintiffs served their Fourth Request for Production and Inspection of Documents to Defendant Meadowbrook.  Exhibit B to Marderosian Dec.  No responses were received.  Marderosian Dec., ¶ 3.

On June 2, 2008, Plaintiffs served "Special Interrogatories, Set Two" on Defendant Meadowbrook.  Exhibit C to Marderosian Dec.  No responses were received.  Marderosian Dec., ¶ 4.

On September 19, 2008, Plaintiffs served "Requests for Admission."  Exhibit D to Marderosian Dec.  On October 22, 2008, Defendant Meadowbrook served responses to Plaintiffs' Requests for Admission.  Defendant Meadowbrook objected to each of the seven requests for admission as follows:

> Objection.  This request does not seek to establish facts, but, rather, the absence of facts; moreover, the request is argumentative in form and vague, ambiguous and incomprehensible by its incorporation of definitions requiring interpretation of separate documents and pleadings.

Exhibit G to Marderosian Dec.

On September 19, 2008, Plaintiffs served Special Interrogatories, Set Three, on Defendant Meadowbrook related to any denials of Plaintiffs' Requests for Admission.  Exhibit E to Marderosian Dec.  On October 22, 2008, Defendant Meadowbrook responded to the interrogatories.  Exhibit F to Marderosian Dec.  In response to two of the four special interrogatories, Defendant Meadowbrook asserted that the interrogatory required "no answer since the predicate [was] objectionable."  Exhibit F to Marderosian Dec.  In response to the two remaining interrogatories, Defendant Meadowbrook asserted "Not applicable" to one and objected to the other, stating the interrogatory "does not seek information, but, instead, seeks to compel defendant to do plaintiffs'

work." Exhibit F to Marderosian Dec.

On October 23, 2008, Plaintiffs served their Fifth Request for Production and Inspection of Documents to Defendant Meadowbrook. Exhibit H to Marderosian Dec. No responses were received. Marderosian Dec., ¶ 9.

Plaintiffs indicate that they have made numerous attempts to meet and confer to obtain responses, including efforts to obtain supplemental responses to the Requests for Admission, which would preserve Meadowbrook's objections, but would admit or deny the requests. Marderosian Dec., ¶¶ 10-11.

Plaintiffs filed the instant motion on December 10, 2008, seeking responses to the following:

1. Special Interrogatories, Set Two
2. Special Interrogatories, Set Three
3. Requests for Admission
4. Request for Production of Documents, Set Three
5. Request for Production of Documents, Set Four
6. Request for Production of Documents, Set Five

On December 10, 2008, Defendant Meadowbrook served its response to Plaintiffs' Request for Production of Documents, Set Five. On December 11, 2008, Defendant served its responses to the Request for Production of Documents, Sets Three and Four, along with responses to the Special Interrogatories, Set Two.

On December 31, 2008, Defendant Meadowbrook filed an opposition to the motion to compel.

Plaintiffs filed a reply on January 5, 2009. According to the reply, the remaining discovery issues involve the following: (1) Requests for Admission; (2) Special Interrogatories - Set Three; and (3) Request for Production of Documents, Sets Three and Four.

Plaintiffs seek attorneys' fees and costs as an appropriate sanction for Defendant's failure to respond to discovery.

**DISCUSSION**

Federal Rule of Civil Procedure 37 provides as follows:

(a) Motion for an Order Compelling Disclosure or Discovery.

>   (1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.
>   . . .
>
>   (5) Payment of Expenses; Protective Orders.
>
>   >   (A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted–or if the disclosure or requested discovery is provided after the motion was filed-the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>   >
>   >   >   (I) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>   >   >
>   >   >   (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>   >   >
>   >   >   (iii) other circumstances make an award of expenses unjust.
>   >   ...

(d) Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection.

>   (1) In General.
>
>   >   (A) Motion; Grounds for Sanctions. The court where the action is pending may, on motion, order sanctions if:
>   >
>   >   ....
>   >
>   >   (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.
>   >
>   >   (B) Certification. A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.

1.      Requested Discovery

Defendant Meadowbrook argues that Plaintiffs' Requests for Admission violate the

4

parameters of what is reasonably allowed by Rule 36(a).  To illustrate, Defendant refers to the first request it is asked to admit, inserting the definitions provided by Plaintiffs:

> Please admit that Meadowbrook Water Company of Merced, Inc., including all of its employees, agents, attorneys, accountants, investigators, consultants and anyone else acting on its behalf have never published, disseminated or distributed any form of written letter memorandum, flier, handout or other document to any of the plaintiffs advising them of any potential or existing physical illnesses, disease or maladies including but not limited to, those referred to in the Risk Assessments prepared by IT Corporation in April of 1994 and October of 1994, and in the April 1993 Closure Pan prepared by IT Corporation that may be associated with the environmental contamination referenced in the subject Fourth Amended Complaint as it relates to the former BAC facility.[1]

Defendant's Opposition to Plaintiffs' Motion to Compel, p. 2.

