1

2

3

4

5

6             UNITED STATES DISTRICT COURT

7             EASTERN DISTRICT OF CALIFORNIA

8

9  ABARCA, RAUL VALENCIA, et al.,   )    1:07-cv-0388 OWW DLB
                                    )
10                 Plaintiffs,      )    SCHEDULING CONFERENCE ORDER
                                    )
11      v.                          )
                                    )
12  MERCK & CO., INC., et al.,      )
                                    )
13                                  )
                 Defendants.        )
14                                  )
                                    )
15  _____)

16

17  I.   Date of Scheduling Conference.

18       January 7, 2009.

19  II.  Appearances of Counsel.

20       Marderosian, Runyon, Cercone, Lehman & Armo by Michael G.

21  Marderosian, Esq., and Brett L. Runyon, Esq., appeared on behalf

22  of Plaintiffs.

23       Shernoff, Bidart, Daras & Echeverria by Michael J. Bidart,

24  Esq., appeared on behalf of Plaintiffs.

25       Girardi & Keese by Thomas V. Girardi, Esq., and Thomas

26  Johnston, Esq., appeared on behalf of Plaintiffs.

27       Lewis, Brisbois, Bisgaard & Smith by Joseph A. Salazar,

28  Esq., appeared on behalf of Defendant Franklin County Water

                          1

1  District.

2      Greenfield-Hardy by Alexander Hardy, Esq., appeared on

3  behalf of Defendants Merced Irrigation District and Merced

4  Drainage District No. 1.

5      Allen, Proietti & Fagalde by Terry L. Allen, Esq., and

6  Greben & Associates by Jan A. Greben, Esq., appeared on behalf of

7  Defendant County of Merced.

8      McCormick, Barstow, Sheppard, Wayte & Carruth by Stephen E.

9  Carroll, Esq., and Chapman, Glucksman, Dean, Roeb & Barger by

10  Glenn Barger, Esq., appeared on behalf of Defendants Ranchwood

11  Homes Corporation, RW Properties, RW Contractors, Hostetler

12  Investments, LLC, El Capitan Estates, LLC, Hollywood Park

13  Estates, LLC, and Ranchwood Management.

14      Barg Coffin Lewis & Trapp, LLP, by John F. Barg, Esq.,

15  Stephen C. Lewis, Esq., and R. Morgan Gilhuly, Esq., appeared on

16  behalf of Defendants Merck & Co., Inc., Amsted Industries, Inc.,

17  Baltimore Aircoil Company, Inc., and Track Four, Inc.

18      Stevens, Brummond & Gifford by Gary Drummond, Esq., appeared

19  on behalf of Defendant Meadowbrook Water Company of Merced, Inc.

20  III.  Fifth Amended Complaint and Defendants' Responsive

21       Pleadings/Motions.

22      1.   On December 30, 2008, Plaintiffs filed their Fifth

23  Amended Complaint.  Defendants' responses to the Fifth Amended

24  Complaint shall be due February 9, 2009.  To the extent that

25  Defendants respond by way of motion, Plaintiffs' oppositions to

26  any such motions shall be due February 24, 2009.  Defendants'

27  replies shall be due March 3, 2009.  Defendants' motions with

28  respect to the Fifth Amended Complaint will be heard at 10:00

2

1  a.m. on March 16, 2009, in Courtroom 3.

2  IV.   The Proposed Addition of Three Plaintiffs.

3       1.   In Plaintiffs' Supplement to Joint Scheduling

4  Conference Statement dated December 22, 2008 ("Plaintiffs'

5  Supplement"), they propose that Carlos Sanchez, Maria Sanchez,

6  and Carla Sanchez be reinstated and/or joined as Plaintiffs in

7  this action.   The parties have agreed that Plaintiffs' Supplement

8  will be deemed a motion to amend for purposes of this issue.   Any

9  opposition by Defendants to such motion shall be due February 9,

10 2009.   Any Plaintiffs' reply in support of said motion shall be

11 due February 24, 2009.   Plaintiffs' motion will be heard at 10:00

12 a.m. on March 16, 2009, in Courtroom 3.

13 V.   Amended Case Schedule.

14      1.   In addition to scheduling the matters in Sections III

15 and IV above, the Court and the parties engaged in a lengthy

16 discussion regarding trial scheduling and trial process.   The

17 Court, after considering the comments of the parties, and

18 acknowledging that the schedule may change depending on the

19 parties' progress in preparing the case for trial, set the

20 following dates:

21      a.   Trial is presently set to begin at 9:00 a.m. on

22 November 23, 2010, in Courtroom 3.

23      b.   In anticipation of this trial date, the Court sets

24 the following dates by which certain pre-trial activities should

25 be completed:

26      (1)   February 28, 2009, - no later than this date

27 Plaintiffs will designate ten test Plaintiffs for trial.

28      (2)   April 30, 2009 - no later than this date

3

1 │ Defendants will designate ten test Plaintiffs for trial.

