IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL VALENCIA ABARCA, et al., </br></br> Plaintiffs, </br></br> vs. </br></br> MERCK & CO., INC., et al., </br></br> Defendants. | 1:07cv0388 OWW DLB </br></br> ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO COMPEL DEPOSITIONS OF CERTAIN PLAINTIFFS </br></br> (Document 378) |

Defendant County of Merced filed the instant motion to compel the depositions of certain plaintiffs and motion to compel depositions of out-of-state plaintiffs in Fresno on April 16, 2009. The motion was heard on May 8, 2009, before the Honorable Dennis L. Beck, United States Magistrate Judge. Michael Marderosian, Brett Runyon and Heather Cohen appeared on behalf of Plaintiffs. Jan Greben and Terry Allen appeared on behalf of Defendant County of Merced. Gene Tanaka appeared on behalf of Defendant City of Merced. Joseph Salazar appeared on behalf of Defendant Franklin County Water District. John Kinsey appeared on behalf of Defendants Merck & Co., Inc., Amsted Industries, Inc., Baltimore Aircoil Company, Inc., and Track Four, Inc.

**BACKGROUND**

The instant case involves the alleged discharge of pollutants from various public and private wastewater treatment, refuse, and disposal facilities, irrigation canals, and other facilities in Merced

1

County. The case includes federal environmental claims and state tort causes of action and involves some 2,000 plaintiffs.

A Scheduling Conference Order requires Plaintiffs and Defendants each to designate 10 "test" plaintiffs for the first phase of trial. (Doc. 243). The designation dates were extended by agreement of counsel to require Plaintiffs to designate on April 30, 2009, and Defendants to designate on June 30, 2009. (Doc. 330).

On April 16, 2009, Defendant County of Merced filed a notice of the instant motion seeking to compel the depositions of 74 named plaintiffs. County also moved to enforce an agreement by Plaintiffs' counsel to produce out-of-state Plaintiffs for deposition in Fresno.[1] County based its motion on the grounds that the identified Plaintiffs had failed to appear for deposition as noticed and/or had failed to schedule their depositions as agreed to by Plaintiffs' counsel. Defendants City of Merced, Merck & Co., Inc., Amsted Industries, Inc., Baltimore Aircoil Company, Inc., Track Four, Inc., Merced Irrigation District, Merced Drainage District No. 1 and Franklin County Water District also joined in the motion to compel. (Joint Statement of Discovery Dispute, p. 2; Docs. 379, 382, 384, 387).

On May 4, 2009, the parties filed their joint statement of discovery dispute. (Doc. 402).

## DISCUSSION

Federal Rule of Civil Procedure 37 provides as follows:

(a) Motion for an Order Compelling Disclosure or Discovery.

    (1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.
. . .

(d) Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection.

    (1) In General.

---

[1] Defendants have not pursued the motion to compel the production of out-of-state Plaintiffs for deposition in Fresno. The Court deems it WITHDRAWN.

        (A) Motion; Grounds for Sanctions. The court where the action is pending may, on motion, order sanctions if:

            (i) a party or a party's officer, director, or managing agent--or a person designated under Rule 30(b)(6) or 31(a)(4)--fails, after being served with proper notice, to appear for that person's deposition; or

            (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

        (B) Certification. A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.

By this motion, Defendant seeks to compel 74 plaintiffs to appear for their depositions. The parties explain that in February 2009 they agreed to extend the deadlines for each side to designate their ten "test plaintiffs" and also agreed to "double tracking" depositions of plaintiffs. The parties further agreed that beginning sometime in March depositions would proceed three days a week (Monday-Wednesday) with four depositions per day and during the last two weeks of June, depositions would proceed four days a week (Monday-Thursday) with four depositions per day.

In a letter dated February 24, 2009, defense counsel memorialized the agreement for noticing such depositions, in relevant part, as follows:

    1.    [Defendants] will shortly send to you a list of plaintiffs that we wish to depose from when this process begins in March through the end of June. With this list we will forward a deposition notice that will include the dates and time for each deposition we are scheduling for this period of time. You will then fill in the notice with the names of the proposed plaintiff deponents on dates and times that are convenient for your clients. Within ten days of your receipt of our deposition notice and list, you will provide us with the names of the plaintiffs and where they fit in the proposed schedule for at least the first two weeks of depositions, filling in the rest of the deposition slots within the following thirty days.

    2.    Assuming that you will dismiss some of the plaintiffs on our list, you will promptly advise us as you make that determination so that we can provide substitute plaintiffs. The additional names we will provide will be added to the end of the deposition schedule, at times that are convenient to them.

    3.    After the schedule is set up, should additional plaintiffs be dismissed, then you will provide five business days notice of such action and make effort to move up later noticed deponents to fill this time. Defendants will then provide additional names to replace the dismissed plaintiffs.

Exhibit C to Declaration of Jan Greben (Letter dated February 24, 2009, from Jan Greben to Michael

G. Marderosian).

On March 10, 2009, defense counsel forwarded to Plaintiffs' counsel a list of 184 plaintiffs that Defendants' wished to depose and that would complete the deposition schedule through June 2009. Defendants assert that there are approximately 50 plaintiffs from this list that have not been accounted for by Plaintiffs or that have not been scheduled for depositions in May and June 2009. Defendants complain that no reason has been provided as to why all Plaintiffs noticed on March 10 for deposition have yet to be accounted for or why this was not done by April 10.

Plaintiffs indicate that time slots for plaintiff depositions are filled through May 27, 2009, and several slots have been filled in June 2009. Plaintiffs also contend that Defendants misrepresent the number of depositions that have not been scheduled. Plaintiffs contend that only 34 plaintiffs remain to be scheduled for deposition.

In opposition to the motion to compel, Plaintiffs primarily assert that the motion is premature because it seeks to compel depositions that the plaintiffs have agreed to attend and have not yet missed. Plaintiffs aver that at no time has their counsel advised that any plaintiff would not be made available for deposition. At oral argument, Plaintiffs' counsel agreed to account for all remaining depositions by June 1, 2009.

Fed. R. Civ. P. 37(d) concerns the failure to appear at deposition. As there has been no indication that the remaining plaintiffs have failed (or refused) to attend their scheduled depositions at this time, the motion to compel is premature and is DENIED WITHOUT PREJUDICE.[2] The motion also is denied based on representations by Plaintiffs' counsel that all plaintiffs remaining to be scheduled would be accounted for by June 1, 2009.

IT IS SO ORDERED.

Dated: **May 11, 2009** /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE

---

[2] Insofar as Defendants seek an order regarding the length of depositions, the request also is DENIED WITHOUT PREJUDICE as premature. There is no indication that Plaintiffs have refused any request to re-depose a plaintiff whose deposition could not be completed during the time period allotted by the "double tracked" schedule (approximately 3-4 hours for each deposition).

4