# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABARCA, RAUL VALENCIA, *et al.*,<br><br>                Plaintiffs,<br><br>    v.<br><br>FRANKLIN COUNTY WATER DISTRICT,<br><br>                Defendants. | 1:07-CV-0388 OWW DLB<br><br>MEMORANDUM DECISION AND ORDER RE CITY OF MERCED (DOC. 263), COUNTY OF MERCED (DOC. 283), AND MADERA IRRIGATION DISTRICT, ET AL.'S (DOC. 273), AND FRANKLIN COUNTY WATER DISTRICT'S (DOC. 284) MOTION TO DISMISS STATE LAW CLAIMS AS TO CERTAIN PLAINTIFFS FOR FAILURE TO COMPLY WITH THE CALIFORNIA TORT CLAIMS ACT AND MOTION TO DISMISS THE THIRTEENTH CLAIM FOR NEGLIGENT MAINTENANCE AGAINST PUBLIC ENTITY DEFENDANTS. |

Before the court for decision are separate motions to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by the City of Merced ("City"), Doc. 263, County of Merced ("County"), Doc. 283, Merced Irrigation District, *et al.* ("MID"), Doc. 273, and Franklin County Water District ("FCWD"), Doc. 284, asserting that: (1) certain state law claims brought by certain Plaintiffs should be dismissed for failure to comply with the California Tort Claims Act's ("CTCA") claim presentation requirement; and (2) that the thirteenth claim for negligent maintenance against the City, the County, and MID should be dismissed because the CTCA bars claims for common law tort liability against public entities. Although the four motions

1

raise identical grounds and cite identical legal authority, they attach separate, unique lists of Plaintiffs from whom each moving public entity claims it never received relevant CTCA claims.

Plaintiffs oppose the motions, arguing: (1) under Federal Rule of Civil Procedure 12(g), the public entity defendants are estopped from raising the arguments set forth in their motions, as those arguments could have and should have been raised in their prior Rule 12 motions; (2) the court's judicial resources should not be wasted reviewing these motions, which could have been avoided through good faith meet and confer efforts; (3) Defendants should not benefit from an "expedited" briefing schedule; (4) even if the court were to take judicial notice of the thousands of claims presented by defendants, their motions must nonetheless be denied as they fail to establish that no other claims were filed by the same plaintiffs; and (5) in the event the court intends to rule on the substantive merits of Defendants' motions to dismiss under the CTCA, Plaintiffs request a 60-day extension to provide a substantive response. Doc. 311.

At oral argument, the parties agreed to attempt to resolve these motions by stipulation. Accordingly, the motions are DENIED WITHOUT PREJUDICE. Should the parties fail to reach agreement, Defendants may re-notice their motions.

SO ORDERED
Dated: May 18, 2009

                                          /s/ Oliver W. Wanger
                                             Oliver W. Wanger
                                     United States District Judge