UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABARCA, RAUL VALENCIA, et al.,<br><br>    Plaintiff,<br><br>    v.<br><br>MERCK & CO., *et al.*,<br><br>    Defendant. | 1:07-CV-0388 OWW DLB<br><br>MEMORANDUM DECISION DENYING FCWD'S MOTION FOR SUMMARY JUDGMENT RE FLOOD-RELATED CALIFORNIA TORT CLAIMS ACT CLAIMS |

    Before the court for decision is Defendant Franklin County Water District's ("FCWD") motion for summary judgment, converted from a previously-filed motion to dismiss, concerning Plaintiffs' flood-related claims under the California Tort Claims Act ("CTCA").  *See* Doc. 284, 423, 473.  Specifically, FCWD argues it is entitled to summary judgment on Plaintiffs Thirteenth, Fourteenth, and Eighteenth Claims for Relief because they exceed the scope of the nine sets of CTCA claims submitted to FCWD by Plaintiffs.  Doc. 284 at 4.

    Prior to filing suit under the CTCA, a Plaintiff must properly present his or her claim to the relevant public agency

1

pursuant to California Government Code § 910, which provides:

> A claim shall be presented by the claimant or by a person acting on his or her behalf and shall show all of the following:
>
> a) The name and post office address of the claimant;
>
> b) The post office address to which the person presenting the claim desires notices to be sent;
>
> c) The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted;
>
> d) The general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim;
>
> e) The name or names of the public employee or employees causing the injury, damage or loss, if known; and
>
> f) The amount claimed if it totals less then ten thousand ($10,000) as of the date of presentation of the claim, ... If the amount claimed exceeds $10,000, no dollar amount shall be included in the claim. However, it shall indicate whether the claim would be a limited civil case.

A claim that provides the above information satisfies the claims presentation requirement, even if it omits other information requested on a claim form. *Blair v. Superior Court*, 218 Cal. App. 3d 221, 225 (1990). Technical defects will not invalidate a claim, so long as there has been substantial compliance with the claims filing requirement. *Phillips v. Desert Hospital District,* 49 Cal. 3d 699, 706 (1989).  The test as to whether a claim has substantially complied with the Government Code requirements, is whether sufficient information

2

is disclosed to "enable a public entity to investigate and evaluate the claim to determine whether settlement is appropriate." *Id*.

Within twenty (20) days after a claim has been presented, the public entity may give the claimant written notice of any substantial defects or omissions that prevent the claim from complying substantially with requirements of Government Code § 911. *See* Cal. Gov. Code § 910.8. A public entity that fails to provide such notice, waives any defense based upon a defect or omission within the claim. *Martinez v. County of Los Angeles*, 78 Cal. App. 3d 242, 245 (1978); *Phillips*, 49 Cal. 3d at 705.

In *Crow v. State of California*, 222 Cal. App. 3d 192, (1990), two of plaintiff's four causes of action were barred by the CTCA because they exceeded the scope of the claims submitted through the claim presentation process. The plaintiff, who was a student at a state university, was assaulted by another student in a dormitory. *Id*. at 197. The plaintiff's third and fourth causes of action, which were based on contract and alleged that the university breached the dormitory residence agreement in not providing a reasonably safe and secure environment, did not fall within the scope of the claim presented, which described the assault and alleged that the university knew the student was dangerous, but did not mention the contract with the university, or allege any special relationship between the plaintiff and the

3

university because of the contract.  *Id*.  This was insufficient "to give the public entity the opportunity to evaluate the merit and extent of its liability."  *Id*. at 202.

The first group of claims presented to FCWD by Plaintiffs list the date of accident/incident/loss as "on or about April 4, 2006, and continuing," and describe the incident as follows:

> FCWD controls, constructed or authorized the construction of a sewage plant adjacent to a portion of channel known as El Capitan/Black Rascal Creek. The sewage plant is in violation of federal and state regulations in that contaminants have over time escaped into adjacent public water ways and contaminated property including that of claimant. Further, the sewage plant has in the past and continues to discharge sewage to surface and groundwater in close proximity to claimant's property so as to interfere with claimant's use and enjoyment of his/her property.

FWCD's Request for Judicial Notice ("RJN"), Doc. 285, at Exhs. A-C.  The resulting damage and injury is described as follows:

> Damage and injury to property and person, including but not limited to personal injury, emotional distress, fear of illness, medial monitoring, exposure to contaminants and toxins, damage to structures, loss of use, loss of income, loss of business good will and profits, loss of animals, relocation costs, restoration costs, repair costs, remedial costs, cleanup costs, investigative costs to determine nature and extent of damages, including future costs associated with same, diminution in value, stigma damages, mitigation costs, past, present and future.

*Id*.

FWCD asserts that the flood claims included in the currently-operative complaint exceed the scope of the underlying CTCA claim, which does not mention the word "flood" or

4

"flooding."  Doc. 284 at 5.  Plaintiffs rejoin that the claims specifically list the date of the flood, April 4, 2006, and continuing, as the date of loss.  Plaintiffs argue that "FCWD certainly was aware of the flooding that occurred on April 4, 2006, in Merced."  Doc. 423 at 5.  Plaintiffs emphasize that they "are not making a claim, nor have ever made the claim that FCWD somehow caused the flooding event or contributed in any significant manner to the volume of water which ultimately made its way on to plaintiffs' property. Rather, plaintiffs' theory of liability against FCWD has always centered around the release of sewage contamination from the facility that made its way into El Capitan Canal and Black Rascal Creek, and ultimately released onto plaintiffs' property at various times, including during the flooding event in April 2006."  *Id.*  This allegation is arguably covered by the claim's assertion that "on or about April 4, 2006, and continuing.... contaminants have over time escaped into adjacent public water ways [from the sewage plant] and contaminated property including that of claimant."  This put FWCD on notice that Plaintiffs were claiming that FCWD maintained and operated a sewage treatment plant to effect releases of contaminants which damaged Plaintiffs' property.  FWCD was also on noticed that the flood event was one possible mechanism by which contaminants from its sewage facility could have been carried onto Plaintiffs' property.

FWCD also complains about the following language from the claims: "[T]he sewage plant has in the past and continues to discharge sewage to surface and groundwater in close proximity of claimant's property so as to interfere with claimants' use and enjoyment of his/her property." *See* Doc. 473 at 2. FWCD argues that this does not state that Plaintiffs' property was actually impacted. But, other portions of the claim indicate that Plaintiffs' property was actually "contaminated" by the escaped sewage. The flood claims fall within the scope of the CTCA claims presented to FCWD, and permitted FCWD to investigate, evaluate, and defend against Plaintiffs' claims.

FCWD's motion for summary judgment is DENIED.

SO ORDERED

Dated:  July 15, 2009

                                         /s/ Oliver W. Wanger
                                            Oliver W. Wanger
                                   United States District Judge