
JOHN F. BARG (SBN 60230; jfb@bcltlaw.com)
STEPHEN C. LEWIS (SBN 66590; scl@bcltlaw.com)
R. MORGAN GILHULY (SBN 133659; rmg@bcltlaw.com)
DONALD E. SOBELMAN (SBN 184028; des@bcltlaw.com)
KATHRYN L. OEHLSCHLAGER (SBN 226817; klo@bcltlaw.com)
BARG COFFIN LEWIS & TRAPP, LLP
350 California St., 22nd Floor
San Francisco, California 94104-1435
Telephone: (415) 228-5400
Fax: (415) 228-5450

TIMOTHY JONES (SBN 119841; tjones@sjhattorneys.com)
SCOTT D. LAIRD (SBN 190122; slaird@sjhattorneys.com)
JOHN P. KINSEY (SBN 215916; jkinsey@sjhattorneys.com)
SAGASER, JONES & HELSLEY
2445 Capitol Street, Second Floor
Fresno, California 93721
Telephone: (559) 233-4800
Fax: (559) 233-9330

Attorneys for Defendants Merck & Co., Inc., Amsted Industries, Inc., Baltimore Aircoil Company, Inc., and Track Four, Inc.

FILED
JUL 29 2009
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
By _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABARCA, RAUL VALENCIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MERCK & CO., INC., et al.,<br><br>Defendants. | Case No. 1:07-cv-00388-OWW-DLB<br><br>**STIPULATION FOR ENTRY OF PROTECTIVE ORDER RE: CONFIDENTIAL DOCUMENTS** |

1  WHEREAS, plaintiffs propounded to Defendants Merck and Co., Inc. ("Merck") and
2  Amsted Industries, Inc. ("Amsted") discovery requests seeking production of documents,
3  information, and/or tangible objects which contain sensitive, confidential, and proprietary
4  business information (*see* specific list of documents at Exhibit A, hereinafter the "Confidential
5  Documents").

## GOOD CAUSE STATEMENT

7  WHEREAS, good cause exists for the Court to enter this Protective Order, as it is
8  necessary to protect confidential and proprietary business information of defendants.
9  WHEREAS, the Court's entry of this Protective Order will ensure that the Confidential
10  Documents will not be publicly disseminated or revealed in a manner that would compromise or
11  injure Merck and Amsted's business interests.
12  WHEREAS, in order to facilitate discovery and preserve the confidentiality of the
13  Confidential Documents, the parties stipulate to and request that the Court enter the following
14  Protective Order governing the production, disclosure, and use of the Confidential Documents.

## STIPULATION

16  IT IS HEREBY STIPULATED by and between plaintiffs and defendants, through their
17  respective attorneys as follows:
18  1.  When used in this Protective Order ("Order"), the word "Parties" means all parties
19  and their attorneys of record in the following matter: *Abarca, et al. v. Merck & Co., Inc., et al.*,
20  United States District Court, Eastern District of California Case Number 1:07-CV-0388 OWW
21  DLB ("Action").
22  2.  No Party shall disclose any Confidential Document, any portion of any
23  Confidential Document, or any portion of the subject matter or contents of any Confidential
24  Document which is not already contained in any document not subject to this Protective Order, to
25  any person or entity, except as set forth herein. The Parties receiving Confidential Documents in
26  discovery in the Action are the temporary custodians of the Confidential Documents. All
27  Confidential Documents shall be used by the Parties to whom such information is disclosed
28  solely for the prosecution, defense, or settlement of the Action and shall not be used for any other

BARG
COFFIN
LEWIS &
TRAPP
ATTORNEYS
LLP

1  purpose including, but not limited to, any other litigation, whether in this Court or otherwise,
2  except as permitted by further order of the Court.
3      3.     The producing party shall stamp, watermark, or otherwise mark each Confidential
4  Document with the following phrase ("Confidentiality Stamp"):
5      **CONFIDENTIAL:  This document is subject to the [date] Protective**
6      **Order entered by the United States District Court for the Eastern**
7      **District of California in *Abarca, et al. v. Merck & Co., Inc., et al.* (Case**
8      **Number 1:07-CV-0388 OWW DLB)**
9      4.     All copies (electronic, hard copy, or otherwise) of Confidential Documents
10 produced shall bear the Confidentiality Stamp.  No copies made may in any way alter, mar, or
11 otherwise interfere with the Confidentiality Stamp, and if any such alteration, marring or
12 interfering with the Confidentiality Stamp occurs, those copies shall be destroyed and the method
13 and date of destruction shall be reported to Merck and Amsted within 48 hours of said
14 occurrence.  Any Party who makes photocopies of Confidential Documents must also keep track
15 of all copies by recording in writing the number of copies, the Bates-Stamp numbers of the
16 copied pages, who made the copies, and to whom the copies were provided.  Said information
17 must be provided to Merck and Amsted upon reasonable request.  Further, all copies of
18 Confidential Documents in possession of the Parties (other than the disclosing party) when not in
19 actual use, shall be kept in a secure facility and there shall be a list of individuals who have
20 access to the secure facility housing the Confidential Documents.  Said information must also be
21 provided to Merck and Amsted upon reasonable request.  Nothing in this paragraph shall prevent
22 the Parties from employing an electronic document management system for storing and
23 distributing the documents, provided the electronic copies bear a Bates stamp, a Confidentiality
24 Stamp, and access to the database is provided only to those Parties who have executed this
25 Protective Order or to employees of the database provider as necessary to maintain the database.
26     5.     Confidential Documents may be used in depositions and marked as deposition
27 exhibits in this case, as long as the portions of the particular document which contain or refer to
28 Confidential Documents bear the Confidentiality Stamp and are treated in accordance with this

BARG
COFFIN
LEWIS &
TRAPP
ATTORNEYS
LLP

1  Order.

2  6. Confidential Documents may also be referred to in written discovery requests and/or responses as long as the portions of the particular discovery document that contain or refer to Confidential Documents bear the Confidentiality Stamp and are treated in accordance with this Order.

