Michael G. Marderosian, No. 77296
Brett L. Runyon, No. 133501
Michael E. Lehman, No. 133523
Heather S. Cohen, No. 263093
MARDEROSIAN, RUNYON, CERCONE,
LEHMAN & ARMO
1260 Fulton Mall
Fresno, CA 93721
Telephone: (559) 441-7991
Facsimile: (559) 441-8170

Michael J. Bidart, No. 60582
Ricardo Echeverria, No. 166049
Gregory L. Bentley, No. 151147
SHERNOFF, BIDART, DARRAS & ECHEVERRIA
600 South Indian Hill Boulevard
Claremont, CA 91711-5498
Telephone: (909) 621-4935
Facsimile: (909) 625-6915

Thomas V. Girardi, No. 36603
Thomas J. Johnston, No. 210506
GIRARDI & KEESE
1126 Wilshire Boulevard
Los Angeles, CA 90017
Telephone: (213) 977-0211
Facsimile: (213) 481-1554

Jack Silver, No. 160575
LAW OFFICE OF JACK SILVER
Post Office Box 5469
Santa Rosa, CA 95402
Telephone: (707) 829-0934
Facsimile: (707) 528-8675

Attorneys for: Plaintiffs

FILED
JUL 31 2009
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA / FRESNO DIVISION

| | |
|---|---|
| ABARCA, RAUL VALENCIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MERCK & CO., INC., et al.,<br><br>Defendants. | Case No. 1:07-CV-0388 OWW DLB<br><br>[~~PROPOSED~~] ORDER REGARDING THE PRODUCTION OF CONFIDENTIAL DOCUMENTS AND THE INSPECTION OF RECORDS IN POSSESSION OF THE DEPARTMENT OF WATER RESOURCES |

///

Following the hearing conducted before the Honorable Oliver W. Wanger on Friday, July 17, 2009, the Court orders the following regarding protection of confidential documents, production of documents, and authorization to review records pertaining to wells which are relevant in this matter in possession of the Department of Water Resources:

## GOOD CAUSE STATEMENT

WHEREAS, certain documents and information produced or to be produced by the Parties, including documents and records to be produced by Meadowbrook Water Company, may contain sensitive and confidential information under the Public Health Security and Bioterrorism Preparedness and Response Act of 2002, and which may relate to public safety, including information that if improperly disclosed may increase the threat of terrorist activities;

WHEREAS, good cause exists for this Protective Order in order to ensure public safety and to preserve the security of Meadowbrook Water Company's water supply and water quality infrastructure systems.

WHEREAS, this Protective Order will ensure that all documents and information, including documents and information produced by Meadowbrook Water Company, that are designated "Confidential Information" will not be disclosed, except as permitted by this Order.

WHEREAS, this Protective Order will also define certain categories of documents to be produced by Meadowbrook Water Company.

## ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1. Some of the information with respect to water supply and water quality infrastructure that has been or may be sought in the future in discovery or otherwise from Meadowbrook Water Company may be sensitive, confidential, and related to public safety. Such information may include any and all information which is deemed confidential under law and water system operating infrastructure and locational information, including;

    a. Water System schematics and facility maps;

    b. Pipeline maps;

    c. Facility plans and specifications;

    d.  Consultant and internally generated reports that analyze water system vulnerabilities;

    e.  Documents that explain water system hydraulics or operational practices;

    f.  Emergency operations and response plans;

    g.  Operation and maintenance manuals;

    h.  Security related documents;

    i.  Distribution related documents;

    j.  Water source related documents;

    k.  Water quality related documents;

    l.  Personal information about employees and customers, such as their individual identities, phone numbers or addresses.

    m.  Pumping levels of wells;

    n.  Production records of wells;

    o.  Operational memoranda;

    p.  Plan site addresses;

    q.  Types of chemicals used at each site including their storage;

    r.  Types of power used to run each plan including redundancy power for emergencies; and

    s.  Customer and/or address connection dates, billing addresses and billing records.

