UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABARCA, RAUL VALENCIA, et al.<br><br>Plaintiffs,<br><br>v.<br><br>MERCK & CO., INC., et al.<br><br>Defendants. | Case No. 1:07-cv-00388-OWW-DLB<br><br>**ORDER MODIFYING SCHEDULING CONFERENCE ORDER** |

Pursuant to the discussions between the Court and counsel at the hearings on July 6, 2009 and July 31, 2009, the Court hereby amends the January 28, 2009 Scheduling Conference Order as follows:

**I.   TEST PLAINTIFFS**

1.   The deadline for defendants to designate test plaintiffs, currently July 31, 2009, is vacated. Plaintiffs' previous designation of test plaintiffs is vacated.

**II.   DISCOVERY**

2.   Discovery and expert disclosures in this case shall be conducted in phases. Phase 1 shall be focused on the issue of general exposure; that is, whether contaminants from the former Baltimore Aircoil Company facility (BAC Site), Franklin County Water District or the April 2006 flood have ever reached any location where plaintiffs could have been exposed to them, and if so, when such contaminants arrived, how such contaminants arrived at the location, how long they were present, and at what levels they were present. Phase 2 shall be focused on

Order Modifying Scheduling Conference Order
*Abarca, Raul Valencia  v. Merck & Co., Inc. et al., Case* No. 1:07-cv-00388-OWW-DLB

1

631550.5

PDF created with pdfFactory trial version www.pdffactory.com

the issue of general causation; that is, whether any contaminants from the BAC Site, Franklin County Water District or the April 2006 flood demonstrated in Phase 1 to have reached a location where plaintiffs could have been exposed to them are capable of causing the types of injuries alleged by plaintiffs (including expert testimony related to epidemiology, toxicology and general medical causation).  Phase 3 will focus on plaintiff-specific exposure and causation, and will include remaining percipient witness discovery.

      3.      Discovery in Phase 1 shall be limited to the issues relevant to exposure as defined above; that is, discovery reasonably related to identifying all the various ways (whether by water, air, soil, or any other medium) by which a contaminant of concern could reach a location where it could do harm to a human being who is a claimant in this litigation or adversely affect a claimant's property, and/or do harm to the environment, including:

      (a)      The presence of contaminants on the BAC Site, on plaintiffs' properties, and in the environment;

      (b)      BAC Site operations and history relevant to identification of the presence, amount and concentration of contaminants at the BAC Site and in the environment;

      (c)      The presence of contaminants (including bacterial contaminants) from the April 2006 flood and the Franklin County Water District on plaintiffs' properties and in the environment;

      (d)      Non-medical expert opinions with respect to general exposure issues.

      4.      All discovery that is not relevant to the general exposure issues as defined above shall be stayed during Phase 1, including depositions of plaintiffs, defendants and third parties that are not relevant to exposure.  Written discovery propounded by plaintiffs and defendants prior to July 31, 2009 shall not be stayed.

      5.      The parties will meet and confer on April 19, 2010 (or on another date agreed to by all parties) and thereafter propose a schedule for discovery, expert disclosures and dispositive motions related to Phase 2.  Discovery relevant to the Phase 2 issues may commence on June 1, 2010.

PDF created with pdfFactory trial version www.pdffactory.com

### III. EXPERT DISCLOSURES AND DISCOVERY

6. On or before November 30, 2009, plaintiffs will designate expert witnesses and submit expert reports, pursuant to Federal Rule of Civil Procedure 26(a)(2), related to exposure. No other expert opinions or reports will be required at that time.

7. On or before January 29, 2010, defendants will designate expert witnesses and submit expert reports, pursuant to Federal Rule of Civil Procedure 26(a)(2), related to exposure. No other expert opinions or reports will be required at that time.

8. On or before February 26, 2010, the parties will designate any rebuttal experts and submit expert reports, pursuant to Federal Rule of Civil Procedure 26(a)(2), related to exposure.

9. All expert discovery related to Phase 1 shall be completed by April 16, 2010.

### IV. MOTIONS

10. Any dispositive motions based on the Phase 1 discovery and expert testimony shall be filed by May 14, 2010. Oppositions to these motions will be due by June 14, 2010, and replies will be due by June 28, 2010. The hearing on dispositive motions based on the Phase 1 discovery will be held on August 2, 2010 at 10:00 a.m.

### V. OTHER MATTERS

11. The deadline for plaintiffs and defendants to identify all percipient witnesses who will testify at trial, currently January 31, 2010, is vacated. The parties may meet and confer and propose a revised deadline to the Court.

