UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA / FRESNO DIVISION

| | | |
|---|---|---|
| ABARCA, RAUL VALENCIA, et al., | ) ) ) ) ) ) ) ) ) ) | Case No. 1:07-CV-0388 OWW DLB  **ORDER RE APPOINTMENT OF AIR EXPERTS PURSUANT TO FED. R. EVID. 706** |
| Plaintiffs, | | |
| v. | | |
| MERCK & CO., INC., et al., | | |
| Defendants. | | |

Pursuant to Federal Rule of Evidence 706 and the agreement of the parties, the Court finds it necessary and appoints Chatten Cowherd, Jr., Ph.D, a qualified chemical engineer and qualified air emissions expert, Richard Countess, Ph.D, a qualified physical chemist and qualified air emissions expert, and Kenneth Schmidt, Ph.D, a qualified geologist, as 706 experts to assist the Court in evaluating the air model of plaintiffs' expert Camille Sears, and her methodology in constructing her air model.

Dr. Cowherd, Dr. Countess and Dr. Schmidt's communications with the Court about logistics shall not be recorded; matters of substance will be documented and made part of the record.

Dr. Cowherd, Dr. Countess and Dr. Schmidt's duties shall include:

(i) reviewing materials designated by the Court as necessary to evaluate the scientific validity of the construction of Ms. Sears's model;

(ii) preparing a report setting forth their opinions concerning Ms. Sears's model; and

(iii) testifying in deposition and/or a proceeding in this

Court, subject to examination by the parties, regarding those opinions.

Plaintiffs and defendants shall each bear 50 percent of the costs incurred for the Court's use of Dr. Cowherd, Dr. Countess and Dr. Schmidt.

The parties are requested to consult with each other to discuss and attempt to resolve logistical issues related to the appointment of Dr. Cowherd, Dr. Countess and Dr. Schmidt including but not limited to:

1. Providing the Court with documents relating directly to Ms. Sears model, such as: (1) Ms. Sears' electronic modeling files; (2) the deposition, declarations, and hearing testimony provided by Ms. Sears; (3) the depositions, declarations and hearing testimony of experts relied upon and/or supportive of Ms. Sears' opinions, including but not limited to Dr. Franklin Agardy, Dr. Patrick Sullivan, and Dr. Steve Sert; and (4) the depositions, declarations and hearing testimony of experts critical of Ms. Sears' model and modeling methodology, including but not limited to Dr. Paolo Zanetti, Dr. Scott Fendorf, Dr. Craig McIntyre and Dr. Michael Barnes. The parties are directed to delete or redact material that reflects their arguments or those of counsel. Such non-scientific materials shall not be provided to Dr. Cowherd, Dr. Countess or Dr. Schmidt;

2. Any supplemental materials that may be required by Dr. Cowherd, Dr. Countess or Dr. Schmidt in order to complete their assignment;

3. Developing for the Court's consideration the manner and method by which the Court shall propound questions to Dr. Cowherd, Dr. Countess and Dr. Schmidt, and how any answers shall be recorded for the record;
4. Whether written questions to and written responses by Dr. Cowherd, Dr. Countess and Dr. Schmidt shall be provided; and
5. Whether, and if so, on what conditions discovery of Dr. Cowherd, Dr. Countess and Dr. Schmidt's opinions shall be permitted.

The Court will set a status conference, at which Dr. Cowherd, Dr. Countess and Dr. Schmidt may appear telephonically, to discuss logistical issues related to their expert appointments including, but not limited to, Dr. Cowherd, Dr. Countess and Dr. Schmidt's views as to:

1. The extent of the preliminary work they will need to perform to prepare for any questions propounded to them;
2. The amount of time needed to perform their preparatory work;
3. What additional information, if any, they will need to perform their work in this case, including preparation of a report; and
4. Their availability to consult with the Court.

**IT IS SO ORDERED.**

Dated November 2, 2010        /s/OLIVER W. WANGER
                              United States District Judge