
1  JOHN F. BARG (State Bar No. 60230; jfb@bcltlaw.com)
   STEPHEN C. LEWIS (State Bar No. 66590; scl@bcltlaw.com)
2  R. MORGAN GILHULY (State Bar No. 133659; rmg@bcltlaw.com)
   BARG COFFIN LEWIS & TRAPP, LLP
3  350 California Street, 22nd Floor
   San Francisco, California 94104-1435
4  Telephone:   (415) 228-5400
   Facsimile:   (415) 228-5450

6  TIMOTHY JONES (SBN 119841; tjones@joneshelsley.com)
   JONES HELSLEY PC
7  265 E. River Park Circle, Suite 310
   Fresno, California 93720
8  Telephone:   (559) 233-4800
   Facsimile:   (559) 233-9330

   Attorneys for Defendants Merck & Co., Inc.,
10 Amsted Industries Incorporated, and Baltimore Aircoil
   Company, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ABARCA, RAUL VALENCIA, et al., | Case No. 1:07-cv-00388-OWW-DLB |
|---|---|
| Plaintiffs, | **ORDER RE: THE BAC DEFENDANTS' MOTIONS IN LIMINE** |
| v. | |
| MERCK & CO., INC., et al., | Date:  February 2 and 3, 2011 |
| Defendants. | Time:  8:30 a.m. |
| | Courtroom:  3 |

PDF created with pdfFactory trial version www.pdffactory.com

The Motions in Limine of defendants Merck & Co., Inc., Amsted Industries Incorporated, and Baltimore Aircoil Company, Inc. (collectively, the "BAC Defendants") came on for hearing in Courtroom 3 of this Court on February 2 and 3, 2011, all parties appearing by and through their respective counsel.  After full consideration of the written and oral submissions presented by each party in support of and in opposition to the Motions in Limine, and for good cause shown, it is HEREBY ORDERED THAT:

1. The BAC Defendants' Motion in Limine No. 1 (Document 1035), requesting the appointment of Dr. Richard Countess, Dr. Chatten Cowherd, and Dr. Kenneth Schmidt as experts pursuant to Federal Rule of Civil Procedure 706, is GRANTED IN PART as follows:  The Court finds that the testimony of Dr. Kenneth Schmidt and Dr. Chatten Cowherd will aid the jury and, therefore, the Court will call them as court-appointed expert witnesses at the Phase 1 trial, again pursuant to Fed. R. Evid. 706.  Prior to Drs. Schmidt and Cowherd taking the stand, the Court will authorize (1) a joint communication by the parties concerning the logistics of their testimony, and (2) a deposition of each of them on the subjects of their testimony, to take place on a Monday when the trial is in recess.  The remaining Fed. R. Evid. 706 expert, Dr. Richard Countess, shall not testify at the Phase 1 trial unless plaintiffs specifically request his testimony, and in that event, the above provisions shall apply to Dr. Countess as well.

2. The BAC Defendants' Motion in Limine No. 2 (Document 1027), requesting the exclusion of evidence of defendants' alleged fraud, conspiracy, and concealment, is GRANTED IN PART as follows:
    a. Any documents or testimony referring to the BAC Defendants' alleged fraud, conspiracy, concealment of evidence, or failure to test are excluded from evidence, until such time as counsel for plaintiff both (1) establish an appropriate evidentiary foundation, and (2) demonstrate a good-faith belief that presentation of such documents or testimony is

ORDER RE: THE BAC DEFENDANTS' MOTIONS IN LIMINE
*Abarca, Raul Valencia  v. Merck & Co., Inc. et al.,* Case No. 1:07-cv-00388-OWW-DLB

1

PDF created with pdfFactory trial version www.pdffactory.com

consistent with their duties and ethical obligations as officers of this Court;

  b. Plaintiffs and their counsel are barred and precluded from presenting arguments or making reference to any such purported evidence in the presence of the jury unless the conditions stated above are met; and

  c. Plaintiffs' counsel is required to instruct plaintiffs' witnesses not to refer to any such evidence in the presence of the jury, consistent with this Order.

