Robert H. Greenfield, SBN 114500
Kayla C. Villa, SBN 255641
GREENFIELD•HARDY
4790 Golden Foothill Parkway, Suite 210
El Dorado Hills, CA 95762
Telephone: (916)939-1070
Facsimile:  (916)939-1075

Thomas S.  Brazier, SBN 55484
Jeffrey F. Oneal, SBN 129072
LAMORE, BRAZIER, RIDDLE & GIAMPAOLI
1570 The Alameda, Suite 150
San Jose, CA 95126
Telephone:  (408) 280-6800
Facsimile:   (408) 275-6284

Attorneys for Defendant
Merced Irrigation District and
Merced Drainage District No. 1
erroneously served as Merced
Irrigation District No. 1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABARCA, RAUL VALENCIA, et al.<br><br>            Plaintiff,<br><br>     vs.<br><br>MERCK & CO. INC., et al.<br><br>            Defendants. | CASE NO.:  1:07-CV-388-OWW-DLB<br><br>**DEFENDANTS' MERCED IRRIGATION DISTRICT AND MERCED DRAINAGE DISTRICT NO. 1'S MOTION FOR GOOD FAITH SETTLEMENT** |

### I.      Introduction

Defendant Merced Irrigation District and Merced Irrigation District, Drainage District No. 1 (collectively referred to as "MID") moves this Court for a Good Faith Determination of the settlement reached between Plaintiffs on the one hand and MID and MDD on the other, as such barring contribution claims against MID.

After nearly five years of complex litigation, countless mediations and numerous lengthy settlement discussions, Plaintiffs and MID reached a settlement with respect to

1

APPLICATION FOR GOOD FAITH DETERMINATION

claims of contamination just days before receiving a ruling on MID and MDD's Motion for Summary Adjudication.

This settlement was reached after arm's length negotiations and in good faith pursuant to Section 877 of the California Code of Civil Procedure.

Plaintiffs filed their Eighth Amended Complaint ("EAC") on March 26, 2010, which is currently the operative Complaint.  The EAC identifies over 2000 plaintiffs, ten defendants and sixteen causes of action.  The current defendants include Merck & Co., Inc., Amsted Industries, Inc., Baltimore Aircoil Company, Inc., Meadowbrook Water Co. of Merced, Inc., Track Four, Franklin County Water District, Merced Irrigation District, Merced Irrigation District Drainage District No. 1, the City of Merced and the County of Merced.  The causes of action include violations of the CWA and the RCRA, inverse condemnation, dangerous condition of public property, trespass, nuisance, fraud and deceit, and civil conspiracy.

Again, not all causes of action alleged are directly against MID.  The only causes of action alleged against MID arise from California state law, which include inverse condemnation, dangerous condition of public property and nuisance.  Because there are no federal causes of action alleged against MID substantive state law prevails.

## II.      The Settlement Agreement

The Settlement Agreement and Release (hereinafter "Agreement") releases MID from any and all present and future claims involving "environmental contamination."  Under the terms of the Agreement, "environmental contamination" encompasses:

> The actual, alleged, potential or threatened contamination or exposure of, or damage or injury to, air, environment, atmosphere, soil, sediments, property (including real and personal), water (including without limitation groundwater, surface water and any other form or body of water), or any person by, or arising from the presence, existence, movement, emission, discharge, dispersal, seepage, migration, release, disposal, dumping or escape of any solid, semi-solid, liquid, gaseous, or thermal irritants,

APPLICATION FOR GOOD FAITH DETERMINATION

contaminates, pollutants, toxins, vapors, soot, smoke, dust, mists, fumes, acids, alkalis, chemicals, oil, petroleum, biological or other etiological agents or materials, genetically engineered materials, teratogenic, carcinogenic, or mutagenic materials, waste materials of any type, or any other substance, irritant, contaminant or pollutant, or any form of toxic, hazardous or injurious substance or material, including without limitation any other substance or material alleged by any Person now or in the future to be detrimental, harmful, injurious, hazardous, noxious or toxic.

