**GREBEN & ASSOCIATES**
1332 ANACAPA, SUITE 110
SANTA BARBARA, CA 93101
TELEPHONE: (805) 963-9090
FACSIMILE: (805) 963-9098

Jan A. Greben, SBN 103464
jan@grebenlaw.com
Jeff G. Coyner, SBN 233499
Jeff@grebenlaw.com
Danielle L. De Smeth, SBN 263309
danielle@grebenlaw.com

Attorneys for Defendant
County of Merced

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABARCA, RAUL VALENCIA, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>MERCK & CO., INC., et al.,<br><br>Defendants. | CASE NO.  1:07-CV-00388 OWW DLB<br><br>**NOTICE OF SETTLEMENT AND APPLICATION FOR GOOD FAITH DETERMINATION UNDER CAL. CODE OF CIV. PROC. SECTION 877.6(a)(2)** |

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that Defendant the County of Merced ("County") has settled in the above entitled action with Plaintiffs pursuant to the terms of the settlement agreement attached as Exhibit "A" to the declaration of Jeff Coyner in support of this application.  The County applies to this Court in accordance with California Code of Civil Procedure section 877.6(a)(2) for a determination that the settlement was made in good faith. The County relies upon this Notice of Settlement and Application; the Declaration of Jeff G. Coyner, and all documents filed in this action.

The subject notice and application for good faith were served to all parties and this Court

1
NOTICE OF MOTION AND MOTION FOR GOOD FAITH SETTLEMENT -1:07-CV-00388

on June 15, 2011. The twenty fifth (25) day after service of the motion falls on Saturday, July 9, 2011. The next business day is July 11, 2011. Should no party file a motion contesting this good faith application by July 11, 2011, the motion is properly granted.

Dated: June 15, 2011                               GREBEN & ASSOCIATES

                                               /s/ Jeff Coyner
                                              Jan A. Greben
                                              Jeff G. Coyner
                                              Danielle L. De Smeth
                                              Attorneys for Defendant County of Merced

## APPLICATION FOR GOOD FAITH DETERMINATION

### I.

### INTRODUCTION

Defendant, the County of Merced ("County") and Plaintiffs have reached a settlement in the above entitled matter. The only claims asserted against the County involve state law causes of action for nuisance, dangerous condition of public property and inverse condemnation. This action involves two primary issues: 1) the transport of pollutants and exposure of Plaintiffs and their property; and 2) damage claims based upon a flood in 2006 impacting Plaintiffs' properties.

Plaintiffs and the County – after significant discovery, a thorough investigation of the claims, and extended settlement negotiations – have agreed to settle all claims relating to Plaintiffs' pollution claims for the amount of $550,000. The County now brings the subject application under California Code of Civil Procedure section 877.6 requesting the Court find the settlement was reached in good faith.

### II.

### FACTS

Plaintiffs in this action own or reside in homes generally located in four areas described within the Complaint as follows: "Beachwood Plaintiffs" who own real property and/or resided in Merced County, generally in an area bounded by Ashby Road to the south, Beachwood Avenue to the west, the El Capital Canal to the east and Coronado Avenue to the north; the "Thornton/Lopes Plaintiffs" who own real property and/or reside or resided in Merced County, generally in an area bounded by Thornton Road to the west, Lopes to the south, Highway 140 to the north and Massasso Street to the east; the "Dairy Plaintiffs" who own real property and/or reside or resided on Franklin Road in Merced County, generally between Highway 99 and the Franklin Road Bridge; and the "Yosemite Plaintiffs" who own real property and/or reside or resided in Merced County, generally in an area bounded by Kirby Road to the west, Black Rascal Creek to the north, a raised irrigation lateral to the south and Fairfield Channel to the east. (collectively "Plaintiffs").

///

### A.   SPECIAL MASTER HONORABLE JOHN K. TROTTER'S FINDINGS REGARDING SETTLEMENT

Plaintiffs and the County have entered a settlement agreement in the amount of $550,000.00. A copy of the agreement is attached as Exhibit "A" to the declaration of Jeff Coyner ("Coyner Decl."). The claims with regard to environmental contamination and injuries related to the contamination have been settled as outlined in the settlement.

A proposed consent and order appointing the Honorable John K. Trotter (Ret.) a F.R.C.P. Rule 53 Special Master on April 27, 2011. The duties of Justice Trotter under the stipulation include recommendations as to good faith settlement as between the County and Plaintiffs. Justice Trotter has issued his findings and recommendations. *See* Exhibit "B" to Coyner Decl. After reviewing the settlement agreement between Plaintiffs and the County, in light of the facts of the action, Justice Trotter has found:

"1.   The Settlement Agreements are fair, reasonable and adequate to the Plaintiffs;

2.   The Settlement Agreements are made in good faith thereby barring any equitable counterclaim for contribution and indemnity from any party;

3.   The Settlement Agreements have been negotiated at arm's length between competent, able counsel, and no collusion exists or existed in connection with the Settlement Agreements;...

