UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABARCA, RAUL VALENCIA, et. al.,<br><br>Plaintiffs,<br><br>v.<br><br>MERCK & CO., INC., et. al.,<br><br>Defendants. | Case No. 1:07-CV-00388 OWW DLB<br><br>ORDER OF SETTLEMENT |

<u>ORDER</u>

Defendants Merced Irrigation District's and Merced Irrigation District Drainage Improvement District No. 1's Application for Determination of Good Faith Settlement and request for settlement was presented to this Court on June 10, 2011.  Supplemental declarations of counsel have been submitted and the matter came before this Court on June 16, 2011 and then again on July 20, 2011. Having reviewed all documents filed with respect to this request and the matter submitted by all Counsel,

This Court finds that:

1. The Settlement Agreements have been consented to in writing by the required two-thirds majority of all Plaintiffs, pursuant to the retainer agreement with Plaintiffs' counsel.  The Settlement Agreement, attached hereto as Exhibit A to this order, is binding upon all plaintiffs without the necessity of individual Plaintiffs' signatures on the Settlement Agreements.  The execution of the Settlement Agreements by the Plaintiffs' counsel of record in this matter is sufficient to bind all Plaintiffs to the terms set forth therein;

2. The Application of MID and MDD#1 was made pursuant to the provisions of California Code of Civil Procedure §877.6(a)(2);

3. Copies of the Application and Proposed Order were served by certified mail, return receipt requested, on this Court and on all parties to this action on June 10, 2011.

4.  As of July 6, 2011, twenty six days have elapsed and no Notice of Motion to contest the good faith of the settlement was served or filed within the time prescribed by the California Code of Civil Procedure §877.6(a)(2).

5.  Therefore, the Court finds that the settlement agreement attached to the Application for Good Faith Determination was made in good faith between the parties to the agreement, within the meaning of California Code of Civil Procedure §877.6.

6.  Any claims of equitable comparative contribution or partial or comparative indemnity, based on comparative negligence or comparative fault against Merced Irrigation District or Merced Drainage District #1 are hereby dismissed and/or forever barred from being brought by any joint tortfeasor or co-obligor to these claims.

7.  Any and all claims of all Plaintiffs for contamination and/or environmental contamination are hereby dismissed with prejudice as and against MID and MDD#1.

8.  Claims means all actual, potential, threatened or alleged past, present or future claims, actions, counts, cross-claims, counter-claims, rights, obligations, liabilities, duties, demands, requests, suits, lawsuits, direct actions, administrative proceedings, Potentially Responsible Party letters, Notices of Responsibility, judgments, settlements, statutory or regulatory obligations, governmental agency claims, orders, demands or directives,

1 arbitrations, mediations, causes of action and any other
2 assertions or allegations of liability or responsibility of any kind,
3 type or description whether legal or equitable, and whether
4 currently known or unknown, asserted or unasserted, fixed or
5 contingent, mature or unmatured, liquidated or unliquidated,
6 direct or consequential, foreseen or unforeseen and whether
7 sounding in tort, toxic tort, contract, equity, nuisance, trespass,
8 negligence, strict liability, product liability or any other
9 statutory, regulatory, administrative or common law cause of
10 action of any sort.

12  9.  Environmental Contamination means the actual, alleged,
13 potential or threatened contamination or exposure of, or damage
14 or injury to, air, environment, atmosphere, soil, sediments,
15 property (including real and personal), water (including without
16 limitation groundwater, surface water and any other form or
17 body of water), or any person by, or arising from the presence,
18 existence, movement, emission, discharge, dispersal, seepage,
19 migration, release, disposal, dumping or escape of any solid,
20 semi-solid, liquid, gaseous, or thermal irritants, contaminates,
21 pollutants, toxins, vapors, soot, smoke, dust, mists, fumes, acids,
22 alkalis, chemicals, oil, petroleum, biological or other etiological
23 agents or materials, genetically engineered materials,
24 teratogenic, carcinogenic, or mutagenic materials, waste
25 materials of any type, or any other substance, irritant,
26 contaminant or pollutant, or any form of toxic, hazardous or
27 injurious substance or material, including without limitation any
28 other substance or material alleged by any Person now or in the

- 3 -   ORDER FOR GOOD FAITH DETERMINATION
1:07-CV-00388 OWW DLB

future to be detrimental, harmful, injurious, hazardous, noxious or toxic.

10. Contamination Claims means any and all Claims that have been or could have been brought by the Abarca Plaintiffs against MID and/or MDD#1 for alleged and/or actual damage or injury arising from or related to Environmental Contamination. Contamination Claims shall also include the fear or anxiety or emotional distress associated with actual exposure or the possibility of exposure to Environmental Contamination. Contamination Claims also includes, but is not limited to, the following claims for relief asserted by the Abarca Plaintiffs in their Eighth Amended Complaint against MID and/or MDD#1: Fifth, Sixth, Seventh, and Eighth Claims for Relief – Inverse Condemnation Non-BAC Facility Related (as to those allegations asserting damages for inverse condemnation resulting from discharge of Environmental Contamination); Ninth Claim for Relief-Inverse Condemnation related to BAC Contamination; Eleventh Claim for Relief-Dangerous Condition to Public Property (as to those allegations asserting damages for dangerous condition to public property resulting from Environmental Contamination); and Thirteenth Claim for Relief-Nuisance (as to those allegations asserting damages for nuisance resulting from Environmental Contamination); and any known or unknown claim for damages associated with Environmental Contamination which any Abarca Plaintiff could assert against MID and/or MDD#1 by further amendment to the Complaint.

11.  Pursuant to the Settlement Agreement, Exhibit A, all settlement drafts paid on behalf of MID and MDD#1 shall be delivered for deposit in the Shernoff Bidart Echeverria Client Trust Account on or before July 31, 2011.

12.  No funds received pursuant to the settlement agreement may be disbursed from the Shernoff Bidart Echeverria Client Trust Account unless and until an order of this Court is issued approving such disbursement.

IT IS SO ORDERED.

IT IS SO ORDERED.

Dated: **July 18, 2011**        **/s/ Oliver W. Wanger**
UNITED STATES DISTRICT JUDGE

- 5 -

ORDER FOR GOOD FAITH DETERMINATION
1:07-CV-00388 OWW DLB