**GREBEN & ASSOCIATES**
1332 ANACAPA, SUITE 110
SANTA BARBARA, CA 93101
TELEPHONE: (805) 963-9090
FACSIMILE: (805) 963-9098

Jan A. Greben, SBN 103464
jan@grebenlaw.com
Jeff G. Coyner, SBN 233499
jeff@grebenlaw.com
Danielle L. De Smeth, SBN 263309
danielle@grebenlaw.com

Attorneys for Defendant
County of Merced

UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABARCA, RAUL VALENCIA, et al.<br><br>Plaintiff,<br><br>vs.<br><br>MERCK & CO., INC., et al.,<br><br>Defendants. | CASE NO. 1:07- cv-00388-OWW-DLB<br><br>**ORDER REGARDING SETTLEMENT** |

///
///
///
///
///
///
///
///

///

///

## ORDER

Defendant the County of Merced's ("the County") Application for Determination of Good Faith Settlement and request for settlement was presented to the Court on June 15, 2011, Dkt. No. 1326, Supplemental declarations of counsel were submitted on July 13, 2011, Dkt. No. 1355 and the matter came before the Court on June 16, 2011 and then again on July 20, 2011. Having reviewed all documents filed with respect to this request and the matter submitted by all Counsel,

The Court finds that:

1. The Settlement Agreements have been consented to in writing by the required two-third majority of all Plaintiffs, pursuant to the retainer agreement with Plaintiffs' counsel. The Settlement Agreement, attached hereto as Exhibit A, is binding upon all Plaintiffs without the necessity of individual Plaintiffs' signatures on the Settlement Agreement. The execution of the Settlement Agreements by the Plaintiffs' counsel of record in this matter is sufficient to bind all Plaintiffs to the terms set forth therein.

2. The Application of the County was made pursuant to the provisions of California Code of Civil Procedure ("CCP") §877.6(a)(2).

3. Copies of the Application and Proposed Order were served by certified mail, return receipt requested, on this Court and on all parties to this action on June 15, 2011.

4. As of July 11, 2011, twenty seven days have elapsed and no Notice of Motion to contest the good faith of the settlement was served or filed within the time prescribed by CCP §877(a)(2).

5. Therefore, the Court finds that the Settlement Agreement attached to the Application for Good Faith Determination was made in good faith between the parties to the Agreement, within the meaning of CCP §877.6.

6. Any claims of equitable comparative contribution or partial or comparative indemnity, based on comparative negligence or comparative fault against the Court are hereby

      dismissed and/or forever barred from being brought by any joint tortfeasor or co-obligor to these claims.

7. Any and all claims of all Plaintiffs for contamination and/or environmental contamination are hereby dismissed with prejudice as to and against the County.

8. Claims means any and all actual, potential, threatened or alleged past, present or future claims, actions, counts, cross-claims, counter-claims, rights, obligations, liabilities, duties, demands, requests, suits, lawsuits, direct actions, administrative proceedings, Potentially Responsible Party letters, Notices of Responsibility, judgments, settlements, statutory or regulatory obligations, governmental agency claims, orders, demands or directives, arbitrations, mediations, causes of action and any other assertions or allegations of liability or responsibility of any kind, type or description whether legal or equitable, and whether currently known or unknown, asserted or unasserted, fixed or contingent, mature or unmatured, liquidated or unliquidated, direct or consequential, foreseen or unforeseen and whether sounding in tort, toxic tort, contract, equity, nuisance, trespass, negligence, strict liability, product liability or any other statutory, regulatory, administrative or common law cause of action of any sort.

9. Environmental Contamination means the actual, alleged, potential or threatened contamination or exposure of, or damage or injury to air, environment, atmosphere, soil, sediments, property (including real and personal), water (including without limitation groundwater, surface water and any other form or body of water), or any person by, or arising from the presence, existence, movement, emission, discharge, dispersal, seepage, migration, release, disposal, dumping or escape of any solid, semi-solid, liquid, gaseous, or thermal irritants, contaminates, pollutants, toxins, vapors, soot, smoke, dust, mists, fumes, acids, alkalis, chemicals, oil, petroleum, biological or other etiological agents or materials, genetically engineered materials, waste materials of any type, or mutagenic materials, waste materials of any type, or any other form of toxic, hazardous or injurious substance or material, including without limitation, any other substance or material alleged by any person now or in the future to be detrimental, harmful, injurious,

1       hazardous, noxious or toxic.

2   10. Contamination Claims means any and all claims that have been or could have been
3       brought by the Abarca Plaintiffs against the Court and/or actual damage or injury arising
4       from or related to Environmental Contamination.  Contamination Claims shall also
5       include the fear or anxiety or emotional distress associated with actual exposure or the
6       possibility of exposure to Environmental Contamination.  Contamination Claims also
7       includes, but is not limited to, the following claims for relief asserted by the Abarca
8       Plaintiffs in their Eighth Amended Complaint against the County: Fifth, Sixth, Seventh,
9       and Eighth Claims for Relief – Inverse Condemnation Non-BAC Facility Related (as to
10      those allegations asserting damages for inverse condemnation resulting from discharge of
11      Environmental Contamination); Ninth Claim for Relief-Inverse Condemnation related to
12      BAC Contamination; Eleventh Claim for Relief-Dangerous Condition to Public Property
13      (as to those allegations asserting damages for dangerous condition to public property
14      resulting from Environmental Contamination); and Thirteenth Claim for Relief-Nuisance
15      (as to those allegations asserting damages for nuisance resulting from Environmental
16      Contamination); and any known or unknown claim for damages associated with
17      Environmental Contamination which any Abarca Plaintiff could assert against the County
18      by further amendment to the Complaint.

19  11. Pursuant to the Settlement Agreement, attached hereto as Exhibit A, all settlement drafts
20      paid on behalf of the County shall be delivered for deposit in the Shernoff Bidart
21      Echeverria Client Trust Account on or before July 29, 2011.

22  12. No funds received pursuant to the Settlement Agreement may be disbursed from the
23      Shernoff Bidart Echeverria Client Trust Account unless and until an order of this Court is
24      issued approving such disbursement.

28  IT IS SO ORDERED.

1
2   **Dated:   July 22, 2011**                    /s/ Oliver W. Wanger
                                                UNITED STATES DISTRICT JUDGE
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28