IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL VALENCIA ABARCA, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> MERCK & CO., INC., et al., ) <br> ) <br> Defendants. ) <br> _____) | 1:07cv0388 OWW DLB <br><br> ORDER DENYING DEFENDANT <br> MERCED IRRIGATION DISTRICT'S <br> MOTION TO COMPEL INTERROGATORY <br> RESPONSES FROM PLAINTIFFS <br> (Doc. 1397) <br><br> ORDER ISSUING PROTECTIVE ORDER <br> AND GRANTING IN PART PLAINTIFFS' <br> REQUEST FOR EXPENSES |

Defendant Merced Irrigation District ("MID") filed the instant motion to compel plaintiffs to respond to interrogatories on July 20, 2011. The motion was heard on August 12, 2011, before the Honorable Dennis L. Beck, United States Magistrate Judge. Eric Steinle appeared on behalf of Defendant MID. Michael Marderosian, Brett Runyon and Heather Cohen appeared personally and John McCann appeared telephonically on behalf of Plaintiffs. Additionally, Stephen Lewis appeared telephonically on behalf of Defendant Merck & Co., Inc., and Danielle DeSmeth appeared telephonically on behalf of Defendant County of Merced.

**BACKGROUND**

The instant case involves the alleged discharge of pollutants from various public and private wastewater treatment, refuse, and disposal facilities, irrigation canals, and other facilities in Merced County. On March 26, 2010, Plaintiffs filed an Eighth Amended Complaint against multiple

1

defendants, including Defendants MID and Merced Drainage District No. 1 ("MDD#1"). Plaintiffs asserted causes of action against MID and public entities for inverse condemnation, dangerous condition of public property, and nuisance.

On July 25, 2007, the court issued a Scheduling Conference Order addressing the initial discovery plan and proposed discovery limits. The court stated as follows:

> Given the complex nature of this litigation, the parties anticipate that statutory provisions relating to the sequence, timing, limitations and other procedural issues related to discovery will have to be modified. Specific issues will be addressed by the parties as this litigation progresses.

Doc. 31, p. 52.

On February 11, 2008, MID served a set of 25 special interrogatories addressed to all plaintiffs. Declaration of Michael G. Marderosian ("Marderosian Dec.") ¶ 2, Exhibit A. Plaintiffs responded to the interrogatories and also provided supplemental responses. Marderosian Dec. ¶ 2.

On January 7, 2009, the court set a discovery cut off date of June 30, 2010. The court did not address discovery limits. Doc. 238.

On August 12, 2009, the court issued an amended scheduling order, which phased discovery. Phase 1's focus was the issue of *general exposure*; that is whether contaminants had ever reached any location where plaintiffs could have been exposed, when and how such contaminants arrived at the location, how long they were present and at what levels. Phase 2's focus was the issue of *general causation*; that is, whether any of the contaminants to have reached a location where plaintiffs could have been exposed are capable of causing the types of injuries alleged by plaintiffs. Phase 3's focus was plaintiff-specific exposure and causation, and included remaining percipient witnesses. During Phase 1, the court stayed all discovery not relevant to general exposure, with the exception of written discovery propounded prior to July 31, 2009. All discovery related to Phase 1 was to be completed by April 16, 2010. Doc. 540.

On December 24, 2009, the court extended Phase 1 discovery to May 6, 2010. Doc. 604.

On July 20, 2010, the court confirmed the Phase 1 jury trial for November 23, 2010. Doc. 819. Subsequently, the jury trial was continued to February 1, 2011. Doc. 987.

On January 12, 2011, MID and MDD#1 reached a settlement agreement with Plaintiffs regarding the contamination claims. Based on the settlement, MID and MDD#1 sought to be excused from the Phase 1 trial. Doc. 993.

On January 25, 2011, the court issued a scheduling conference order regarding the trial of claims against MID and the public entities for inverse condemnation, dangerous condition of public property and nuisance. The court ordered the parties to complete all fact witness discovery by August 1, 2011. There was no order regarding discovery limits. The court also ordered Plaintiffs to disclose expert witnesses by September 2, 2011, and scheduled trial for June 19, 2012. Doc. 1075.

