# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No. 1:07-cv-00388 DOC (DLBx)                    Date: December 16, 2011

Title: ABARCA, et al. v. MERCK & CO., INC., et al.

---

DOCKET ENTRY
[I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]

Date:_____  Deputy Clerk: _____

---

PRESENT:
#### THE HONORABLE DAVID O. CARTER, JUDGE

  Julie Barrera                                Not Present
Courtroom Clerk                             Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                              NONE PRESENT

---

PROCEEDING (IN CHAMBERS): ORDER DETERMINING REPRESENTATIVE PLAINTIFF SELECTION FOR FLOOD CASE

The Court has read and considered both parties' submissions regarding the selection of representative plaintiffs in the flood case. Plaintiffs previously elected to have all twenty representative properties chosen from the pool of "water plaintiffs," as previously defined by this Court (Docket 1523). The Court will randomly select all twenty representative properties from the list - as a whole - provided by Plaintiffs (Docket 1523-1). This was the solution agreed upon by all parties at the November 14, 2011 status conference and the Court is not persuaded that fairness dictates the selection of one property from each of the four neighborhoods. Because all neighborhoods other than Beachwood are comprised of a very small number of properties, there is too much risk that such a selection process would unfairly benefit Plaintiffs. Whether or not there are different flooding mechanisms for some of the neighborhoods - other than Yosemite - is contested. This general causation issue seems less troubling than in the contamination case, where it is necessary to prove each alleged injury. Here, it seems settlement of claims of the remaining properties will be possible, even if the flooding mechanism at work was not exactly identical. Particularly because the Yosemite neighborhood is only one property, the slight possibility of settlement difficulty does not warrant the risk of prejudice to Defendants that

MINUTES FORM 11 DOC                      Initials of Deputy Clerk SA-CAED
CIVIL - GEN                                              Page 1 of 2

would occur if Plaintiffs' suggestion is followed.

By the same token, the Court is not concerned with Defendants' contention that Plaintiffs are impermissibly reducing the size of overall pool to "increase the pool of best plaintiffs." Plaintiffs have the discretion to determine the number of potential plaintiffs in the case. If Plaintiffs wish to exclude the less serious cases from the pool of plaintiffs, that is their prerogative. It should be made abundantly clear, however, that only those properties appearing on the list from which the Court selects the twenty representatives will be permitted to remain in the case. Plaintiffs are not permitted to pick and choose the most damaged properties for the list and then seek to recover on behalf of the less damaged properties. If a property wishes to remain in the case, it must be on the list. In choosing to select no "landscape damage" plaintiffs, Plaintiffs effectively excluded those plaintiffs from the case. Again, only those properties on the final list from which the Court chooses representative properties may remain in the case.

To ensure that Plaintiffs do not suffer any prejudice from a previous misunderstanding of the Court's intention regarding properties not on the list, the Court will extend some additional time to make any necessary revisions to the list. An amended list of properties, if any, must be submitted by **December 21, 2011 at 12:00 p.m.** Defendants shall file any objections to the new list by **December 23, 2011 at 5:00 p.m.**

The Clerk shall serve this minute order on all parties to the action