UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABARCA, RAUL VALENCIA, et al., | CASE NO. 1:07-CV-0388 DOC (DLBx) |
| Plaintiff(s), | |
| v. | **O R D E R** GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING PROPERTY DAMAGE CLAIMS |
| MERCK & CO., INC., et al., | |
| Defendant(s). | |

Before the Court is a Motion for Summary Judgment Regarding Property Damage Claims (Docket 1557) filed by Defendant County of Merced and joined by Merced Irrigation District and Merced Drainage District No. 1 (Docket 1559) (collectively, "Flood Defendants") ("Property Damage Motion"). After considering the moving, opposing, and replying papers, as well as oral argument, the Court GRANTS the Property Damage Motion.

**I. BACKGROUND**

The vast majority of the extremely complex factual and procedural background of this

case is irrelevant for the purposes of the present Property Damage Motion. There are only two relevant facts for the purposes of this Motion. First, the group of Plaintiffs at issue for the present Motion ("Non-Owner Landscape Plaintiffs"[1]) are not listed on the titles of the properties for which they seek damages. Defendants' Statement of Undisputed Facts ("SOF"), ¶ 1. Second, the properties of the Non-Owner Landscape Plaintiffs are listed as only having incurred landscape damage. *Id.* at  ¶ 3. Defendants seek to dismiss the Non-Owner Landscape Plaintiffs because they only assert inverse condemnation claims despite the fact that they lack an interest in the properties, which is required for an inverse condemnation claim.

## II. LEGAL STANDARD

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The court must view the facts and draw inferences in the manner most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1992); *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1161 (9th Cir. 1992).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial, but it need not disprove

---

[1] The Summary Judgment Plaintiffs are Araujo, Luis Angel; Araujo, Vanessa; Araujo, Victor; Araujo, Rene; Garcia, Jesus; Barrera, Gilbert R., Sr.; Barrera, Gabrielle M.; Barrera, David Joseph; Barrera, Ann Marie; Barrera, Anore; Barrera, Amanda; Staley, Donovan; Railey, Charles; Davis, Jarrell; Davis, Dionte; Cosby, Marquis; Fregoso, Deanna Laura; Fregoso, Krista Cathrie; Garcia, Vanessa; Garcia, Monica; Garcia, Jamie; Riley, Roseanna Lee; Kately, Lesli Ann; Knight, Christian; McCrady, George W.; Hurtado, Erlinda; Larios, Jaquelin; Larios, Bryant; Lillard, Joshua Dean; Lillard, Roshell Monet; Lopez, Donna Alejo; Morrow, Lisa Diane; Lujan, Nick Isaac; Venegas, Cheyenne R.; Venegas, Cassandra L.; Venegas, River Frank; Venegas, Noah Elias; Lunda, Ricky Frank; Cairncross, Pamela Dawn; Rojas, Norman; Saldivar, Robert F.; Saldivar, Juan F.; Sanchez, Jesus; Sanchez, Imelda; Sanchez, Angel; Sanchez, Kevin Yuren; Sanchez, Jesus Jr.; Sanchez, Karen Priscilla; King, Reginald James; Tatro, April May; Tatro, Kiara; Southard, Nakitta Sky; King-Tatro, Shanea; King, Antwan James; Fairbank, Kandace; Fairbank, Devon; Veloz, Kenneth James; Wario, Jorge Luis Jr.; Wario, Margarita; Wario, Maria Isabel; Wario, Teresa; Williams, Brittany Fay; and Williams, Chase.

1 the other party's case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex Corp.*
2 *v. Catrett*, 477 U.S. 317, 323-25 (1986). When the non-moving party bears the burden of
3 proving the claim or defense, the moving party can meet its burden by pointing out that the non-
4 moving party has failed to present any genuine issue of material fact. *Musick v. Burke*, 913 F.2d
5 1390, 1394 (9th Cir. 1990).

6 Once the moving party meets its burden, the opposing party must set out specific facts
7 showing a genuine issue for trial; merely relying on allegations or denials in its own pleading is
8 insufficient. *See Anderson,* 477 U.S. at 248-49. A party cannot create a genuine issue of
9 material fact simply by making assertions in its legal papers. *S.A. Empresa de Viacao Aerea Rio*
10 *Grandense v. Walter Kidde & Co., Inc.*, 690 F.2d 1235, 1238 (9th Cir. 1982). Rather, there must
11 be specific, admissible evidence identifying the basis for the dispute. *Id.* The Supreme Court
12 has held that "[t]he mere existence of a scintilla of evidence . . . will be insufficient; there must
13 be evidence on which the jury could reasonably find for [the opposing party]." *Anderson*, 477
14 U.S. at 252.

**III. DISCUSSION**

17 To establish liability for inverse condemnation, a plaintiff must demonstrate four
18 elements: (1) an interest in real or personal property; (2) that the government entity substantially
19 participated in the planning, approval, construction, or operation of a public project or public
20 improvement; (3) damage to the property; and (4) that the government entity's act or omission
21 was a substantial cause of the damage. *Yamagiwa v. City of Half Moon Bay,* 523 F. Supp. 2d
22 1036, 1088 (N.D. Cal. Nov. 28, 2007) (citing *Imperial Cattle Co. v. Imperial Irrigation Dist.,*
23 167 Cal. App. 3d 263, 269 (1985)). Only the first element is at issue here. The Flood Defendants
24 seek summary judgment on the inverse condemnation claims of the Non-Owner Landscape
25 Plaintiffs because they lack the interest in property necessary for a successful inverse
26 condemnation claim. The Flood Defendants argue that because the Non-Owner Landscape
27 Plaintiffs are not on the title to the properties, they cannot assert claims for landscape damage.
28 Plaintiffs do not dispute that the Non-Owner Landscape Plaintiffs were merely occupants

but not owners of properties for which the only claims sought are landscape damage. *See* Plaintiffs' Opposition to Statement of Uncontroverted Facts and Conclusions of Law ("Opposition to SOF"). Instead, Plaintiffs argue that Defendants' Property Damage Motion must fail because it was not properly supported by evidence. Yet, the Court is in receipt of the electronic version of all documents relied upon in the Property Damage Motion (Docket 1579). Plaintiffs' procedural argument that Defendants did not comply with the requirements of Federal Rule of Civil Procedure 56(e) is thus lacking in factual support.

Plaintiffs do not dispute the accuracy of Defendants' contentions, nor do they produce any law or evidence to show that the Non-Owner Landscape Plaintiffs have any legally cognizable interest in the damaged landscapes at issue. Quite simply, there does not appear to be any dispute of material fact or law. The Non-Owner Landscape Plaintiffs resided at properties in which the only damage asserted was landscape damage and were not on the title to such properties. As such, it appears undisputed that the Non-Owner Landscape Plaintiffs have no interest in the damaged property, as is required for an inverse condemnation claim.

**IV. DISPOSITION**

For the aforementioned reasons, Defendants' Motion for Summary Judgment Regarding Property Damage Claims is hereby GRANTED. The inverse condemnation claims of the Non-Owner Landscape Plaintiffs shall be DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

DATED: April 16, 2012

_____
DAVID O. CARTER
United States District Judge