# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABARCA, RAUL VALENCIA, et al., <br><br> Plaintiff(s), <br><br> v. <br><br> MERCK & CO., INC., et al., <br><br> Defendant(s). | CASE NO. 1:07-CV-0388 DOC (DLBx) <br><br> **O R D E R GRANTING MOTION TO DISMISS PLAINTIFFS NOT ASSIGNED TO ANY INJURY CATEGORY** |

Before the Court is a Motion to Dismiss Plaintiffs Not Assigned to Any Injury Category (Docket 1571) filed by Defendants Amsted Industries, Inc., Baltimore Aircoil Company, and Merck & Co, Inc. (collectively, "Merck Defendants") ("Motion to Dimiss"). After considering the moving, opposing, and replying papers, as well as oral argument, the Court GRANTS the Motion to Dismiss.

On December 9, 2011, this Court ordered Plaintiffs to submit a list of "all plaintiffs who seek any remedy in this case against the Merck Defendants." (Docket 1533). On January 3, 2012, Plaintiffs submitted a list of 1,049 Plaintiffs (Docket 1538), who were all assigned to an injury category in the parties' January 20, 2012 Joint Stipulation (Docket 1545). There are 1,082

1  Plaintiffs named in the Eighth Amended Complaint that did not appear on Plaintiffs' list or in the
2  Joint Stipulation. Plaintiffs also later made clear that one of the selected representative plaintiffs
3  - Alejandra Aguirre - should not have been assigned to an injury category. Thus, there are 1,083
4  Plaintiffs that are the subject of this motion ("Unassigned Plaintiffs").

5  Both parties agree that the Unassigned Plaintiffs no longer have any viable claims against
6  the Merck Defendants after Judge Wanger's Phase 1 trial. Defendants seek to dismiss the
7  Unassigned Plaintiffs on this ground, while Plaintiffs argue that the Unassigned Plaintiffs should
8  be "warehoused" until the conclusion of this litigation. It is unclear why this Motion is at all
9  controversial; this Court is not aware of any case in which plaintiffs are permitted to remain in a
10 case despite the fact that they are acknowledged to have no viable claims. Plaintiffs make a
11 vague argument about preserving the Unassigned Plaintiffs' appellate rights but have not pointed
12 this Court to any reason why the Unassigned Plaintiffs, if dismissed now, would be unable to
13 appeal a final judgment in this case. Plaintiffs have also failed to point to any other potential
14 prejudice that would result from dismissing the Unassigned Plaintiffs. For all intents and
15 purposes, the Unassigned Plaintiffs have already been dismissed as a result of the Phase 1
16 verdict and Judge Wanger's subsequent orders; the present Motion to Dismiss merely seeks to
17 formalize what has already occurred. The issue thus seems extremely straightforward: the
18 Unassigned Plaintiffs no longer have a viable claim; therefore, they should be dismissed with
19 prejudice.

20 For the aforementioned reasons, the Merck Defendants' Motion to Dismiss is hereby
21 GRANTED. The Plaintiffs not listed in any injury category are hereby DISMISSED WITH
22 PREJUDICE.

24 IT IS SO ORDERED.
25 DATED: April 16, 2012

*David O. Carter*
_____
DAVID O. CARTER
United States District Judge