UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

ABARCA, RAUL VALENCIA, et al.,

    Plaintiff,

vs.

MERCK & CO., INC. et al.,

    Defendants.

Case No.: 1:07-CV-0388 DOC(DLBx)

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT REGARDING EMOTIONAL DISTRESS CLAIMS**

Before the Court is a Motion for Summary Judgment Regarding Emotional Distress Claims (Docket 1556) filed by Defendant County of Merced and joined by Merced Irrigation District and Merced Drainage District No. 1 (Docket 1558) (collectively, "Flood Defendants") ("Emotional Distress Motion"). After considering the moving, opposing, and replying papers, as well as oral argument, the Court GRANTS IN PART AND DENIES IN PART the Emotional Distress Motion.

    **I.**    **Background**

The vast majority of the extremely complex factual and procedural background of this case is irrelevant for the purposes of the present Emotional Distress Motion. Plaintiffs seek emotional distress damages stemming from the April 4, 2006 flood "which disrupted Plaintiffs' use and enjoyment of their real property, destroyed personal property, threatened personal injury to the plaintiffs, disrupted and interfered with plaintiffs' employment, and required days, weeks or months of cleanup and repair of the damage to real and personal property." Defendants' Undisputed Material Facts ("SOF"), ¶ 1. Plaintiffs do not allege that Defendants intentionally flooded Plaintiff properties, nor do they assert any personal injury claims against the Flood Defendants. *Id.* at ¶ 3-5. Plaintiffs' alleged emotional distress damages are linked to their claims for nuisance and dangerous condition of public property.

## II. Legal Standard

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court must view the facts and draw inferences in the manner most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1992); *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1161 (9th Cir. 1992). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial, but it need not disprove the other party's case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). When the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out that the non-moving party has failed to present any genuine issue of material fact. *Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990).

Once the moving party meets its burden, the opposing party must set out specific facts showing a genuine issue for trial; merely relying on allegations or denials in its own pleading is insufficient. *See Anderson,* 477 U.S. at 248-49. A party cannot create a genuine issue of material fact simply by making assertions in its legal papers. *S.A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidde & Co., Inc.*, 690 F.2d 1235, 1238 (9th Cir. 1982). Rather, there must be specific, admissible evidence identifying the basis for the dispute. *Id.* The Supreme

Court has held that "[t]he mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for [the opposing party]." *Anderson*, 477 U.S. at 252.

### III. Discussion

A. Nuisance

Defendants primarily rely on *Robinson v. United States,* 175 F. Supp. 2d 1215 (E.D. Cal. 2001), for the proposition that Plaintiffs cannot recover emotional distress damages based on their nuisance claim because the conduct at issue was not continuous, ongoing, or intentional. *See* Emotional Distress Motion, 8-12. Defendants' reliance on *Robinson* is misplaced.

The plaintiffs in *Robinson* attempted to rely on *Herzog v. Grosso*, a California Supreme Court case which held that "[o]nce a cause of action for trespass or nuisance is established an occupant of land may recover damages for annoyance and discomfort that would naturally ensure therefrom."41 Cal. 2d 219, 225 (1953). The *Robinson* court, however, noted that the *Herzog* defendant *intentionally* acted to block plaintiffs' access to a public road. 175 F. Supp. 2d 1215, 1222 (E.D. Cal. 2001) (emphasis in original). Based in part on that factual distinction and then on a comprehensive review of California case law, the *Robinson* court went on to hold that "where the only injury is to property . . . California courts have only awarded emotional distress damages in cases either where the conduct is *continuous or ongoing or intentional.*" *Id.* at 1222 (emphasis in original). Defendants argue that this statement precludes Plaintiffs' emotional distress damages for a nuisance claim that is based on a one-time, unintentional event. No other court has interpreted *Robinson* to stand for this proposition, and this Court will not be the first.

First, although the *Robinson* court analyzed cases involving a nuisance claim, there was no nuisance claim actually at issue in *Robinson*. In fact, the *Robinson* court explicitly held that "[b]ecause the Government's conduct was neither intentional, ongoing, or continuous, nor can it be characterized as akin to a nuisance, Plaintiffs cannot recover emotional distress damages solely on trespass." *Id.* at 1224. The fact that the *Robinson* court explicitly distinguished its case from cases involving nuisance gives this Court great hesitation in emulating Defendants' blind faith in the application of *Robinson* to nuisance claims.

