UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABARCA, RAUL VALENCIA, et al.,<br><br>    Plaintiff(s),<br><br>    v.<br><br>MERCK & CO., INC., et al.,<br><br>    Defendant(s).<br>_____ | CASE NO. 1:07-CV-0388 DOC (DLBx)<br><br>**O R D E R GRANTING MOTION FOR SUMMARY JUDGMENT REGARDING MINORS' INVERSE CONDEMNATION CLAIM** |

Before the Court is a Motion for Summary Judgment Regarding Minors' Inverse Condemnation Claims (Docket 1560) filed by Defendant County of Merced and joined by Merced Irrigation District and Merced Drainage District No. 1 (Docket 1561) (collectively, "Flood Defendants") ("Minors Motion"). After considering the moving, opposing, and replying papers, as well as oral argument, the Court GRANTS the Minors Motion.

**I. BACKGROUND**

The vast majority of the extremely complex factual and procedural background of this case is irrelevant for the purposes of the present Minors Motion. The only relevant fact is that there is a group of Plaintiffs - the "Minor Plaintiffs" - who were minors at the time of the April 4, 2006 flood and now assert inverse condemnation claims against the Flood Defendants despite the fact that they did not own any property damaged by the flood.

**II. LEGAL STANDARD**

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court must view the facts and draw inferences in the manner most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1992); *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1161 (9th Cir. 1992). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial, but it need not disprove the other party's case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). When the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out that the non-moving party has failed to present any genuine issue of material fact. *Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990).

Once the moving party meets its burden, the opposing party must set out specific facts showing a genuine issue for trial; merely relying on allegations or denials in its own pleading is insufficient. *See Anderson,* 477 U.S. at 248-49. A party cannot create a genuine issue of material fact simply by making assertions in its legal papers. *S.A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidde & Co., Inc.*, 690 F.2d 1235, 1238 (9th Cir. 1982). Rather, there must be specific, admissible evidence identifying the basis for the dispute. *Id.* The Supreme Court has held that "[t]he mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for [the opposing party]." *Anderson*, 477

U.S. at 252.

## III. DISCUSSION

Defendants seek to dismiss the inverse condemnation claims of the Minor Plaintiffs who do not assert property damage claims apart from those suffered by their parents.[1] To establish liability for inverse condemnation, a plaintiff must demonstrate four elements: (1) an interest in real or personal property; (2) that the government entity substantially participated in the planning, approval, construction, or operation of a public project or public improvement; (3) damage to the property; and (4) that the government entity's act or omission was a substantial cause of the damage. *Yamagiwa v. City of Half Moon Bay,* 523 F. Supp. 2d 1036, 1088 (N.D. Cal. Nov. 28, 2007) (citing *Imperial Cattle Co. v. Imperial Irrigation Dist.,* 167 Cal. App. 3d 263, 269 (1985)). Only the first element is at issue here. Like in their Property Damage Motion, the Flood Defendants seek summary judgment on the inverse condemnation claims of the Minor Plaintiffs because they lack the interest in property necessary for a successful inverse condemnation claim.

Plaintiffs do not dispute that the Minor Plaintiffs at issue did not own any property damaged during the April 4, 2006 flood, nor do they provide any legal argument in opposition to the Minors Motion. The Minor Plaintiffs thus lack an essential element of their inverse condemnation claims, which are hereby DISMISSED.

## IV. DISPOSITION

For the aforementioned reasons, the Flood Defendants' Motion for Summary Judgment Regarding Minors' Inverse Condemnation Claims is hereby GRANTED. The inverse

---

[1] For a list of those Minor Plaintiffs, *see* Coyner Decl. Exh. E, # 1-280, 308-311. The Court will not dismiss the claims of those Minor Plaintiffs who have property damage claims in addition to the claims of their parents, as those Plaintiffs do appear to have an interest in property.

1 condemnation claims of the Minor Plaintiffs who have no independent property damage are
2 hereby DISMISSED WITH PREJUDICE.

4 IT IS SO ORDERED.
5 DATED: April 16, 2012

*David O. Carter*
_____
DAVID O. CARTER
United States District Judge

4