Defendant explains that the documents incorporated into the request for admission were prepared by IT Corporation, acting on behalf of Merck & Co, a defendant in this matter.  Defendant states that the April 1993 Closure Plan for the BAC-Pritchard Facility is 217 pages in length, the April 1994 Risk Assessment for the BAC Facility runs 135 pages and the October 1994 Risk Assessment for the BAC Facility is 225 pages, for a total of 577 pages.  Defendant also notes that Plaintiffs incorporated their Fourth Amended Complaint, a 112-page document with 44 pages devoted to the caption alone, which now has been superceded by a Fifth Amended Complaint. Defendant summarizes by stating, "[t]o frame a request for admission that requires analysis of a volume of material equal to *War and Peace* is a trespass on the rules of discovery."  Defendant's Opposition to Plaintiffs' Motion to Compel, p. 3.

Plaintiffs contend that the requests for admission do not ask for analysis of the Closure Plan

---

[1] Without insertion of the definitions, Plaintiffs' first request reads:

Please admit that YOU have never ISSUED any form of WRITTEN NOTICE to any of the plaintiffs advising them of any POTENTIAL HEALTH RISKS that may be associated with the SUBJECT ENVIRONMENTAL CONTAMINATION.

Exhibit D to Marderosian Dec., Request for Admission No. 1, p. 3.

5

or Risk Assessment, but instead ask whether not Defendant Meadowbrook issued any form of written notice to any of the Plaintiffs advising them of any potential health risks that might be associated with the presence of Hexavalent Chromium, arsenic or copper in water supplied by Meadowbrook. Plaintiffs' Reply, p. 4. The Court agrees. The Requests for Admission seek information admitting or denying whether notices were issued regarding potential health risks or devaluation of real property, not an analysis of the Closure Plan, Risk Assessment or other documents. Accordingly, Defendant Meadowbrook shall provide responses, without objection, to the Requests for Admission.

Plaintiffs' Special Interrogatories, Set Three, are based on any denials of the Requests for Admission. Accordingly, Defendant Meadowbrook shall provide responses, without objection, to the Special Interrogatories, Set Three.

Plaintiffs assert that although Defendant Meadowbrook responded to the Request for Production of Documents, Sets Three and Four, the responses were improper. Plaintiffs explain that their counsel wrote to counsel for Defendant Meadowbrook on December 18, 2008, indicating that the referenced documents were incomplete and had been deposited into the online repository incorrectly. At the hearing, Plaintiffs' counsel indicated that the documents were not in the repository. Accordingly, Defendant Meadowbrook shall deposit complete copies of the documents referred to in its responses to the Request for Production of Documents, Sets Three and Four, in the online repository.

2.   Attorneys' Fees.

Pursuant to Rule 37(a)(5), "if the motion is granted–or if the disclosure or requested discovery is provided after the motion was filed-the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

Here, Defendant Meadowbrook did not respond to the Requests for Production, Sets Three, Four and Five, until after Plaintiffs filed the instant motion to compel. In addition, the Court is

granting the motion to compel in connection with the Requests for Admission, Special Interrogatories - Set Three, and Requests for Production of Documents, Sets Three and Four. Accordingly, an award of attorneys' fees is appropriate pursuant to Fed. R. Civ. P. 37.

In his declaration submitted on December 10, 2008, attorney Michael Marderosian indicates that his normal hourly rate is $500 per hour and that he spent 7.3 hours researching and preparing the motion to compel. Marderosian Dec., ¶ 12. Mr. Marderosian anticipated that it would take an additional 3.5 hours to review Meadowbrook's opposition, prepare a reply and attend oral argument. Marderosian Dec., ¶ 12.

The Court finds Mr. Marderosian's billing rate to be high. In lieu of reducing the billing rate, the Court limits the award of attorneys' fees to the 7.3 hours spent in preparation of the motion, which totals $3,650.00 ($500 x 7.3).[2]

## CONCLUSION

As outlined above, Plaintiffs' motion is GRANTED in part. Defendant Meadowbrook shall provide responses, without objection, to the Requests for Admission and to the Special Interrogatories, Set Three. Defendant Meadowbrook also shall deposit complete copies of the documents referred to in its responses to the Request for Production of Documents, Sets Three and Four, in the online repository.

In addition, the Court AWARDS Plaintiffs the costs for preparing the motion in the amount of $3,650.00. Defendant Meadowbrook Water Company of Merced, Inc. shall pay this amount to Plaintiffs within twenty (20) days of the date of service of this order.

IT IS SO ORDERED.

Dated:   **January 20, 2009**              **/s/ Dennis L. Beck**
                                           UNITED STATES MAGISTRATE JUDGE

---

[2] It also is noted that the additional 3.5 hours, which was anticipated by Mr. Marderosian, is unsupported.