2 │                (3)   March 1, 2010 - Plaintiffs designate expert

3 │ witnesses and submit expert reports pursuant to Federal Rule of

4 │ Civil Procedure 26(a)(2).

5 │                (4)   April 1, 2010 - Defendants designate expert

6 │ witnesses and submit expert reports pursuant to Federal Rule of

7 │ Civil Procedure 26(a)(2).

8 │                (5)   May 1, 2010 - the parties designate

9 │ supplemental or rebuttal experts and submit expert reports

10 │ pursuant to Federal Rule of Civil Procedure 26(a)(2).

11 │                (6)   June 30, 2010 - all percipient and expert

12 │ witness discovery will be completed.

13 │                (7)   July 13, 2010, 10:00 a.m. - the parties will

14 │ attend a settlement conference before Magistrate Judge Dennis L.

15 │ Beck in Courtroom 9.

16 │                (8)   July 15, 2010 - all non-dispositive motions

17 │ of the parties must be filed by this date.

18 │                (9)   July 30, 2010 - all dispositive motions of

19 │ the parties must be filed by this date.

20 │                (10)  August 20, 2010 - hearing date for non-

21 │ dispositive motions.

22 │                (11)  September 13, 2010 - hearing date for

23 │ dispositive motions.

24 │                (12)  October 18, 2010, 11:00 a.m. - Pretrial

25 │ Conference in Courtroom 3.

26 │ VI.  Miscellaneous Issues Regarding Trial Witness Disclosures and

27 │     Trial of Test Plaintiffs.

28 │     1.   Any witness who will be called to testify at trial,

1  including any Plaintiff who is not designated as a test

2  Plaintiff, must be disclosed by the party intending to call such

3  witness at trial on or before January 31, 2010.  Any person not

4  so disclosed will not be allowed to testify as a trial witness.

5       2.   In the event any test Plaintiff identified by Defendant

6  is dismissed at any time prior to the start of trial, Defendants

7  shall have the opportunity and a reasonable amount of time to

8  select a substitute Plaintiff and complete reasonable discovery

9  related to that Plaintiff.

10      3.   The Court presently envisions that one trial of twenty

11 test Plaintiffs, ten selected by Plaintiffs and ten selected by

12 Defendants, will be sufficient to resolve all liability claims as

13 to all Plaintiffs.  Plaintiffs similarly contemplate only one

14 trial of twenty test Plaintiffs.  In light of the diversity of

15 Plaintiffs' claims, including timing and location of residence in

16 allegedly affected neighborhoods, differences in personal injury

17 and property damage claims, the diversity of Defendants, and

18 other variables, at this stage of the proceedings Defendants

19 believe that it is impractical to assume that liability and

20 damage determinations as to twenty test Plaintiffs can or should

21 determine the outcome of the more than 2,180 remaining

22 Plaintiffs.  If necessary, the matters of issue and claim

23 preclusive effect of such a trial shall be raised by motion to be

24 filed by October 1, 2009, and heard November 30, 2009, in

25 Courtroom 3 at 10:00 a.m.

26      4.   In the event a Plaintiff in the initial trial of test

27 Plaintiffs obtains findings of liability, compensatory damages,

28 and malice, oppression or fraud as to one or more Defendants, the

1  same jury that made such findings will also determine the amount,

2  if any, of punitive damages.  At this point, it is unclear

3  whether it would be proper for a different jury in a subsequent

4  phase of trial to make any determination concerning either the

5  appropriateness or the amount of punitive damages based on the

6  findings of a jury that sat in a prior phase of trial.

7       5.     This Order is without prejudice to the right of any

8  party to move to sever claims and/or parties and/or to separately

9  try issues, and/or bifurcate the proceedings.  Any objections to

10  the matters set forth in this Scheduling Order are preserved by

11  the parties, and the Court will address such objections as

12  appropriate during the course of these proceedings.

13       6.     The Court will hold a further scheduling conference to

14  evaluate the status of discovery, to evaluate the uniqueness or

15  similarity of the Plaintiffs' claims, and to assess the various

16  claims, parties, and theories of liability that remain in the

17  case.  The Court may determine with the parties at that time

18  whether any modifications or adjustments to the above pre-trial

19  and trial schedule are appropriate.  At that time, the Court,

20  with the assistance of the parties, may also evaluate and decide

21  the issue of whether a second group of test Plaintiffs should be

22  designated, or whether such designation should await completion

23  of the first trial, and it may also determine preliminary

24  procedures for any contemplated second trial.  That further

25  scheduling conference shall be held on November 30, 2009, at

26  11:00 a.m. in Courtroom 3.

27

28  IT IS SO ORDERED.

6

1    **Dated:    January 27, 2009**                        **/s/ Oliver W. Wanger**
                                                    UNITED STATES DISTRICT JUDGE

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28