7. Confidential Documents may also be referred to in motions, briefs or other papers filed with the Court in this case, as long as the portions of the particular document that contain or refer to the content of Confidential Documents bear the Confidentiality Stamp and are treated in accordance with this Order. The Parties proposing to file or refer to Confidential Documents with the Court shall first obtain appropriate orders as may be required under pertinent Eastern District of California Local Rules (the "Local Rules").

8. Confidential Documents may be disclosed or referred to in testimony at trial in the Action or offered in evidence at the trial of the Action subject to all applicable Rules of Evidence. The sealing of the record of any such proceedings shall be subject to the provisions of the Local Rules and further order of the Court. The Parties proposing to file or refer to such Confidential Documents shall either first seek an order sealing the Confidential Documents pursuant to the Local Rules or provide Merck and Amsted thirty-five (35) days notice in advance of trial of intent to use such Confidential Documents in order to give Merck and Amsted sufficient time to file a motion to seal such Confidential Documents or take other action as they deem necessary to protect the Confidential Documents.

9. Subject to the terms and conditions of this Order, the Parties may disclose Confidential Documents to the Court and Court employees, and to the following persons or entities, to the extent necessary for purposes of litigation in the Action:

   a. Counsel for the Parties who are actively engaged in the conduct of the Action, including partners, associates, law clerks, paralegals, and secretaries employed or engaged by the Parties;

   b. Employees, officers, or officials of the Parties who have need for such information for purposes of the Action;

    c.     Employees of copy services and electronic database providers, but only to the extent necessary to copy or maintain an electronic database of the Confidential Documents;

    d.     Deposition witnesses in the Action, to the extent necessary for the witnesses' preparation for and giving of testimony;

    e.     Experts or consultants hired or retained by the Parties or their counsel and actually performing work for the Parties for purposes of the Action, who in the ordinary course of their retention are required to review the Confidential Documents to prepare or formulate opinions or conclusions; and

    f.     Court reporters, videographers, and any special master or discovery referee.

10.     The Parties shall take all reasonable and necessary measures to ensure that the persons described in paragraph 9 (b) through (f) above do not view any Confidential Documents unless and until they have:

    a.     Read this Order and agreed to be bound by its term; and

    b.     Completed and signed the Non-Disclosure Agreement ("Agreement") in the form attached hereto as Exhibit B.

11.     Each person described in paragraph 9 above who is to view the Confidential Documents agrees to be and is deemed to be within the personal jurisdiction of this Court, including its contempt power, by signing a copy of the attached Agreement.

12.     The Parties who receive Confidential Documents shall maintain an accurate and complete record of all persons described in paragraphs 9 (b) through (f) above who have been permitted to view the Confidential Documents, and shall maintain custody of the Agreements and produce them for inspection by Merck and Amsted upon reasonable notice.

13.     Should any Party become aware of any violation of this Order, such Party may enforce this Order as provided in the applicable Local Rules. Further, the Parties agree to:

    a.     Fully cooperate with Merck and Amsted in determining the nature of the breach of this Order and take reasonable precautions to assure that the breach does not reoccur;

    b.     Fully cooperate with Merck and Amsted in amending this Order as may be necessary to provide assurances that the breach does not reoccur;

1  c. Fully cooperate with any law enforcement agency investigating the breach; and

2  d. Immediately report any violation(s) of this Order to Merck and Amsted;

3  14. Within thirty (30) days following the final conclusion of the Action, all Parties shall either return or destroy all Confidential Documents.

5  15. Nothing herein shall preclude the Parties from entering into stipulations or other agreements relating to the confidentiality of proprietary information, including the Confidential Documents.

Dated: July 1, 2009

MARDEROSIAN, RUNYON, CERCONE, LEHMAN & ARMO

By: /s/ Michael Marderosian
    MICHAEL MARDEROSIAN

Attorneys for Plaintiffs above named

Dated: July 1, 2009

LEWIS, BRISBOIS, BISGAARD & SMITH

By: /s/ Joseph A. Salazar
    JOSEPH A. SALAZAR

Attorneys for Defendant, FRANKLIN COUNTY WATER DISTRICT

Dated: July 1, 2009

GREENFIELD-HARDY

By: /s/ Robert H. Greenfield
    ROBERT H. GREENFIELD

Attorneys for Defendant, MERCED IRRIGATION DISTRICT

| | |
|---|---|
| Dated: July 1, 2009 | ALLEN, PROIETTI & FAGALDE |
| | By: /s/ Terry L. Allen |
| |      TERRY L. ALLEN |
| | Attorneys for Defendant, COUNTY OF MERCED |
| Dated: July 1, 2009 | GREBEN & ASSOCIATES |
| | By: /s/ Jan Adam Greben |
| |      JAN ADAM GREBEN |
| | Attorneys for Defendant, COUNTY OF MERCED |
| Dated: July 1, 2009 | BEST, BEST & KRIEGER |
| | By: /s/ Gene Tanaka |
| |      GENE TANAKA |
| | Attorneys for Defendant, CITY OF MERCED |
| Dated: July 1, 2009 | CHAPMAN, GLUCKSMAN & DEAN |
| | By: /s/ Glen Barger |
| |      GLEN BARGER |
| | Attorneys for Defendant RANCHWOOD HOMES CORP. |

Dated: July 1, 2009

BARG COFFIN LEWIS & TRAPP, LLP

By: /s/ Stephen C. Lewis
STEPHEN C. LEWIS

Attorneys for Defendants, MERCK & CO., INC.; AMSTED INDUSTRIES, INC.; BALTIMORE AIRCOIL COMPANY, INC.; and TRACK FOUR, INC.