  2.  As used in this Order, "Confidential Information" refers to information designated by any Party to this action as Confidential Information and includes, but is not limited to, writings, recordings and photographs (collectively "documents") as defined by Rule 1001 of the Federal Rules of Evidence, including data stored on computer systems or electronic media, and verbal communications.

  3.  No Party shall disclose any Confidential Information, any portion of any document containing any Confidential Information, or any portion of the subject matter or contents of any Confidential Information which is not already contained in any document not subject to this Protective Order, to any person or entity, except as set forth herein. The Parties receiving Confidential

Information in discovery in the Action are the temporary custodians of the Confidential Information. All Confidential Information shall be used by the Parties to whom such information is disclosed solely for the prosecution, defense, or settlement of the Action and shall not be used for any other purpose including, but not limited to, any other litigation, whether in this Court or otherwise, except as permitted by further order of the Court.

4. The producing party shall stamp, watermark, or otherwise mark each document containing Confidential Information with the following phrase ("Confidentiality Stamp"): CONFIDENTIAL: This document is subject to the [date] Protective Order entered by the United States District Court for the Eastern District of California in Abarca, et al. v. Merck & Co., Inc., et al. (Case Number 1:07-CV-0388 OWW DLB)

5. All copies (electronic, hard copy, or otherwise) of documents containing Confidential Information produced shall bear the Confidentiality Stamp. No copies made may in any way alter, mar, or otherwise interfere with the Confidentiality Stamp, and if any such alteration, marring or interfering with the Confidentiality Stamp occurs, those copies shall be destroyed.

6. Confidential Information may be used in depositions and marked as deposition exhibits in this case, as long as the portions of the particular document which contain or refer to Confidential Information bear the Confidentiality Stamp and are treated in accordance with this Order.

7. Confidential Information may also be referred to in written discovery requests and/or responses as long as the portions of the particular discovery document that contain or refer to Confidential Information bear the Confidentiality Stamp and are treated in accordance with this Order.

8. Confidential Information may also be referred to in motions, briefs or other papers filed with the Court in this case, as long as the portions of the particular document that contain or refer to Confidential Information bear the Confidentiality Stamp and are treated in accordance with this Order. The Parties proposing to file or refer to Confidential Information with the Court shall first obtain appropriate orders as may be required under the Eastern District of California Local Rules (the "Local Rules").

9. Confidential Information may be disclosed or referred to in testimony at trial in the Action or offered in evidence at the trial of the Action subject to all applicable Rules of Evidence. The

sealing of the record of any such proceedings shall be subject to the provisions of the Local Rules and further order of the Court. The Parties proposing to file or refer to such Confidential Information shall either first seek an order sealing the Confidential Information pursuant to the Local Rules or provide all Parties with thirty-five (35) days notice in advance of trial of intent to use such Confidential Information in order to give the producing Party sufficient time to file a motion to seal such Confidential Information or take other action as it deems necessary to protect the Confidential Information.

10. Subject to the terms and conditions of this Order, the Parties may disclose Confidential Information to the Court and Court employees, and to the following persons or entities, to the extent necessary for purposes of litigation in the Action:

    a. Counsel for the Parties who are actively engaged in the conduct of the Action, including partners, associates, law clerks, paralegals, and secretaries employed or engaged by the Parties;

    b. Employees, officers, or officials of the Parties who have need for such information for purposes of the Action;

    c. Employees of copy services and electronic database providers, but only to the extent necessary to copy or maintain an electronic database of the Confidential Information;

    d. Deposition witnesses in the Action, to the extent necessary for the witnesses' preparation for and giving of testimony;

    e. Experts or consultants hired or retained by the Parties or their counsel and actually performing work for the Parties for purposes of the Action, who in the ordinary course of their retention are required to review the Confidential Information to prepare or formulate opinions or conclusions;

    f. Court reporters (except court reporters employed or affiliated with the United States District Court), persons monitoring video equipment at depositions and any special master or discovery referee (except those employed or affiliated with the United States District Court); and

    g. Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

MARDEROSIAN,
RUNYON, CERCONE,
LEHMAN & ARMO
1260 Fulton Mall
Fresno, CA 93721

11. The Parties shall take all reasonable and necessary measures to ensure that the persons described in paragraph 10 (b) through (f) above do not view any Confidential Information unless and until they have:

    a. Read this Order and agreed to be bound by its terms; and

    b. Completed and signed the Non-Disclosure Agreement ("Agreement") in the form attached hereto as Exhibit "A".