12. The deadline to submit motions regarding the issue and claim preclusive effect of the first trial, currently October 1, 2009, and the hearing on such motions, currently November 30, 2009, are vacated.

### VI. BIFURCATION AND TRIAL OF THE FLOOD CLAIMS

13. With respect to bifurcation or severance of the flood claims, the parties may file renewed motions to bifurcate or sever those claims on the schedule set forth above in paragraph 10 above. It is the Court's preference, however, that the parties attempt to reach agreement regarding bifurcation or severance before such motions are filed.

### VII. FURTHER STATUS CONFERENCE

14. The Court will set a further scheduling conference after deciding the dispositive

Order Modifying Scheduling Conference Order
*Abarca, Raul Valencia v. Merck & Co., Inc. et al.*, Case No. 1:07-cv-00388-OWW-DLB

3

631550.5

PDF created with pdfFactory trial version www.pdffactory.com

1  motions related to the Phase 1 discovery.

2

3  APPROVED AS TO FORM:

4  Dated: August 7, 2009                    MARDEROSIAN, RUNYON, CERCONE,
                                            LEHMAN & ARMO
5

6

7                                           By: /s/Michael Marderosian (as authorized 8/7/09)
                                                MICHAEL MARDEROSIAN

8                                           Attorneys for Plaintiffs

9

10 Dated: August 7, 2009                    LEWIS, BRISBOIS, BISGAARD & SMITH

11

12                                          By: /s/Joseph A. Salazar (as authorized 8/7/09)
                                                JOSEPH A. SALAZAR
13

14                                          Attorneys for Defendant FRANKLIN COUNTY
                                            WATER DISTRICT
15

16 Dated: August 7, 2009                    GREENFIELD-HARDY

17

18                                          By: /s/Robert Greenfield (as authorized 8/7/09)
                                                ROBERT H. GREENFIELD
19

20                                          Attorneys for Defendant MERCED IRRIGATION
                                            DISTRICT
21

22 Dated: August 7, 2009                    ALLEN, PROIETTI & FAGALDE

23

24                                          By: /s/Terry L. Allen (as authorized 8/7/09)
                                                TERRY L. ALLEN
25
                                            Attorneys for Defendant COUNTY OF MERCED
26

27

28

Order Modifying Scheduling Conference Order
*Abarca, Raul Valencia v. Merck & Co., Inc. et al.*, Case No. 1:07-cv-00388-OWW-DLB

4

631550.5

PDF created with pdfFactory trial version www.pdffactory.com

| | |
|---|---|
| Dated:  August 7, 2009 | GREBEN & ASSOCIATES |
| | By: /s/Jan Greben (as authorized 8/7/09) |
| |     JAN ADAM GREBEN |
| | Attorneys for Defendant COUNTY OF MERCED |
| Dated:  August 7, 2009 | BEST, BEST & KRIEGER |
| | By: /s/Gene Tanaka (as authorized 8/7/09) |
| |     GENE TANAKA |
| | Attorneys for Defendant CITY OF MERCED |
| Dated:  August 7, 2009 | CHAPMAN, GLUCKSMAN & DEAN |
| | By: /s/Glen Barger (as authorized 8/7/09) |
| |     GLEN BARGER |
| | Attorneys for Defendant RANCHWOOD HOMES CORP. |
| Dated:  August 7, 2009 | BARG COFFIN LEWIS & TRAPP, LLP |
| | By: /s/R. Morgan Gilhuly |
| |     R. MORGAN GILHULY |
| | Attorneys for Defendants MERCK & CO., INC.; AMSTED INDUSTRIES, INC.; BALTIMORE AIRCOIL COMPANY, INC.; and TRACK FOUR, INC. |
| Dated:  August 7, 2009 | STEVENS, DRUMMOND & GIFFORD |
| | By: /s/Gary Drummond (as authorized 8/7/09) |
| |     GARY DRUMMOND |
| | Attorneys for Defendants MEADOWBROOK WATER COMPANY OF MERCED, INC. |

Order Modifying Scheduling Conference Order
*Abarca, Raul Valencia  v. Merck & Co., Inc. et al., Case* No. 1:07-cv-00388-OWW-DLB

5

631550.5

PDF created with pdfFactory trial version www.pdffactory.com

1
2   IT IS SO ORDERED.
3
4   Dated: 8/11/2009                    /s/ OLIVER W WANGER
                                         OLIVER W. WANGER
5                                        UNITED STATES DISTRICT JUDGE

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Order Modifying Scheduling Conference Order
*Abarca, Raul Valencia v. Merck & Co., Inc. et al.*, Case No. 1:07-cv-00388-OWW-DLB

6

631550.5

PDF created with pdfFactory trial version www.pdffactory.com