3. The BAC Defendants' Motion in Limine No. 3 (Document 1040), requesting the exclusion of references to the destruction of operating records from the former BAC-Pritchard facility, is GRANTED IN PART as follows:

  a. Plaintiffs shall limit any argument or comment on this issue to presentation of the facts surrounding the destruction of the operating records for the former BAC-Pritchard facility;

  b. Plaintiffs, their counsel, and plaintiffs' expert witnesses are barred and precluded from presenting arguments, making reference to, or commenting in the presence of the jury about allegations that the BAC Defendants intentionally or negligently destroyed operating records for the former BAC-Pritchard facility for any improper purpose, including without limitation any use of inflammatory language (e.g., "spoliation," "cover-up," "hiding"); and

  c. Plaintiffs' counsel are required to instruct plaintiffs' witnesses not to make such references or comments in the presence of the jury.

4. The BAC Defendants' Motion in Limine No. 4 (Document 1041), requesting the exclusion of evidence related to the December 15, 2007 Draft Southern Groundwater Investigation Work Plan for the former BAC-Pritchard facility (the "Draft Work Plan"), is hereby GRANTED IN PART as follows:

  a. The Draft Work Plan, including the groundwater flow model referenced

ORDER RE: THE BAC DEFENDANTS' MOTIONS IN LIMINE
*Abarca, Raul Valencia v. Merck & Co., Inc. et al.*, Case No. 1:07-cv-00388-OWW-DLB

2

PDF created with pdfFactory trial version www.pdffactory.com

therein and the attached figure 7, are excluded from evidence until such time as plaintiffs establish an appropriate evidentiary foundation;

   b. Plaintiffs and their counsel are barred and precluded from presenting arguments or making reference to the Draft Work Plan or any other related evidence in the presence of the jury, except that plaintiffs may – without showing the Draft Work Plan to the jury – use the document in examining witnesses who testify regarding matters associated with the Draft Work Plan; and

   c. Plaintiffs' counsel is required to instruct plaintiffs' witnesses not to refer to any such evidence in the presence of the jury.

5. The BAC Defendants' Motion in Limine No. 5 (Document 1022), requesting the exclusion from evidence of documents attached as Exhibit 398 to the Deposition of Kim Schwab, is hereby GRANTED IN PART as follows:

   a. Absent further order of the Court, Exhibit 398 to the Deposition of Kim Schwab (or any portion thereof) is excluded from evidence;

   b. Plaintiffs and their counsel are barred and precluded from presenting arguments or making reference to Exhibit 398 (or any portion thereof) in the presence of the jury, except that plaintiffs may – without showing Exhibit 398 to the jury – use the document in examining witnesses for the limited purpose of establishing the timing of the BAC Defendants' retention of environmental consultants, in relation to their receiving the 1983 notice regarding mishandling of hazardous substances, as contained in Exhibit 398; and

   c. Plaintiffs' counsel is required to instruct their witnesses not to refer Exhibit 398 (or any portion thereof) in the presence of the jury, consistent with this Order.

6. The BAC Defendants' Motion in Limine No. 6 (Document 1038), requesting the exclusion of evidence, comment, and argument relating to the drafting of

ORDER RE: THE BAC DEFENDANTS' MOTIONS IN LIMINE
*Abarca, Raul Valencia v. Merck & Co., Inc. et al.*, Case No. 1:07-cv-00388-OWW-DLB

3

PDF created with pdfFactory trial version www.pdffactory.com

Regional Water Quality Control Board "Fact Sheet No. 3," is hereby GRANTED IN PART as follows:

    a. Absent further order of the Court, Plaintiffs and their counsel are barred and precluded from presenting arguments or making comments or other references: (1) that any party other than the Regional Board authored or sponsored Fact Sheet No. 3; (2) that any of the BAC Defendants, their attorneys, or their environmental consultants controlled the process of drafting Fact Sheet No. 3; (3) expressing doubt or denying that the Regional Board at all times considered Fact Sheet No. 3 to be the agency's own document and controlled its contents; or (4) representing or implying that the participation of the BAC Defendants, their attorneys, or their environmental consultants in the process of drafting Fact Sheet No. 3 reflects dishonesty, a lack of integrity, or an intent to deceive plaintiffs or the public on the part of those persons or the Regional Board's staff;

    b. Plaintiffs' counsel shall scrupulously comply with the completeness and fairness requirements enunciated in Fed. R. Evid. 103 at all times with respect to the presentation of evidence and argument with respect to these issues; and

    c. Plaintiffs' counsel is required to instruct plaintiffs' witnesses not to refer to any such evidence in the presence of the jury.