Additionally, the Agreement operates to release MID from any and all "contamination claims" brought by the Plaintiffs.  For purposes of this settlement, "contamination claims" means:

Any and all Claims that have been or could have been brought by the Abarca Plaintiffs against MID for alleged and/or actual damage or injury arising from or related to Environmental Contamination.  Contamination Claims shall also include the fear or anxiety or emotional distress associated with actual exposure or the possibility of exposure to Environmental Contamination. Contamination Claims also includes, but is not limited to, the following claims for relief asserted by the Abarca Plaintiffs in their Eighth Amended Complaint against MID: Fifth, Sixth, Seventh, and Eighth Claims for Relief – Inverse Condemnation Non-BAC Facility Related (as to those allegations asserting damages for inverse condemnation resulting from discharge of Environmental Contamination); Ninth Claim for Relief-Inverse Condemnation related to BAC Contamination; Eleventh Claim for Relief-Dangerous Condition to Public Property (as to those allegations asserting damages for dangerous condition to public property resulting from Environmental Contamination); and Thirteenth Claim for Relief-Nuisance (as to those allegations asserting damages for nuisance resulting from Environmental Contamination); and any known or unknown claim for damages associated with Environmental Contamination which any Abarca Plaintiff could assert against MID by further amendment to the Complaint.

A copy of the fully executed settlement agreement is attached as Exhibit A.   The specifics of the claims being released is encompassed in Section 1: Definitions.

The terms of the Agreement sets forth in relevant part the following conditions:

1.    Plaintiffs agree to dismiss and forever discharge MID from any and all Contamination Claims;

2.    MID's insurers agree to pay its policy limits in the amount of $700,000.00;

3

APPLICATION FOR GOOD FAITH DETERMINATION

3.     The settlement funds are to be held in Trust until such time as Medicare and Medi-Cal have provided any reimbursement amounts;

4.     The Settlement is contingent upon entry of an Order by the Court finding this Settlement to be in good faith pursuant to California Code of Civil Procedure §877;

5.     Should the Court not enter an Order approving the Settlement as being in good faith, the Settlement is null and void and within five days of entry of such Order, the Settlement funds must be returned to the Insurance carriers.

## III.    LEGAL ANALYSIS

### A.    The Court Has Supplemental Jurisdiction Over the State Law Claims.

Originally, this Court had jurisdiction over MID pursuant to 28 U.S.C. §1331 because the initial causes of action alleged against MID were derived from federal statutes.  However, over the course of this litigation, Plaintiffs have since amended their Complaint and no longer state any cause of action against MID that derives from Federal law. While the Court continues to maintain jurisdiction over this case pursuant to 28 U.S.C. §1331 as a result of the federal claims relating to the Clean Water Act and RCRA against a number of defendants, it also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over the state law causes of action against MID because the causes of action are related to the federal claims.

### B.    The Court Has the Authority and Discretion to Approve the Settlement and Issue a Contribution Bar Against Non-Settling Defendants Pursuant to California State Law.

In a federal question action, federal courts typically apply substantive state law to state claims. *See O'Melveny & Myers v. FDIC*, 512 U.S. 79, 85-89 (1994).  Here, the only causes

APPLICATION FOR GOOD FAITH DETERMINATION

of action against MID and MDD are state law claims making California law the appropriate law to apply regarding this partial settlement.

Federal courts generally encourage settlements before trial. *Franklin v. Kaypro Corp.,* 884 F.2d 1222, 1225 (9th Cir. 1989). Because of the strong policy favoring settlements, federal courts have the authority to approve settlements and issue contribution bars for both federal and state law claims. *See AmeriPride Services Inc. v. Valley Indus. Services, Inc.* 2007 WL 1946635 at *2 (E.D.Cal.July 2, 2007). Despite the allure of settling before trial, "obtaining settlements in a multi-party litigation may be quite complex." *Franklin* 1225. In federal cases, settling defendants "cannot obtain finality unless a 'bar order' is entered by the court…[A] bar order constitutes a final discharge of all obligations of the settling defendants and bars any further litigation of claims made by nonsettling defendants against settling defendants." Id.