9.   The record is sufficiently developed and complete to enable Plaintiffs and Defendants to evaluate and consider their positions." *Id.*

Furthermore, Judge Trotter has found that the settlement is binding on all Plaintiffs without necessity of individual Plaintiffs signatures. *Id.*

### III.
### THE SETTLEMENT BETWEEN PLAINTIFF AND DEFENDANTS WAS ENTERED INTO IN GOOD FAITH

California Code of Civil Procedure section 877 provides in pertinent part:

> "Where a release, dismissal with or without prejudice, or a covenant not to sue or not to enforce judgment is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort, or to one or more other co-obligors

mutually subject to contribution rights, it shall have the following effect. . .
(b) It shall discharge the party to whom it is given from all liability for any contribution to any other parties."

California Code of Civil Procedure section 877.6 states as follows:

"(a)(1) Any party to an action in which it is alleged that two or more parties are joint tortfeasors or co-obligors on a contract debt shall be entitled to a hearing on the issue of good faith of the settlement entered into by the plaintiff or other claimant and or more alleged tortfeasors or co-obligors upon giving notice in the manor provided in subdivision (d) of section 1005.
...

(c) A determination by the Court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any current claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity based on comparative negligence or comparative fault.
(d) The party asserting the lack of good faith shall have the burden of proof on that issue."

The provisions of Sections 877 and 877.6 governing the effect that a settlement agreement has on a settling defendant's potential liability to other defendants for contribution or comparative indemnity have two major goals: the encouragement of settlements and the equitable sharing of damages among the parties at fault. *Tech Bilt, Inc. v. Woodward, Clyde and Associates* (1985) 38 Cal.3d 488 [213 Cal.Rptr.256.]

The Court must take into account several factors when determining the good faith in a settlement. The factors that must be considered in deciding whether or not a settlement was in good faith are set out in *Tech-Bilt*:

"(1) a rough approximation of plaintiff's total likely recovery and the settling party's proportionate liability;
(2) the amount paid in settlement;
(3) the amount paid in settlement proceeds among the plaintiffs in multi-plaintiff cases.
(4) a recognition that the settling party should pay less in settlement than after a finding of liability at trial;
(5) the financial condition and insurance policy limits of the settling defendants; and
(6) the existence of collusion, fraud, or tortious conduct intended to injure the interests of the nonsettling defendants."

### A. THE SETTLEMENT WAS ENTERED INTO AT ARMS LENGTH AND IN GOOD FAITH AS FOUND BY JUDGE TROTTER

Justice Trotter has previously made findings presented to the Court that the settlement agreement constitutes adequate consideration to Plaintiffs, the agreement was reached at arms length and the Plaintiffs and the County have entered their settlement in light of a sufficient information as to the claims and defenses in this action. As a result, the proposed settlement has been found by Justice Trotter to have been entered in good faith.

Federal courts may apply the substantive law of the state in making its good faith determination pursuant to section 877.6 when exercising supplemental jurisdiction as to state law claims. *Mason and Dixon Intermodal, Inc. V. Lapmaster Int'l. LLC*, 632 F3d 1056, 1060 (9th Cir. Jan. 18, 2011). The only actions by Plaintiffs against the County were inverse condemnation, dangerous condition of public property and nuisance. Therefore, a finding of good faith is proper.

### B. THE COURT MAY ISSUE A DETERMINATION OF GOOD FAITH EVEN IF THE ACTION HAS BEEN PREVIOUSLY DISMISSED

Pursuant to California Code of Civil Procedure section 877.6(a)(2) either party to a settlement may bring an application for determination of good faith by serving a notice of settlement. The party seeking a good faith determination must file proof of service and no-settling parties may contest the good faith of the settlement by filing a motion within twenty-five days after the mailing of the notice. *Id*. Upon expiration of the twenty five days, a court may make a determination of good faith.

The subject notice and application for good faith were served on June 15, 2011. The twenty fifth day after service of the motion falls on Saturday, July 9, 2011. The next business day is July 11, 2011. Should no party file a motion contesting this good faith application by July 11, 2011, the motion is properly granted.

///

///

///

## VI.

## CONCLUSION

Based upon the foregoing, the County respectfully requests the Court grant approve its application for good faith settlement. At the time of the filing of this application, Plaintiffs' counsel and counsel for the county have signed the Agreement. The County Board of supervisors will sign the Agreement this week, and the County requests that this motion be granted as of the date of full execution of the agreement.

Dated: June 15, 2011                    GREBEN & ASSOCIATES

      /s/ Jeff Coyner
Jan A. Greben
Jeff G. Coyner
Danielle L. De Smeth
Attorneys for Defendant County of Merced