The Phase 1 jury trial began on February 2, 2011. The jury reached a verdict on March 31, 2011. Doc. 1226.

On February 18, 2011, during the Phase 1 trial, MID served a second set of interrogatories to four identified "groups" of plaintiffs: (1) Beachwood plaintiffs (interrogatories nos. 26-167); (2) Dairy plaintiffs (interrogatories nos. 26-173); (3) Thornton-Lopes plaintiffs (nos. 26-173); and (4) Yosemite plaintiffs (interrogatories nos. 26-182). Marderosian Dec. ¶ 3. Plaintiffs formally objected to the interrogatories on March 23, 2011, claiming that they exceeded the discovery limits of Federal Rule of Civil Procedure 33 because Plaintiffs had already provided responses to MID's first set of interrogatories. Marderosian Dec. ¶ 5.

On May 3, 2011, the court appointed Judge John K. Trotter to act as special master for the purpose of assisting MID in certain aspects of the settlement agreement and release relating to Phase 1. Doc. 1266. The court found that MID and MDD#1 had reached a good faith settlement agreement with Plaintiffs regarding claims for contamination. Doc. 1376.

On June 28, 2011, MDD#1, which is represented by MID's counsel, served interrogatories substantially similar to MID's interrogatories at issue here, but directed the interrogatories to specific plaintiffs. Marderosian Dec. ¶ 14. Plaintiffs expressed their intent to respond to the MDD#1 interrogatories. Marderosian Dec. ¶¶ 16, 18.

On July 20, 2011, MID filed the instant motion to compel responses to its February 18, 2011 interrogatories. Doc. 1397.

3

1    On August 3, 2011, MID and MDD#1 reached a settlement of all claims brought by some, but not all, plaintiffs.  Doc. 1425.

On August 5, 2011, the parties filed a joint statement of discovery dispute.  Doc. 1433.

### DISCUSSION

MID seeks an order compelling a response to its second set of interrogatories, which were served in February 2011.  MID contends that the second set of interrogatories are appropriate and do not exceed the discovery limits imposed by Fed. R. Civ. P. 33.  MID explains that its second set of interrogatories includes the following: (1) contention interrogatories addressing the allegations of inverse condemnation; (2) interrogatories seeking evidence of each specific harm alleged; and (3) contention interrogatories addressing allegations of a dangerous condition of public property.  Joint Statement, p. 9.

Plaintiffs counter that MID's second set of interrogatories exceed the Rule 33 numerical limits because MID previously propounded 25 interrogatories on all plaintiffs.  Plaintiffs argue that MID failed to seek a court order to exceed the discovery limits and thus Plaintiffs are not required to respond.

Plaintiffs further contend that there is no basis to require them to respond to MID's interrogatories because MDD#1, an affiliated agency of MID that also is represented by MID's defense counsel, served the same interrogatories as those at issue here.  Plaintiffs report that they are in the process of responding to those interrogatories.

Plaintiffs request a protective order and an award of attorney fees because MID delayed in bringing the instant motion and MDD#1 propounded the same interrogatories.

Pursuant to Rule 33, each party is allowed to serve 25 interrogatories on any other party unless otherwise stipulated or ordered by the court.  Fed. R. Civ. P. 33(a)(1).  Here, there is no indication that the court issued any orders expanding the Rule 33 numerical limits on interrogatories.  The parties also did not stipulate to extend the limits.  Although MID contends that it was entitled to serve a set of 25 interrogatories on each individual plaintiff, which amounts to a total of 51,675

4

interrogatories (2,067 plaintiffs[1] x 25), the Court finds it unnecessary to reach this issue.

MID's position is undermined by the nearly identical interrogatories propounded by MDD#1 and Plaintiffs' agreement to provide corresponding responses. MID has been unable to dispute the Plaintiffs' contention that the two sets of interrogatories are substantially, if not entirely, similar. Indeed, MID has admitted that the discovery sent by MDD#1 "included most but not all of the interrogatories in dispute here." Declaration of Jeffrey F. Oneal ("Oneal Dec.") ¶ 6. Although MID indicated that certain interrogatories seeking identification of documents supporting various contentions were omitted and some "additional interrogatories" were added, they did not identify any of the "additional interrogatories." Oneal Dec. ¶ 6.