Second, even if *Robinson* had explicitly extended its holding to nuisance claims, this Court would not follow its logic. *Robinson* contradicts the clear language of California state court decisions, which have not imposed such stringent limitations on emotional distress damages in nuisance cases. California courts have held that "damages recoverable by a plaintiff in a successful nuisance action for injuries to real property include diminution of the land's value as well as damages for annoyance, inconvenience and discomfort." *Smart v. City of Los Angeles*, 112 Cal. App. 3d 232, 239-40, 169 Cal. Rptr. 174, 178 (Ct. App. 1980) (citing *City of San Jose v. Superior Court*, 12 Cal.3d 447, 115 Cal.Rptr. 797, 525 P.2d 701 (1974)). This clear language requires no interpretation and certainly does not provide room to read in additional requirements necessary to recover emotional distress damages. California case law provides that when the elements of a nuisance claim are satisfied, plaintiffs may recover "damages for annoyance, inconvenience, and discomfort." *Id.* Plaintiffs here are no exception to that rule.

It is undisputed that Plaintiffs do not cite to any case in which emotional distress damages have been awarded where the nuisance is not continuous or ongoing or intentional. It is also undisputed that Defendants do not cite to any cases in which emotional distress damages for a nuisance claim were denied as a matter of law because the nuisance was not continuous, ongoing or intentional. The only case to address this specific issue is a 2005 California Court of Appeal case that, though unpublished, provides persuasive insight into California state courts' desire to permit emotional distress damages for nuisance claims. *Vista Royale Homeowners Ass'n v. 396 Inv. Co.,* G035349, 2005 WL 1155726 (Cal. Ct. App. May 17, 2005).

There, the defendants argued that emotional distress damages for nuisance or trespass are only available where there is intentional conduct. *Id.* at *48. Like the defendants in this case, the *Vista Royale* defendants did not cite to any case where emotional distress damages for nuisance were precluded based on the lack of intentional conduct. *Id.* The *Vista Royale* court pointed out that the measure of damages in a tort case is based on the amount of detriment to the plaintiff, for which the existence of intent to cause the nuisance is irrelevant. *Id.* at *49. Thus, the court rejected the "argument that intent to harm or cause the nuisance is an exceptional type of case where emotional distress damages are permitted while inadvertently caused nuisances are

immune from such liability." *Id.* Importantly, the *Vista Royale* court reasoned that "[j]ust because the only published cases address emotional distress damages for [intentional nuisances and nuisances in which the nature of the damage is discomfort and annoyance], which are probably the most common, it does not follow that emotional distress damages are precluded in other types of nuisance cases." *Id.* at *48. The *Vista Royale* court thus held that emotional distress damages are not *per se* precluded by a lack of intentional conduct.

The same logic applies to Defendants' contention that the nuisance must be ongoing or continuous. Defendants have cited to no cases stating that a one-time event cannot qualify as a nuisance, nor do they challenge in this Emotional Distress Motion the contention that the flood meets all elements required for a nuisance. This Court will not impose an additional element on plaintiffs seeking emotional distress damages from a nuisance claim without a clear directive from the California state courts. Such a directive does not presently exist.

Given the lack of examples of awards of emotional distress damages in one-time, unintentional nuisance cases, it is entirely possible that the jury will not find emotional distress damages appropriate in the present case. It is not, however, appropriate for this Court to hold that emotional distress damages are not available as a matter of law. Defendants have failed to meet their burden of demonstrating that they are entitled, as a matter of law, to summary judgment on Plaintiffs' emotional distress damages stemming from their nuisance claims.

B. <u>Dangerous condition of public property</u>

Both parties rely upon *Delta Farms Reclamation Dist. v. Superior Court* in their analyses of emotional distress damages for Plaintiffs' dangerous condition of public property claim, but the parties predictably differ in their interpretations of its holding. 33 Cal. 3d 699 (1983). The *Delta Farms* decision makes clear that the definition of "injury" for a dangerous condition of public property claim is supplied by California Government Code ¶ 810.8 ("Section 810.8"). Section 810.8 defines "injury" as "death, injury to a person, damage to or loss of property, or any other injury that a person may suffer to his person, reputation, character, feelings or estate, of such nature that it would be actionable if inflicted by a private person." The essential inquiry

thus becomes whether the emotional distress damages here would be actionable if inflicted by a private person.