Dated: July 1, 2009

STEVENS, DRUMMOND & GIFFORD

By: /s/ Gary Drummond
GARY DRUMMOND

Attorneys for Defendants MEADOWBROOK WATER COMPANY OF MERCED, INC.

**ORDER**

IT IS SO ORDERED.

Dated: 7-28-09

OLIVER W. WANGER
Judge of the U.S. District Court
Eastern District of California

# EXHIBIT A

Abarca et al. v. Merck et al.
Documents Subject to Protective Order

| Date of Document | Identity and Position of Author | Identity and Position of Recipients | Identity and Position of Copyee | Description of Document | No. of Pgs. | Withheld Documents |
|---|---|---|---|---|---|---|
| 4/1/1985 | Amsted Industries, Inc.; Baltimore Aircoil Company, Inc.; Merck & Co., Inc. | Amsted Industries, Inc.; Baltimore Aircoil Company, Inc.; Merck & Co., Inc. | | Excerpt from Master Agreement as of April 1, 1985 | 4 | To Be Produced Subject to Protective Order |
| 1/10/2005 | TRC Companies, Inc. | Merck & Co., Inc. | | Presentation re: exit strategy liability transfer for BAC facility | 27 | Proprietary Trade Secret - To Be Produced Subject to Protective Order |
| 1/21/2005 | M. Faecher, Vice President of TRC Companies, Inc.; D. C. Padgett, C. E. G., Project Director for TRC Companies, Inc. | K. S. Marran, Sourcing Manager for Merck & Co., Inc.; J. Grillo, Senior Project Engineer for Merck & Co., Inc. | M. Salmon, Senior Vice President of TRC Companies, Inc. | Letter re: Merck Request for Proposal (RFP) for environmental liability transfer | 49 | Proprietary Trade Secret - To Be Produced Subject to Protective Order |
| 1/21/2005 | TRC Companies, Inc. | Merck & Co., Inc. | | Exit strategy proposal re: BAC facility | 50 | Proprietary Trade Secret - To Be Produced Subject to Protective Order |
| 10/24/2005 | T. T. Van Ness | K. S. Marran, Sourcing Manager for Merck & Co., Inc.; W. P. Hamilton, Engineering Associate for Merck & Co., Inc.; B. M. Kuder, General Counsel for Merck & Co., Inc.; W. F. Lavosky, Project Manager for Merck & Co., Inc.; J. Grillo, Senior Project Engineer for Merck & Co., Inc.; T. T. Van Ness | | E-mail re: meeting regarding Merced, with attachment of final GRIP agreement | 46 | To Be Produced Subject to Protective Order |
| 10/28/2005 | ARCADIS G&M, Inc.; Merck & Co., Inc. | | | GRIP Agreement Amendment No. 1 | 32 | To Be Produced Subject to Protective Order |
| 11/28/2005 | ARCADIS G&M, Inc.; Merck & Co., Inc. | | | Excerpt from GRIP agreement | 27 | To Be Produced Subject to Protective Order |
| 5/15/2006 | K. S. Marran, Sourcing Manager for Merck & Co., Inc. | B. M. Kuder, General Counsel for Merck & Co., Inc. | J. Grillo, Senior Project Engineer for Merck & Co., Inc. | 2:43 p.m. e-mail re: negotiating terms of ARCADIS agreement amendment | 6 | To Be Produced Subject to Protective Order |
| 00/00/0000 | Merck & Co., Inc.; Baltimore Aircoil Company, Inc.; Amsted Industries, Inc. | Merck & Co., Inc.; Baltimore Aircoil Company, Inc.; Amsted Industries, Inc. | | Excerpt from Master Agreement as of April 1, 1985 | 4 | To Be Produced Subject to Protective Order |
| 00/00/0000 | Merck & Co., Inc.; Baltimore Aircoil Company, Inc.; Amsted Industries, Inc. | Merck & Co., Inc.; Baltimore Aircoil Company, Inc.; Amsted Industries, Inc. | | Master Agreement Dated as of April 1, 1985 Among Merck & Co., Inc., Merck Holdings, Inc., Baltimore Aircoil-ChemvIron N.V./S.A., Merck Sharp & Dohme (International) Ltd. And Amsted Industries Incorporated | | To Be Produced Subject to Protective Order |
| 00/00/0000 | Unknown | | | 1/18/2005 discussion draft of TRC exit strategy contract, with handwritten notes and revisions by J. Grillo | 19 | Proprietary Trade Secret - To Be Produced Subject to Protective Order |

**EXHIBIT A**

Abarca et al. v. Merck et al.
Documents Subject to Protective Order

| Date of Document | Identity and Position of Author | Identity and Position of Recipients | Identity and Position of Copyee | Description of Document | No. of Pgs. | Withheld Documents |
|---|---|---|---|---|---|---|
| 00/00/0000 | W. P. Hamilton, Director, Remediation & Due Diligence for Merck & Co., Inc. | N. Speizer, Engineer/Project Manager/Director of Engineering for Merck & Co., Inc.; B. M. Kuder, General Counsel for Merck & Co., Inc.; J. Grillo, Senior Project Engineer for Merck & Co., Inc. | | Forwarding TRC exit strategy proposal | 7 | Proprietary Trade Secret - To Be Produced Subject to Protective Order |
| 00/00/0000 | ELM Investments, LLC | | | Presentation re: introduction to guaranteed fixed price remediation | 14 | Proprietary Trade Secret - To Be Produced Subject to Protective Order |
| 00/00/0000 | Shaw Environmental & Infrastructure, Inc. | | | Shaw Environmental Liability Solutions pamphlet | 4 | Proprietary Trade Secret - To Be Produced Subject to Protective Order |
| 00/00/0000 | TRC Companies, Inc. | | | TRC Exit Strategy Program pamphlet | 40 | Proprietary Trade Secret - To Be Produced Subject to Protective Order |
| 00/00/0000 | Unknown | | | Excerpt from draft GRIP Agreement | 3 | To Be Produced Subject to Protective Order |
| 00/00/0000 | ARCADIS G&M, Inc.; Merck & Co., Inc. | | | GRIP Agreement | 180 | To Be Produced Subject to Protective Order |
| 00/00/0000 | ARCADIS G&M, Inc. | | | Forms relating to ARCADIS contract | 26 | To Be Produced Subject to Protective Order |
| 00/00/0000 | ARCADIS G&M, Inc.; Merck & Co., Inc. | | | Excerpt from GRIP agreement | 35 | To Be Produced Subject to Protective Order |
| 00/00/0000 | Zurich Insurance Company; ARCADIS | | | Insurance documents related to ARCADIS contract | 32 | To Be Produced Subject to Protective Order |
| 00/00/0000 | Zurich Insurance Company | | | Conditional Default Substitution Endorsement related to ARCADIS contract | 27 | To Be Produced Subject to Protective Order |
| 3/8/2007 | | | | 9:21 am e-mail attaching final GRIP agreement | 1 | To Be Produced Pursuant to Protective Order |
| 2/3/2004 | | | | Merck GRIP Contract 02-03-04.doc (Word) | 26 | To Be Produced Pursuant to Protective Order |
| 9/1/2004 | | | | Merck Due Diligence Agreement TRC.doc (Word) | 4 | To Be Produced Pursuant to Protective Order |
| 1/21/2005 | | | | ARCADIS Rev page 46.pdf (Adobe Reader) | 1 | To Be Produced Pursuant to Protective Order |
| 1/21/2005 | | | | ARCADIS proposa 050121.pdf (Adobe Reader) | 65 | To Be Produced Pursuant to Protective Order |
| 1/21/2005 | | | | TRC Exit Strategy proposal 01 21 05.pdf (Adobe Reader) | 49 | To Be Produced Pursuant to Protective Order |
| 3/17/2005 | | | | Merck GRIP Contract 02-03-041 BK edits 3/8/05.doc (Word) | 26 | To Be Produced Pursuant to Protective Order |
| 4/3/2005 | | | | ARCADIS standard escrow agreement.doc (Word) | 8 | To Be Produced Pursuant to Protective Order |
| 4/11/2005 | | | | TRC Revised Insurance Proposal 4-8-05.pdf (Adobe Reader) | 3 | To Be Produced Pursuant to Protective Order |
| 4/12/2005 | | | | Merck DRAFT STF ECL Manuscript Form 041105.pdf (Adobe Reader) | 18 | To Be Produced Pursuant to Protective Order |
| 4/12/2005 | | | | Merck draft RSL SOW 04 11 05.pdf (Adobe Reader) | 4 | To Be Produced Pursuant to Protective Order |
| 4/12/2005 | | | | RSL policy draft 041105.pdf (Adobe Reader) | 11 | To Be Produced Pursuant to Protective Order |
| 5/27/2005 | | | | Merck DRAFT STF ECL Manuscript Form 052605.pdf (Adobe Reader) | 18 | To Be Produced Pursuant to Protective Order |
| 5/27/2005 | | | | RSL draft SIR Endorsement 052605.pdf (Adobe Reader) | 11 | To Be Produced Pursuant to Protective Order |
| 5/27/2005 | | | | RSL policy draft 052605.pdf (Adobe Reader) | 11 | To Be Produced Pursuant to Protective Order |
| 11/21/2005 | | | | Merck ESCROW FINAL 11-8.doc (Word) | 13 | To Be Produced Pursuant to Protective Order |
| 12/7/2005 | | | | Zurich Binder - Revised.pdf (Adobe Reader) | 7 | To Be Produced Pursuant to Protective Order |
| 1/18/2006 | | | | ARCADIS Addendum.pdf (Adobe Reader) | 11 | To Be Produced Pursuant to Protective Order |
| 2/2/2006 | | | | Merck GRIP Contract.pdf (Adobe Reader) | 65 | To Be Produced Pursuant to Protective Order |
| 5/15/2006 | | | | Merck Amendment #1.rev 1.doc (Word) | 1 | To Be Produced Pursuant to Protective Order |
| 5/15/2006 | | | | Merck Amendment #1.rev.doc (Word) | 1 | To Be Produced Pursuant to Protective Order |

Abarca et al. v. Merck et al.
Documents Subject to Protective Order

| Date of Document | Identity and Position of Author | Identity and Position of Recipients | Identity and Position of Copyee | Description of Document | No. of Pgs. | Withheld Documents |
|---|---|---|---|---|---|---|
| 5/31/2006 | | | | Merck draft RSL SOW 05 26 05.pdf (Adobe Reader) | 4 | To Be Produced Pursuant to Protective Order |
| 9/6/2006 | | | | GRIP FINAL 11-8 + Amsted Add.doc (Word) | 45 | To Be Produced Pursuant to Protective Order |
| 9/7/2006 | | | | GRIP FINAL 11-8 Amsted Add.doc (Word) | 45 | To Be Produced Pursuant to Protective Order |
| 9/14/2006 | | | | GRIP FINAL 11-8 Amsted Add1.doc (Word) | 45 | To Be Produced Pursuant to Protective Order |
| 12/7/2006 | | | | Table 4 Revised Proposed Site Cleanup Goals.pdf (Adobe Reader) | 1 | To Be Produced Pursuant to Protective Order |
| 3/9/2007 | | | | GRIP Contract FINAL 11-8.doc (Word) | 44 | To Be Produced Pursuant to Protective Order |
| 3/9/2007 | | | | Merck GRIP Contract FINAL 11-8.doc (Word) | 44 | To Be Produced Pursuant to Protective Order |
| 11/7/2006 | | | | ARCADIS GM BAC Am 1 MSA CDA.pdf | 32 | To Be Produced Pursuant to Protective Order |
| 11/28/2005 | | | | ARCADIS GM BAC Escrow Ag with Attachments.pdf | 27 | To Be Produced Pursuant to Protective Order |
| 11/28/2005 | | | | ARCADIS GM BAC Insurance Info 2 of 2.pdf | 32 | To Be Produced Pursuant to Protective Order |
| 11/28/2005 | | | | Arcados GM BAC Att I-IV.pdf | 35 | To Be Produced Pursuant to Protective Order |
| 12/17/2007 | | | | Merced GRiP Amendment No 2 FINAL.pdf | 2 | To Be Produced Pursuant to Protective Order |
| 11/14/2005 | ARCADIS G&M, Inc.; Merck & Co., Inc. | | | GRiP Agreement | 46 | To Be Produced Subject to Protective Order |
| 11/28/2005 | ARCADIS G&M, Inc.; Merck & Co., Inc. | | | GRiP Agreement Amendment No. 2 | 2 | To Be Produced Subject to Protective Order |
| 10/28/2005 | ARCADIS G&M, Inc.; Merck & Co., Inc. | | | GRiP Agreement Amendment No. 1 | 2 | To Be Produced Subject to Protective Order |
| 00/00/0000 | Zurich Insurance Company; ARCADIS | | | Draft insurance documents related to GRIP Agreement | 4 | To Be Produced Subject to Protective Order |
| 9/23/2005 | Zurich Insurance Company; ARCADIS | | | Draft insurance documents related to GRIP Agreement | 4 | To Be Produced Subject to Protective Order |
| 5/26/2005 | Zurich Insurance Company; ARCADIS | | | Draft insurance documents related to GRIP Agreement, with handwritten notes by J. Grillo | 4 | To Be Produced Subject to Protective Order |
| 4/11/2005 | Zurich Insurance Company; ARCADIS | | | Draft insurance documents related to GRIP Agreement, with handwritten notes by J. Grillo | 4 | To Be Produced Subject to Protective Order |
| 12/2/2005 | Zurich Insurance Company; ARCADIS | | | Insurance documents related to GRIP Agreement | 25 | To Be Produced Subject to Protective Order |
| (received) 4/25/2007 | Zurich Insurance Company; ARCADIS | | | Insurance documents related to GRIP Agreement | 5 | To Be Produced Subject to Protective Order |
| 11/28/2005 | ARCADIS G&M, Inc.; Merck & Co., Inc. | | | Folder containing GRIP Agreement | 65 | To Be Produced Subject to Protective Order |
| 1/21/2005 | ARCADIS G&M, Inc.; Merck & Co., Inc. | | | Proposed GRIP Agreement | 71 | To Be Produced Subject to Protective Order |
| 11/26/2005 | ARCADIS G&M, Inc.; Merck & Co., Inc. | | | Excerpt from GRIP Agreement | 3 | To Be Produced Subject to Protective Order |
| 12/21/2005 | | | | Merck Policy.pdf (attached to 9/15/06 email, [e-mail has been produced]) | 39 | To Be Produced Pursuant to Protective Order |
| 12/21/2005 | | | | Zurich Binder Revsied.pdf (attached to 12/6/05 e-mail, [e-mail has been produced]) | 7 | To Be Produced Pursuant to Protective Order |
| 3/25/2005 | | | | Merck GRiP Contract 3-25.doc (attached to 3/25/05 e-mail, [e-mail has been produced]) | 38 | To Be Produced Pursuant to Protective Order |
| 3/25/2005 | | | | Merck GRiP Contract 3-24 DRAFT edits.doc (attached to 3/24/05 e-mail, bates MER-P 004322) | 38 | To Be Produced Pursuant to Protective Order |
| 2/3/2004 | | | | Merck GRiP Contract 02-03-041.doc (attached to 3/18/05 e-mail, [e-mail has been produced]) | 28 | To Be Produced Pursuant to Protective Order |
| 2/3/2004 | | | | Merck GRiP Contract 02-03-04.doc (attached to 2/06/05 e-mail, [e-mail has been produced]) | 26 | To Be Produced Pursuant to Protective Order |

Abarca et al. v. Merck et al.
Documents Subject to Protective Order

| Date of Document | Identity and Position of Author | Identity and Position of Recipients | Identity and Position of Copyee | Description of Document | No. of Pgs. | Withheld Documents |
|---|---|---|---|---|---|---|
| 2/3/2004 | | | | Merck GRiP Contract 02-03-04.doc (attached to 2/06/05 e-mail, [e-mail has been produced]) | 26 | To Be Produced Pursuant to Protective Order |
| 1/21/2005 | | | | TRC/Merck Exit Strategy Proposal 01 21 05.pdf (attached to 1/21/05 e-mail, [e-mail has been produced]) | 49 | To Be Produced Pursuant to Protective Order |
| 1/21/2005 | | | | Merck Rev. page 46.pdf (attached to 1/21/05 email, (attached to 1/21/05 e-mail, [e-mail has been produced]) | 1 | To Be Produced Pursuant to Protective Order |
| 1/21/2005 | | | | ARCADIS proposal to Merck-Former BAC Facility.pdf (attached to 1/21/05 e-mail, [e-mail has been produced]) | 65 | To Be Produced Pursuant to Protective Order |
| 9/23/2004 | ARCADIS G&M, Inc.; Merck & Co., Inc. | | | 4:48 am e-mail attaching GRIP agreement [e-mail withheld] | 28 | To Be Produced Subject to Protective Order |
| 1/21/2005 | ARCADIS G&M, Inc. | Merck & Co., Inc. | | ARCADIS environmental remediation proposal re: former BAC facility | 65 | To Be Produced Subject to Protective Order |
| 1/21/2005 | ARCADIS G&M, Inc. | Merck & Co., Inc. | | ARCADIS Rev page 46 [attached to 1/21/2005 12:48 pm e-mail] | 1 | To Be Produced Subject to Protective Order |
| 1/21/2005 | TRC Companies, Inc. | Merck & Co., Inc. | | TRC Exit Strategy proposal | 49 | To Be Produced Subject to Protective Order |
| 2/3/2004 | ARCADIS G&M, Inc.; Merck & Co., Inc. | ARCADIS G&M, Inc.; Merck & Co., Inc. | | Draft GRIP agreement 02-03-04 [attached to 2/6/2005 7:52 am e-mail, withheld] | 25 | To Be Produced Subject to Protective Order |
| 2/3/2004 | ARCADIS G&M, Inc.; Merck & Co., Inc. | ARCADIS G&M, Inc.; Merck & Co., Inc. | | Draft GRIP agreement 02-03-04 [attached to 2/23/2005 8:01 am e-mail, withheld] | 25 | To Be Produced Subject to Protective Order |
| 2/3/2004 | ARCADIS G&M, Inc.; Merck & Co., Inc. | ARCADIS G&M, Inc.; Merck & Co., Inc. | | Draft GRIP agreement 02-03-04 [attached to 5/7/2005 11:42 am e-mail, withheld] | 26 | To Be Produced Subject to Protective Order |
| 00/00/0000 | ARCADIS G&M, Inc. | | | Escrow Agreement | 8 | To Be Produced Subject to Protective Order |
| 4/8/2004 | TRC Companies, Inc. | Merck & Co., Inc. | | TRC Exit Strategy proposal | 3 | To Be Produced Subject to Protective Order |
| 00/00/0000 | Zurich Insurance Company; ARCADIS | | | Insurance documents related to ARCADIS contract | 51 | To Be Produced Subject to Protective Order |
| 00/00/0000 | ARCADIS G&M, Inc.; Merck & Co., Inc. | | | Revised Section 4 of GRIP agreement | 2 | To Be Produced Subject to Protective Order |
| 00/00/0000 | Zurich Insurance Company; ARCADIS | | | Insurance documents related to ARCADIS contract | 4 | To Be Produced Subject to Protective Order |
| 00/00/0000 | Zurich Insurance Company; ARCADIS | | | Insurance documents related to ARCADIS contract | 16 | To Be Produced Subject to Protective Order |

Abarca et al. v. Merck et al.
Documents Subject to Protective Order

| Date of Document | Identity and Position of Author | Identity and Position of Recipients | Identity and Position of Copyee | Description of Document | No. of Pgs. | Withheld Documents |
|---|---|---|---|---|---|---|
| 4/1/1985 | Merck & Co., Inc.; Baltimore Aircoil Company, Inc.; Amsted Industries, Inc. | Merck & Co., Inc.; Baltimore Aircoil Company, Inc.; Amsted Industries, Inc. | | Excerpt from Master Agreement as of April 1, 1985 | 4 | To be Produced Pursuant to Protective Order |
| 4/1/1985 | Merck & Co., Inc.; Baltimore Aircoil Company, Inc.; Amsted Industries, Inc. | Merck & Co., Inc.; Baltimore Aircoil Company, Inc.; Amsted Industries, Inc. | | Excerpt from Master Agreement as of April 1, 1985 | 2 | To be Produced Pursuant to Protective Order |
| 4/1/1985 | Merck & Co., Inc.; Baltimore Aircoil Company, Inc.; Amsted Industries, Inc. | Merck & Co., Inc.; Baltimore Aircoil Company, Inc.; Amsted Industries, Inc. | | Excerpt from Master Agreement as of April 1, 1985 | 1 | To be Produced Pursuant to Protective Order |
| 4/1/1985 | Merck & Co., Inc.; Baltimore Aircoil Company, Inc.; Amsted Industries, Inc. | Merck & Co., Inc.; Baltimore Aircoil Company, Inc.; Amsted Industries, Inc. | | Excerpt from Master Agreement as of April 1, 1985 | 1 | To be Produced Pursuant to Protective Order |
| 4/1/1985 | Merck & Co., Inc.; Baltimore Aircoil Company, Inc.; Amsted Industries, Inc. | Merck & Co., Inc.; Baltimore Aircoil Company, Inc.; Amsted Industries, Inc. | | Excerpt from Master Agreement as of April 1, 1985 | 1 | To be Produced Pursuant to Protective Order |
| 4/1/1985 | Merck & Co., Inc.; Baltimore Aircoil Company, Inc.; Amsted Industries, Inc. | Merck & Co., Inc.; Baltimore Aircoil Company, Inc.; Amsted Industries, Inc. | | Excerpt from Master Agreement as of April 1, 1985 | 1 | To be Produced Pursuant to Protective Order |
| 4/1/1985 | Merck & Co., Inc.; Baltimore Aircoil Company, Inc.; Amsted Industries, Inc. | Merck & Co., Inc.; Baltimore Aircoil Company, Inc.; Amsted Industries, Inc. | | Excerpt from Master Agreement as of April 1, 1985 | 1 | To be Produced Pursuant to Protective Order |
| 4/1/1985 | Merck & Co., Inc.; Baltimore Aircoil Company, Inc.; Amsted Industries, Inc. | Merck & Co., Inc.; Baltimore Aircoil Company, Inc.; Amsted Industries, Inc. | | Excerpt from Master Agreement as of April 1, 1985 | 2 | To be Produced Pursuant to Protective Order |
| 4/1/1985 | Merck & Co., Inc.; Baltimore Aircoil Company, Inc.; Amsted Industries, Inc. | Merck & Co., Inc.; Baltimore Aircoil Company, Inc.; Amsted Industries, Inc. | | Excerpts from Master Agreement as of April 1, 1985 | 8 | To be Produced Pursuant to Protective Order |
| 4/1/1985 | Merck & Co., Inc.; Baltimore Aircoil Company, Inc.; Amsted Industries, Inc. | Merck & Co., Inc.; Baltimore Aircoil Company, Inc.; Amsted Industries, Inc. | | Master Agreement as of April 1, 1985 | 84 | To be Produced Pursuant to Protective Order |

Abarca et al. v. Merck et al.
Documents Subject to Protective Order

| Date of Document | Identity and Position of Author | Identity and Position of Recipients | Identity and Position of Copyee | Description of Document | No. of Pgs. | Withheld Documents |
|---|---|---|---|---|---|---|
| 5/15/1985 | T. C. Berg, General Counsel for Amsted Industries, Inc. | C. E. Bouton, Attorney for Amsted Industries, Inc.; E. J. Brosius, Asst. General Counsel for Amsted Industries, Inc.; A. W. Goetschel, Chairman, President, and Chief Executive Officer for Amsted Industries, Inc.; G. D. Marsch, for Amsted Industries, Inc.; T. J. Peterman, Asst. General Counsel for Amsted Industries, Inc. | O. J. Sopranos, Vice President of Amsted Industries, Inc.; W. D. Romoser, General Counsel for Amsted Industries, Inc.; G. K. Walter, for Amsted Industries, Inc. | Schedules to 1985 Master Amsted/BAC Purchase Agreement, with 5/15/85 memorandum re same | 187 | To be Produced Pursuant to Protective Order |
| 1/21/2005 | TRC Companies, Inc. | Merck & Co., Inc. | | Exit Strategy Proposal (RFP) of former BAC Facility Merced, CA | 50 | To be Produced Pursuant to Protective Order |
| 1/21/2005 | TRC Companies Inc. | Merck & Co., Inc. | | Exit Strategy Proposal (RFP) of former BAC Facility Merced, CA | 50 | To be Produced Pursuant to Protective Order |
| 1/21/2005 | TRC Companies, Inc. | Merck & Co., Inc. | | Exit Strategy Proposal (RFP) of former BAC Facility Merced, CA | 52 | To be Produced Pursuant to Protective Order |
| 1/21/2005 | ARCADIS G&M, Inc. | K. Marran, Sourcing Manager for Merck & Co., Inc. | | Proposal for the Remediation and Liability Assumption-Former BAC Facility, Merced | 56 | To be Produced Pursuant to Protective Order |
| 1/21/2005 | ARCADIS G&M, Inc. | K. Marran, Sourcing Manager for Merck & Co., Inc. | | Proposal for the Remediation and Liability Assumption-Former BAC Facility, Merced | 56 | To be Produced Pursuant to Protective Order |
| 1/21/2005 | ARCADIS G&M, Inc. | K. Marran, Sourcing Manager for Merck & Co., Inc. | | Proposal for the Remediation and Liability Assumption-Former BAC Facility, Merced | 71 | To be Produced Pursuant to Protective Order |
| 2/6/2005 | P. Newman, Director of the Commercial Guaranteed Remediation Program for ARCADIS | B. M. Kuder, General Counsel for Merck & Co., Inc. | K. Marran, Sourcing Manager for Merck & Co., Inc.; W. P. Hamilton, Engineering Associate for Merck & Co., Inc.; F. Lenzo, Vice President of ARCADIS G&M, Inc. | 10:52 am e-mail attaching and requesting legal counsel regarding ARCADIS draft GRIP agreement re: BAC facility | 28 | To be Produced Pursuant to Protective Order |
| 2/6/2005 | P. Newman, Director of the Commercial Guaranteed Remediation Program for ARCADIS | B. M. Kuder, General Counsel for Merck & Co., Inc. | K. Marran, Sourcing Manager for Merck & Co., Inc.; W. P. Hamilton, Engineering Associate for Merck & Co., Inc.; F. Lenzo, Vice President of ARCADIS G&M, Inc. | 10:52 am e-mail attaching and requesting legal counsel regarding ARCADIS draft GRIP agreement re: BAC facility | 28 | To be Produced Pursuant to Protective Order |
| 4/12/2005 | P. Newman, Director of the Commercial Guaranteed Remediation Program for ARCADIS | K. Marran, Sourcing Manager for Merck & Co., Inc. | F. Lenzo, Vice President of ARCADIS G&M, Inc. | 7:17 pm e-mail attaching insurance underlying GRIP agreement | 35 | To be Produced Pursuant to Protective Order |
| 10/26/2006 | | Baltimore Aircoil Company, Inc. | | Certificate of Liability Insurance Forms underlying ARCADIS Agreement | 3 | To be Produced Pursuant to Protective Order |

Abarca et al. v. Merck et al.
Documents Subject to Protective Order

| Date of Document | Identity and Position of Author | Identity and Position of Recipient | Identity and Position of Copyee | Description of Document | No. of Pgs. | Withheld Documents |
|---|---|---|---|---|---|---|
| 10/26/2006 | | Amsted Industries, Inc. | | Certificate of Liability Insurance Forms underlying ARCADIS Agreement | 4 | To be Produced Pursuant to Protective Order |
| 10/26/2006 | | Baltimore Aircoil Company, Inc. | | Certificate of Liability Insurance Forms underlying ARCADIS Agreement | 2 | To be Produced Pursuant to Protective Order |
| 10/26/2006 | | Baltimore Aircoil Company, Inc. | | Certificate of Liability Insurance Forms underlying ARCADIS Agreement | 2 | To be Produced Pursuant to Protective Order |
| 10/26/2006 | | Amsted Industries, Inc. | | Certificate of Liability Insurance Forms underlying ARCADIS Agreement | 2 | To be Produced Pursuant to Protective Order |
| 10/26/2006 | | Amsted Industries, Inc. | | Certificate of Liability Insurance Forms underlying ARCADIS Agreement | 2 | To be Produced Pursuant to Protective Order |
| 10/26/2006 | | Baltimore Aircoil Company, Inc. | | Certificate of Liability Insurance Forms underlying ARCADIS Agreement | 3 | To be Produced Pursuant to Protective Order |
| 10/26/2006 | | Amsted Industries, Inc. | | Certificate of Liability Insurance Forms underlying ARCADIS Agreement | 4 | To be Produced Pursuant to Protective Order |
| 5/29/2007 | | Baltimore Aircoil Company, Inc. | | Certificate of Liability Insurance Forms underlying ARCADIS Agreement | 2 | To be Produced Pursuant to Protective Order |
| 5/29/2007 | | Amsted Industries, Inc. | | Certificate of Liability Insurance Forms underlying ARCADIS Agreement | 2 | To be Produced Pursuant to Protective Order |
| 12/19/2007 | | Baltimore Aircoil Company, Inc. | | Certificate of Liability Insurance Forms underlying ARCADIS Agreement | 2 | To be Produced Pursuant to Protective Order |
| 12/19/2007 | | Amsted Industries, Inc. | | Certificate of Liability Insurance Forms underlying ARCADIS Agreement | 2 | To be Produced Pursuant to Protective Order |
| 5/20/2008 | | Baltimore Aircoil Company, Inc. | | Certificate of Liability Insurance Forms underlying ARCADIS Agreement | 2 | To be Produced Pursuant to Protective Order |
| 5/20/2008 | | Baltimore Aircoil Company, Inc. | | Certificate of Liability Insurance Forms underlying ARCADIS Agreement | 2 | To be Produced Pursuant to Protective Order |
| 00/00/0000 | ARCADIS G&M, Inc.; Merck & Co., Inc. | ARCADIS G&M, Inc.; Merck & Co., Inc. | | GRIP agreement Amendment No. 2 | 2 | To be Produced Pursuant to Protective Order |
| 00/00/0000 | ARCADIS G&M, Inc.; Merck & Co., Inc. | ARCADIS G&M, Inc.; Merck & Co., Inc. | | GRIP agreement Amendment No. 3 | 2 | To be Produced Pursuant to Protective Order |
| 00/00/0000 | ARCADIS G&M, Inc.; Merck & Co., Inc. | ARCADIS G&M, Inc.; Merck & Co., Inc. | | Guaranteed Remediation Program Agreement Amendment No. 1 (Not signed) | 2 | To be Produced Pursuant to Protective Order |
| 00/00/0000 | ARCADIS G&M, Inc.; Merck & Co., Inc. | ARCADIS G&M, Inc.; Merck & Co., Inc. | | Guaranteed Remediation Program Agreement Amendment No. 1 (Not signed) | 2 | To be Produced Pursuant to Protective Order |
| 00/00/0000 | ARCADIS G&M, Inc.; Merck & Co., Inc. | ARCADIS G&M, Inc.; Merck & Co., Inc. | | Guaranteed Remediation Program Agreement Amendment No. 1 (Not signed) | 2 | To be Produced Pursuant to Protective Order |
| 00/00/0000 | ARCADIS G&M, Inc.; Merck & Co., Inc. | ARCADIS G&M, Inc.; Merck & Co., Inc. | | Guaranteed Remediation Program Agreement Amendment No. 1 (Not signed) | 2 | To be Produced Pursuant to Protective Order |
| 00/00/2001 | Zurich Insurance Company | | | Environmental Liability Insurance Policy | 33 | To be Produced Pursuant to Protective Order |

# EXHIBIT B

### EXHIBIT "B"

### NON-DISCLOSURE AGREEMENT

I, _____, declare under penalty of perjury that:

1. My address is _____

    _____

2. My present employer is _____

    _____

3. My present occupation or job description is _____

    _____

4. I HEREBY CERTIFY AND AGREE that I have read and understand the terms of the [date] Protective Order regarding documents produced by defendants Merck & Co., Inc. and Amsted Industries, Inc. in the matter of *Abarca, et al. v. Merck & Co., Inc., et al.*, United States District Court, Eastern District of California Case Number 1:07-CV-0388 OWW DLB, that I will hold in confidence and not disclose to anyone not bound by the Order any of the contents of any confidential information received under the protection of the Order, and that I will comply with and be bound by all of the terms and conditions of the Order.

5. Upon completion of my work, I will return or destroy all confidential information obtained. I acknowledge that returning or destroying such materials shall not relieve me from any of the continuing obligations imposed upon me by the Order.

6. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Non-Disclosure Agreement.

Dated: _____   By: _____

BARG COFFIN LEWIS & TRAPP
ATTORNEYS LLP