12. By signing a copy of the attached Agreement, each person described in paragraph 10 above who is to view the Confidential Information agrees to be and is deemed to be within the personal jurisdiction of this Court, including its contempt power.

13. The Parties who receive Confidential Information shall maintain an accurate and complete record of all persons described in paragraphs 10 (b) through (f) above who have been permitted to view the Confidential Information, and shall maintain custody of the Agreements. The Court on its own motion, or on the motion of any Party, may require the production of the Agreements for inspection.

14. Within thirty (30) days following the final conclusion of the Action, all Parties shall either return to the producing Party or destroy all Confidential Information.

**PRODUCTION OF MEADOWBROOK WATER COMPANY RECORDS**

15. Defendant Meadowbrook Water Company shall produce within ten (10) days of this Order all documents referenced in Plaintiffs' FRCP 30(b)(6) notice regarding the deposition of Meadowbrook Water Company of Merced, Inc., dated April 23, 2008, [Docket No. 512, pp. 24-31], and Plaintiffs' requests for production of documents, sets 9, 10 and 11, including but not limited to the following records and documents:

    a. All MWC maps, diagrams and schematics setting forth the MWC water system including piping, wells and pumps for the years 1955 to the present;

    b. A list of all customer addresses and the dates of connection to the MWC system;

    c. All well drilling and boring logs;

    d. All well construction documents;

1    e.   All well maintenance documents;

2    f.   All well repair documents;

3    g.   All supply and test well sampling and Testing data and results for hexavalent chromium and arsenic between 1970 and the present date;

5    h.   All customer billing documents;

6    i.   All documents reflecting water levels for each well between 1970 and the present;

8    j.   All water quality Testing results;

9    k.   All correspondence to or from the Department of Health Services, Department of Public Health, Department of Water Resources, Regional Water Quality Control Board, Department of Toxic Substances Control, County of Merced, Merck & Co., Inc., Amsted Industries, Inc., Baltimore Aircoil Company, Inc., IT Corporation, Shaw Environmental, and ARCADIS.

13    l.   Any and all photographs, video, video logs, film or any other form of reproductive display taken and/or created at any time for Meadowbrook Well Nos. 1, 2, 3, 4, 5 and 6 and any and all test wells, whether still in existence or not.

**AUTHORIZATION BY MEADOWBROOK WATER COMPANY REGARDING PRODUCTION OF RECORDS FROM THE DEPARTMENT OF WATER RESOURCES**

16.   Within five (5) days of the entry of this Order, an authorized representative of Meadowbrook Water Company is directed to execute the Authorization attached hereto as Exhibit "B" allowing Plaintiffs access to records maintained by the California Department of Water Resources pertaining to Meadowbrook Water Company wells. Any such documents obtained by Plaintiffs shall be produced to any other Party upon request, subject to the terms of this Order. Documents obtained from the Department of Water Resources shall be treated as Confidential Information and shall be so marked.

IT IS SO ORDERED.

Dated: July 31, 2009.

OLIVER W. WANGER,
JUDGE OF THE UNITED STATES DISTRICT COURT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "A"

MARDEROSIAN,
RUNYON, CERCONE,
LEHMAN & ARMO
1260 Fulton Mall
Fresno, CA 93721

# NON-DISCLOSURE AGREEMENT

I, _____ declare under penalty of perjury that:

1. My address is

    _____.

2. My present employer is

    _____.

3. My present occupation or job description is

    _____.

4. I HEREBY CERTIFY AND AGREE that I have read and understand the terms of the Order regarding documents produced by the Parties, including Meadowbrook Water Company of Merced, Inc. ("MWC"), in the matter of *Abarca, et al. v. Merck & Co., Inc., et al.*, United States District Court, Eastern District of California Case Number 1:07-CV-0388 OWW DLB, that I will hold in confidence and not disclose to anyone not bound by the Order any of the contents of any confidential information received under the protection of the Order, and that I will comply with and be bound by all of the terms and conditions of the Order.

5. Upon completion of my work, I will return or destroy all confidential information obtained. I acknowledge that returning or destroying such materials shall not relieve me from any of the continuing obligations imposed upon me by the Order.

6. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Non-Disclosure Agreement.

Dated: _____    By: _____

1
2
3
4
5
6
7    # EXHIBIT "B"
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MARDEROSIAN,
RUNYON, CERCONE,
LEHMAN & ARMO
1260 Fulton Mall
Fresno, CA 93721

| | |
|---|---|
| 1 | Michael G. Marderosian, No. 77296 |
| | Brett L. Runyon, No. 133501 |
| 2 | Michael E. Lehman, No. 133523 |
| | Heather S. Cohen, No. 263093 |
| 3 | MARDEROSIAN, RUNYON, CERCONE, |
| | LEHMAN & ARMO |
| 4 | 1260 Fulton Mall |
| | Fresno, CA 93721 |
| 5 | Telephone: (559) 441-7991 |
| | Facsimile: (559) 441-8170 |
| 6 | |
| | Michael J. Bidart, No. 60582 |
| 7 | Ricardo Echeverria, No. 166049 |
| | Gregory L. Bentley, No. 151147 |
| 8 | SHERNOFF, BIDART, DARRAS & ECHEVERRIA |
| | 600 South Indian Hill Boulevard |
| 9 | Claremont, CA 91711-5498 |
| | Telephone: (909) 621-4935 |
| 10 | Facsimile: (909) 625-6915 |
| 11 | Thomas V. Girardi, No. 36603 |
| | Thomas J. Johnston, No. 210506 |
| 12 | GIRARDI & KEESE |
| | 1126 Wilshire Boulevard |
| 13 | Los Angeles, CA 90017 |
| | Telephone: (213) 977-0211 |
| 14 | Facsimile: (213) 481-1554 |
| 15 | Jack Silver, No. 160575 |
| | LAW OFFICE OF JACK SILVER |
| 16 | Post Office Box 5469 |
| | Santa Rosa, CA 95402 |
| 17 | Telephone: (707) 829-0934 |
| | Facsimile: (707) 528-8675 |

Attorneys for:   Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA / FRESNO DIVISION

| | |
|---|---|
| ABARCA, RAUL VALENCIA, et al. ) | Case No. 1:07-CV-0388 OWW DLB |
| ) | |
| Plaintiffs, ) | **AUTHORIZATION OF** |
| ) | **MEADOWBROOK WATER COMPANY** |
| v. ) | **OF MERCED, INC., TO PERMIT THE** |
| ) | **INSPECTION AND PHOTOCOPYING OF** |
| MERCK & CO., INC., et al., ) | **DOCUMENTS MAINTAINED BY THE** |
| ) | **DEPARTMENT OF WATER** |
| Defendants. ) | **RESOURCES PERTAINING TO** |
| ) | **MEADOWBROOK WELLS** |

///

I, David Walker, certify that I am the sole owner of the water wells identified in the three maps attached hereto as Exhibit "A."

I hereby give permission to Marderosian, Runyon, Cercone, Lehman & Armo and their agents to inspect and photocopy all records pertaining to the Water Wells identified in Exhibit "A" that are in the possession, custody, or control of the Department of Water Resources. This authorization is intended to comply with California Water Code §§ 13751 and 13752.

_____
DAVID WALKER