7. The BAC Defendants' Motion in Limine No. 7 (Document 1008), requesting the exclusion of evidence of other litigation, is hereby GRANTED. It is further ORDERED that:

    a. Any documents or testimony referring to any civil, criminal, or administrative proceedings or other litigation other than this action are excluded from evidence;

    b. Plaintiffs and their counsel are barred and precluded from presenting

PDF created with pdfFactory trial version www.pdffactory.com

arguments or making reference to any such litigation matters in the presence of the jury; and

c. Plaintiffs' counsel is required to instruct plaintiffs' witnesses not to refer to any such litigation matters in the presence of the jury.

8. The BAC Defendants' Motion in Limine No. 8 (Document 1009), requesting the exclusion of references or comparison to the litigation related to the Pacific Gas & Electric facility in Hinkley, California (the "Hinkley Litigation"), is hereby GRANTED.  It is further ORDERED that:

    a. Documents and testimony referring to the Hinkley Litigation, Erin Brockovich, or the parties to the Hinkley Litigation are excluded from evidence during the Phase 1 trial;

    b. Plaintiffs and their counsel are barred and precluded from presenting arguments about, making reference to, or otherwise commenting on the Hinkley Litigation, Erin Brockovich, or the parties to the Hinkley Litigation in the presence of the jury; and

    c. Plaintiffs' counsel is required to instruct plaintiffs' witnesses not to refer to any such evidence when testifying in the presence of the jury.

9. The BAC Defendants' Motion in Limine No. 9 (Document 1007), requesting the exclusion of evidence of medical conditions of David Powell and Kenneth Shafer, is hereby GRANTED.  It is further ORDERED that:

    a. Any documents or testimony referring to the illness or death of Kenneth Shafer, David Powell's alleged injuries, or David Powell's personal injury lawsuit are excluded from evidence;

    b. Plaintiffs, their counsel, and their witnesses are barred and precluded from presenting arguments or making reference to any such evidence in the presence of the jury, except that plaintiffs may state to the jury that Mr. Shafer is not available for testimony in this case because he is deceased; and

ORDER RE: THE BAC DEFENDANTS' MOTIONS IN LIMINE
*Abarca, Raul Valencia  v. Merck & Co., Inc. et al., Case* No. 1:07-cv-00388-OWW-DLB

5

PDF created with pdfFactory trial version www.pdffactory.com

c. Plaintiffs' counsel is required to instruct plaintiffs' witnesses as to the requirements of this Order.

10. The BAC Defendants' Motion in Limine No. 10 (Document 1005), requesting the exclusion of inflammatory or unduly prejudicial references to chemicals, is hereby GRANTED IN PART as follows:

 a. Plaintiffs are barred and excluded from admitting any evidence, statements, or argument that include inflammatory or perjorative references to the chemicals used at the former BAC-Pritchard facility;

 b. While in the presence of the jury, plaintiffs' witnesses and counsel are permitted to refer to any such chemicals by name or by neutral, descriptive terms (e.g., "chemicals," "metals," "contaminants," "toxins," "hazardous substances," or "carcinogens").

 c. Plaintiffs' counsel is required to instruct plaintiffs' witnesses regarding the conditions set forth above.

11. The BAC Defendants' Motion in Limine No. 11 (Document 1017), requesting the exclusion of evidence of the California Office of Environmental Health Hazard Assessment's ("OEHHA's") draft Public Health Goal ("PHG") for hexavalent chromium, is hereby GRANTED.  It is further ORDERED that:

 a. Any documents or testimony referring to the OEHHA's draft PHG for Chromium VI are excluded from evidence;

 b. Plaintiffs and their counsel are barred and precluded from commenting on, presenting arguments about, or making reference to the draft Chromium VI PHG in the presence of the jury; and

 c. Plaintiffs' counsel is required to instruct plaintiffs' witnesses not to refer to any such evidence in their testimony in the presence of the jury.

12. The BAC Defendants' Motion in Limine No. 12 (Document 1037), requesting the exclusion of references to evidence related to regulatory risk assessments, is hereby GRANTED IN PART as follows:

PDF created with pdfFactory trial version www.pdffactory.com

   a. The 1994 Risk Assessment documents (draft and final version) for the former BAC-Pritchard facility are excluded from evidence;
   b. While in the presence of the jury, plaintiffs are barred and precluded from presenting arguments or making reference to the 1994 Risk Assessment, including but not limited to any references to the presence or absence of risk assessment evidence, and with the exception of the limited purposes of (1) impeachment, (2) explaining the concept of exposure pathways, and (3) upon obtaining leave of Court, explaining other Phase 1 issues not summarily adjudicated by the Court; and
   c. Plaintiffs' counsel is required to instruct plaintiffs' witnesses not to refer to the 1994 Risk Assessment or any other Risk Assessment Evidence, including but not limited to any references to the presence or absence of risk assessment evidence while in the presence of the jury.
13. The BAC Defendants' Motion in Limine No. 13 (Document 1004), requesting the exclusion of evidence related to the alleged adverse health effects associated with exposure to chemicals, is hereby GRANTED IN PART, as follows:
   a. Absent further order of the Court, evidence or testimony concerning the toxicology or health effects of hexavalent chromium, arsenic, or any other chemical associated with the former BAC-Pritchard facility shall not be presented to the jury.  Expert testimony concerning the concentrations at which exposure to hexavalent chromium or arsenic could be hazardous shall be the subject of an offer of proof prior to the conclusion of plaintiffs' case-in-chief;
   b. Plaintiffs are barred and excluded from presenting arguments or making reference to the toxicology or health effects of hexavalent chromium, arsenic, or any other chemical associated with the former BAC-Pritchard facility in the presence of the jury, except as may be ordered by the

ORDER RE: THE BAC DEFENDANTS' MOTIONS IN LIMINE
*Abarca, Raul Valencia  v. Merck & Co., Inc. et al., Case* No. 1:07-cv-00388-OWW-DLB

7

PDF created with pdfFactory trial version www.pdffactory.com

    Court following the offer of proof described above; and
    c. Plaintiffs' counsel is required to instruct plaintiffs' witnesses regarding the conditions set forth above.
14. The BAC Defendants' Motion in Limine No. 14 (Document 1039), requesting the exclusion of the documents comprising Exhibits 7122-7125 to the Deposition of Glen Del Sarto, is hereby GRANTED IN PART as follows:
    a. The documents comprising Exhibits 7122 through 7125 to the Deposition of Glen Del Sarto are excluded from evidence, except for the limited purposes of impeachment and establishing notice of soil contamination at the BAC-Pritchard facility;
    b. Plaintiffs and their counsel are barred and precluded from presenting arguments, making reference to, or otherwise commenting on such documents in the presence of the jury, except for the limited purposes described above; and
    c. Plaintiffs' counsel is required to instruct plaintiffs' witnesses as to the requirements of this Order.
15. The BAC Defendants' Motion in Limine No. 15 (Document 1033), requesting the exclusion of certain testimony of plaintiffs' expert Franklin J. Agardy, is hereby GRANTED.  It is further ORDERED that:
    a. Plaintiffs' expert witness Franklin J. Agardy is precluded from testifying at trial regarding any matters requiring expertise in the field of chemistry, including but not limited to the chemistry of Chromium III and Chromium VI and the relative proportions of Chromium III and Chromium VI present in soil, sediment, water, or air at the former BAC-Pritchard facility; and
    b. Dr. Agardy is precluded from testifying at trial regarding any opinions that were not disclosed in his expert reports or during his deposition.
16. The BAC Defendants' Motion in Limine No. 16 (Document 1021), requesting

ORDER RE: THE BAC DEFENDANTS' MOTIONS IN LIMINE
*Abarca, Raul Valencia  v. Merck & Co., Inc. et al., Case* No. 1:07-cv-00388-OWW-DLB

8

PDF created with pdfFactory trial version www.pdffactory.com

the exclusion of expert opinions not disclosed in accordance with Federal Rule of Civil Procedure 26(a)(2), is hereby GRANTED.  It is further ORDERED that:

    a. Opinions not disclosed in the reports or deposition testimony of plaintiffs' experts Richard Laton, Franklin Agardy, Patrick Sullivan, Camille Sears, and Douglas Bartlett are excluded from evidence, with the following exceptions:

        (i) Any party may present supplemental expert opinions disclosed during the *Daubert* and Rule 706 hearings.

        (ii) If plaintiffs intend to introduce the supplemental opinions presented by Dr. Laton by declaration during the *Daubert* hearings, plaintiffs must timely offer Dr. Laton for deposition as to those new opinions; further, if defendants wish to introduce any new expert opinions to rebut Dr. Laton's supplemental opinions, defendants shall request leave from the Court following timely notice to plaintiffs;

    b. Plaintiffs' experts are barred from testifying at trial regarding subject matter or opinions not disclosed in their experts reports or depositions, except as provided above;

    c. Plaintiffs and their counsel are barred and precluded from presenting arguments or making reference to any such previously undisclosed testimony or opinion in the presence of the jury, except as provided above; and

    d. Plaintiffs' counsel is required to instruct plaintiffs' witnesses regarding the conditions set forth above.

17. The BAC Defendants' Motion in Limine No. 17 (Document 1003), requesting the exclusion of evidence related to plaintiffs' alleged damages, is hereby GRANTED.  It is further ORDERED that:

ORDER RE: THE BAC DEFENDANTS' MOTIONS IN LIMINE
*Abarca, Raul Valencia  v. Merck & Co., Inc. et al.,* Case No. 1:07-cv-00388-OWW-DLB

9

PDF created with pdfFactory trial version www.pdffactory.com

     a. Any documents or testimony related to plaintiffs' alleged personal injuries or property damages or to the issue of punitive damages (including any evidence of the BAC Defendants' finances) are excluded from evidence;

     b. Plaintiffs and their counsel are barred and precluded from presenting arguments or making reference to any such evidence in the presence of the jury; and

     c. Plaintiffs' counsel is required to instruct plaintiffs' witnesses not to refer to any such evidence in the presence of the jury.

18. The BAC Defendants' Motion in Limine No. 18 (Document 1006), requesting the exclusion of references to the Court's rulings on dispositive and expert exclusion motions, is hereby GRANTED. It is further ORDERED that:

     a. All parties, counsel, and witnesses are barred from referring to or commenting on the Court's rulings on the BAC Defendants' motion for partial summary judgment or the BAC Defendants' motions to exclude plaintiffs' experts in this action while in the presence of the jury; and

     b. Plaintiffs' counsel is required to instruct plaintiffs' witnesses regarding the conditions set forth above.

19. The BAC Defendants' Motion in Limine No. 19 (Document 1002), requesting an order to permit the viewing of the former BAC-Pritchard facility by the trier of fact, is hereby DENIED WITHOUT PREJUDICE to renewal of the motion at trial.

20. The BAC Defendants' Motion in Limine No. 20 (Document 1034), requesting an offer of proof be made before individual plaintiffs are permitted to testify at the Phase 1 trial, is hereby GRANTED. Before any individual plaintiffs are permitted to testify at the Phase 1 trial, plaintiffs are required to submit offers of proof:

     a. Setting forth the subject matter of each of the eleven individual

ORDER RE: THE BAC DEFENDANTS' MOTIONS IN LIMINE
*Abarca, Raul Valencia v. Merck & Co., Inc. et al.*, Case No. 1:07-cv-00388-OWW-DLB

10

PDF created with pdfFactory trial version www.pdffactory.com

1  plaintiffs' proposed testimony at the Phase 1 trial; and
2     b.  Establishing the relevance of each plaintiff's testimony to Phase 1
3  issues.
4
5  IT IS SO ORDERED NUNC PRO TUNC AS OF FREBRUARY 1, 2011.
6
7  Dated: February 9, 2011              /s/ OLIVER W. WANGER
8                                           UNITED STATES DISTRICT JUDGE

ORDER RE: THE BAC DEFENDANTS' MOTIONS IN LIMINE
*Abarca, Raul Valencia v. Merck & Co., Inc. et al.,* Case No. 1:07-cv-00388-OWW-DLB

11

PDF created with pdfFactory trial version www.pdffactory.com