Because the only claims against MID arise under state law, this court has the authority to apply not only the substantive provisions of California law pursuant to California Code of Civil Procedure ("C.C.P") §877, but also the procedural guidelines set forth by C.C.P. §877.6. While federal courts recognize that C.C.P. §877.6 is "essentially a procedural statute", "nothing is to prevent the district court from granting a motion for an early determination of the good faith question." *Federal Sav. and Loan Ins. Corp. v. Butler*, 904 F.2d 505, 510. The court further stated that "it makes eminent good sense to do so." Id.

**C.      The Court Should Approve the Settlement Agreement as Being in Good Faith Pursuant to California Law.**

**i.      California's Substantive Law Regarding Good Faith Settlements.**

APPLICATION FOR GOOD FAITH DETERMINATION

In actions where multiple tortfeasors are potentially liable for the same tort and resulting damages, partial settlements with less than all potential defendant tortfeasors are governed by California Code of Civil Procedure §877. C.C.P. §877 states in relevant part:

> Where a release, dismissal with or without prejudice, or a covenant not to sue or not to enforce judgment is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort, or to one or more co-obligors mutually subject to contribution rights, it shall have the following effect:
>
> (a) It shall not discharge any other such party from liability unless its terms so provide, but it shall reduce the claims against the others in the amount stipulated by the release. . .of in the amount of the consideration paid for it whichever is greater;
>
> (b) It shall discharge the party to whom it is given from all liability for any contribution to any other parties.

C.C.P. §877.

Additionally, C.C.P. §877.6 sets forth the procedural guidelines for approving a settlement between less than all the parties.  C.C.P. §877.6 states in relevant part:

> (a)(1) Any party to an action in which it is alleged that two or more parties are joint tortfeasors or co-obligors on a contract debt shall be entitled to a hearing on the issue of the good faith settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors or co-obligors…
>
> ***
>
> (c)    A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault.

California courts entertain the following factors to determine whether a settlement was made in good faith: (i) a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability, (ii) the amount paid in the settlement, (iii) a recognition that a settlor should pay less in a settlement than if found liable after trial, (iv) the allocation of the settlement proceeds among plaintiffs, (v) the settlor's financial condition and insurance policy

6

APPLICATION FOR GOOD FAITH DETERMINATION

limits, if any, and (vi) evidence of any collusion, fraud or tortious conduct between plaintiffs and the settlor aimed at making the non-settling parties pay more than their fair share. *Tech-Bilt, Inc. v. Woodward-Clyde & Assoc.,* 38 Cal.3d 488, 499 ("*Tech-Bilt*").

Additionally, courts determine whether a settlement is made in good-faith based on the "information available at the time of settlement." *Tech-Bilt* at 499. However, the factors identified in *Tech-Bilt* are not exclusive. In fact, "it is…possible that the court will determine other criteria are more appropriate; if so, such criteria should be used." *Brehm Communities v. Superior Court*, 88 Cal.App.4th 730, 737 (2001). In order for a court to determine that a settlement is not in "good faith", the settlement must be "so far 'out of the ballpark' in relation to [the] factors as to be inconsistent with the equitable objectives of the statute." *See* 38 Cal.3d at 500.

Essentially, a determination of "good-faith" under *Tech-Bilt* focuses on "whether the amount of the settlement is within the reasonable range of the settling tortfeasor's proportional share of comparative liability for the plaintiff's injuries." *See* 38 Cal.3d at 499. The "reasonable range" is broadly construed and "leaves substantial latitude to the parties and to the discretion of the trial court." *Id.* at 500.

**III.    Conclusion**

Based on the above stated authority, the Settlement Agreement attached as Exhibit A and Declaration of Robert H. Greenfield in Support of Good Faith Determination, and (Proposed) Order, MID hereby asks this Court to enter the proposed order of Good Faith Determination.

APPLICATION FOR GOOD FAITH DETERMINATION

Respectfully Submitted.

Dated:  June _____, 2011                                    GREENFIELD HARDY

                                                By:  _____/s/_____
                                                        ROBERT H. GREENFIELD
                                                        Attorneys for Defendants
                                                        Merced Irrigation District

8

APPLICATION FOR GOOD FAITH DETERMINATION