At the hearing, defense counsel was still unable to identify any differences between the interrogatories. Defense counsel noted that the MDD#1 set did not ask for the identification of documents, but also admitted that MID propounded at least one set of document requests and that Plaintiffs produced responsive documents. After considering the joint statement and the arguments presented at hearing, the Court finds no basis for requiring Plaintiffs to provide responses to essentially duplicative sets of interrogatories. It is apparent that MID brought this motion in the spirit of discovery "gotcha" and solely because it contends that Plaintiffs' have waived any objections save the numerical limit on interrogatories.

Accordingly, MID's motion to compel is DENIED.

Pursuant to Fed. R. Civ. P. 37(a)(5)(B), if a motion to compel is denied, a court may issue any protective order authorized under Rule 26(c). Fed. R. Civ. P. 26(c) provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Protective orders provide a safeguard for parties and other persons in light of the otherwise broad reach of discovery. Fed. R. Civ. P. 26(c), Advisory Comm. Notes (1970); United States v. Columbia Broadcasting System, Inc., 666 F.2d 364, 368-369 (9th Cir. 1982). In determining whether good cause exists for the protective order, the court must balance the interests in allowing discovery against the relative burdens to the parties. In re Coordinated Pretrial

---

[1] Plaintiffs point out that only 878 of them are asserting claims against MID.

Proceedings, 669 F.2d 620, 623 (10th Cir. 1982); see also Wood v. McEwen, 644 F.2d 797, 801-802 (9th Cir. 1981). Here, the Court finds that MID's interrogatories are unduly burdensome in light of the substantially similar interrogatories propounded by MDD#1. There is no indication that Plaintiffs' responses to the MDD#1 interrogatories will not sufficiently address MID's interrogatories. Therefore, it appears the burden of responding outweighs any likely benefits to MID. For these reasons, a protective order is warranted. Plaintiffs are not required to provide responses to MID's February 2011 interrogatories unless MID can demonstrate that it is unable to obtain the requested information by other means.

Plaintiffs also request an award of attorney fees and sanctions for having to respond to the instant motion. If, as here, a motion to compel discovery is denied, the court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). The court "must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." Id. In the instant case, MID's motion was not substantially justified given the substantially similar interrogatories propounded by MDD#1, along with Plaintiffs' agreement to provide responses to the MDD#1 interrogatories. After allowing MID an opportunity to be heard, the Court finds that an award of expenses is justified.

Plaintiffs' counsel, Mr. Marderosian, declares that his hourly rate is $650.00. He spent 15.5 hours to prepare the response and anticipated an additional 4.5 hours to review the reply and attend oral argument. Marderosian Dec. ¶ 20. Therefore, Plaintiffs seek attorney fees in the total amount of $13,000.00 ($650.00 x 20). Although Mr. Marderosian has considerable experience and background, the Court considers his rate too high for the type of motion at issue and reduces his hourly rate to $200.00. Pursuant to Fed. R. Civ. P. 37(a)(5)(B), the Court, in its discretion, finds it appropriate to award Plaintiffs attorney fees totaling $4,000.00.

//
//

**CONCLUSION**

As outlined above, MID's motion to compel is DENIED. Plaintiffs' request for a protective order is GRANTED. Plaintiffs are not required to respond to the interrogatories propounded by MID on February 18, 2011, unless, and until, MID can demonstrate an inability to obtain the requested information by other means.

In addition, the Court AWARDS Plaintiffs the expenses incurred in responding to the motion in the amount of $4,000.00. Defendant MID and its counsel shall pay this amount to Plaintiffs within **fourteen (14) days** of the date of service of this order.

IT IS SO ORDERED.

**Dated:   August 22, 2011**                          /s/ **Dennis L. Beck**
                                                         UNITED STATES MAGISTRATE JUDGE

7