Curiously, Plaintiffs fail to address the substantive legal inquiry of whether their emotional distress damages would be actionable if inflicted by a private person. The intended effect of Plaintiffs' conclusory statement that they have established a right to damages under their nuisance claim remains unclear to this Court. What is clear, however, is that Plaintiffs have not adequately rebutted Defendants' contention that Plaintiffs' emotional distress damages for the dangerous condition claim would not be actionable if inflicted by a private person.

Defendants explain that there are three ways to recover emotional distress damages in negligence cases: (1) parasitic damages; (2) bystander; and (3) direct victim. *See Robinson,* 175 F. Supp. 2d at 1224. To recover parasitic damages, a plaintiff must plead actual physical injury. *Potter v. Firestone Tire & Rubber Co.,* 6 Cal. 4th 965, 981 (1993). Allegations of physical injury are absent here. To recover bystander damages, a plaintiff must be closely related to an injured party, be present at the scene of the event when the injury occurred, and suffer emotional distress. *Thing v. La Chusa,* 48 Cal. 3d 644, 647 (1989). None of the Plaintiffs here witnessed the injury of any close relations. To recover as a direct victim, a plaintiff must be owed a special duty by the party that caused the harm. *Robinson,* 175 F. Supp. 2d 1226-29. Plaintiffs have not alleged that the Flood Defendants owe them a special duty. Plaintiffs have thus failed to show that their alleged emotional distress damages for the dangerous condition of public property claim would be an actionable injury if inflicted by a private party, such that these damages are hereby DISMISSED as a matter of law.

C. Landlord Plaintiffs

Because this Court has DENIED Defendants' Emotional Distress Motion insofar as it relates to Plaintiffs' nuisance claims, Defendants alternatively seek to dismiss the emotional

distress damages of Landlord Plaintiffs[1] asserting nuisance claims on the ground that they were not occupants of the properties at issue. A 2009 California Court of Appeal case has directly addressed this issue, holding that "a nonresident property owner who merely stores personal property on the premises is not entitled to recover annoyance and discomfort damages from a trespass." *Kelly v. CB & I Constructors, Inc.,* 179 Cal. App. 4th 442, 459, 102 Cal. Rptr. 3d 32, 45 (2009). This logic would clearly extend to nuisance claims, in addition to the trespass claims at issue in *Kelly*. Plaintiffs make no legal argument that non-resident property owners are entitled to emotional distress damages from a nuisance claim. As such, the emotional distress damages asserted for the Landlord Plaintiffs' nuisance claims are hereby DISMISSED.

D. Deceased Plaintiffs

Plaintiff has agreed not to seek any emotional distress damages for the two deceased Plaintiffs. Such claims are hereby DISMISSED.

**IV.   Disposition**

For the aforementioned reasons, Defendants' Motion for Summary Judgment Regarding Emotional Distress Claims is hereby GRANTED IN PART AND DENIED IN PART. The emotional distress damages based on Plaintiffs' dangerous conditions of public property claims shall be DISMISSED WITH PREJUDICE. The emotional distress damages based on the Landlord Plaintiffs' nuisance claims shall be DISMISSED WITH PREJUDICE. The emotional distress damages of the deceased Plaintiffs are hereby DISMISSED WITH PREJUDICE. To the

---

[1] The landlord plaintiffs can be found on Exh. C to Defendants' Emotional Distress Motion and are as follows: Felling Family Partnership, Bobbie Felling, Gene Lloyd Felling, John J. Herkert, Jr., Adrian Andres Lopez, Rigoberto Marquez, Maria D. Marquez, Felix Massaso, Russell McGary, Adrianna Mejia, Diane May Miguel, John Simmon Garcia, Angel Negrete, Juana Negrete, Everett Penfold, Laverne Penfold, Arturo S. Ramirez, Sr., Anastacio Rosales, Rosario Sandoval, Hazel Stultz, Loan Kim Quach, Jesus Rodriguez Zamarripa, and Virginia Mae Zamarripa.

extent Defendants' Emotional Distress Motion seeks to dismiss the emotional distress damage claims of non-landlord Plaintiffs for their nuisance claims, it is DENIED.

IT IS SO ORDERED.

DATED: April 16, 2012

_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE