JOHN F. BARG (SBN 60230; jfb@bcltlaw.com)
STEPHEN C. LEWIS (SBN 66590; scl@bcltlaw.com)
R. MORGAN GILHULY (SBN 133659; rmg@bcltlaw.com)
BARG COFFIN LEWIS & TRAPP, LLP
350 California St., 22nd Floor
San Francisco, California 94104-1435
Telephone:  (415) 228-5400
Fax:  (415) 228-5450

Attorneys for Defendants Merck & Co., Inc.,
Amsted Industries Incorporated, and Baltimore Aircoil
Company, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ABARCA, RAUL VALENCIA, et al., | Case No. 1:07-cv-00388-DOC-DLB |
|---|---|
| Plaintiffs, | |
| v. | **STIPULATION; RECOMMENDATION OF SPECIAL MASTER; AND ORDER FOR ENTRY OF PROTECTIVE ORDER RE: CONFIDENTIAL DOCUMENTS** |
| MERCK & CO., INC., et al., | |
| Defendants. | |

BARG
COFFIN
LEWIS &
TRAPP
ATTORNEYS
LLP

STIPULATION; RECOMMENDATION OF SPECIAL MASTER; AND ORDER FOR ENTRY OF PROTECTIVE
ORDER RE: CONFIDENTIAL DOCUMENTS, U.S.D.C. Case No. Civ. 1:07-cv-00388-DOC-DLB

914867.2

WHEREAS, defendants Merck and Co., Inc. ("Merck"), Amsted Industries Incorporated ("Amsted"), and Baltimore Aircoil Company, Inc. ("BAC") (collectively, "Defendants") may be required to produce in discovery in this action documents, information, and/or tangible objects that contain sensitive, confidential, and proprietary business  information ("Confidential Documents").

## GOOD CAUSE STATEMENT

WHEREAS, good cause exists for the Court to enter this Protective Order, as it is necessary to protect the Confidential Documents of Defendants.

WHEREAS, the Court's entry of this Protective Order will ensure that the Confidential Documents will not be publicly disseminated or revealed in a manner that would compromise or injure Defendants' business interests.

WHEREAS, in order to facilitate discovery and preserve the confidentiality of the Confidential Documents, plaintiffs and Defendants (collectively, "the Parties") stipulate to and request that the Court enter the following Protective Order governing the production, disclosure, and use of the Confidential Documents.

## STIPULATION

IT IS HEREBY STIPULATED by and between plaintiffs and Defendants, through their respective attorneys as follows:

1.     The producing party shall stamp, watermark, or otherwise mark each Confidential Document with the following phrase ("Confidentiality Stamp"):

**CONFIDENTIAL:  This document is subject to the [date] Protective Order entered by the United States District Court for the Eastern District of California in *Abarca, et al. v. Merck & Co., Inc., et al.* (Case No. 1:07-CV-0388-DOC-DLB)**

2.     No Party shall disclose any Confidential Document bearing a Confidentiality Stamp as set forth in Paragraph 1, any portion of any such Confidential Document, or the subject matter or contents of any such Confidential

BARG
COFFIN
LEWIS &
TRAPP
ATTORNEYS
LLP

STIPULATION; RECOMMENDATION OF SPECIAL MASTER; AND ORDER FOR ENTRY OF PROTECTIVE ORDER RE: CONFIDENTIAL DOCUMENTS, U.S.D.C. Case No. Civ. 1:07-cv-00388-DOC-DLB

1

914867.2

Document which is not already contained in any document not subject to this Protective Order, to any person or entity, except as set forth herein. The Parties receiving Confidential Documents in discovery in this action are the temporary custodians of the Confidential Documents. All Confidential Documents shall be used by the Parties to whom such information is disclosed solely for the prosecution, defense, or settlement of this action and shall not be used for any other purpose including, but not limited to, any other litigation, whether in this Court or otherwise, except as permitted by further order of the Court.

3.    All copies (electronic, hard copy, or otherwise) of Confidential Documents produced shall bear the Confidentiality Stamp. No copies made may in any way alter, mar, or otherwise interfere with the Confidentiality Stamp, and if any such alteration, marring or interfering with the Confidentiality Stamp occurs, those copies shall be destroyed and the method and date of destruction shall be reported to the Defendant who produced the Confidential Document in question within 48 hours of said occurrence.

4.    Confidential Documents may be used in depositions and marked as deposition exhibits in this case, but only if the portions of the exhibits that contain or refer to Confidential Documents bear the Confidentiality Stamp and are treated in accordance with this Order.

5.    Confidential Documents may be referred to in written discovery requests and responses, but only if the portions of the particular discovery document that contain or refer to Confidential Documents bear the Confidentiality Stamp and are treated in accordance with this Order.

6.    Confidential Documents may be referred to in motions, briefs, or other papers filed with the Court in this case, but only if the portions of the particular filing that contain or refer to the content of Confidential Documents bear the Confidentiality Stamp and are treated in accordance with this Order. The Party proposing to file or refer to Confidential Documents with the Court shall first

BARG
COFFIN
LEWIS &
TRAPP
ATTORNEYS
LLP

STIPULATION; RECOMMENDATION OF SPECIAL MASTER; AND ORDER FOR ENTRY OF PROTECTIVE
ORDER RE: CONFIDENTIAL DOCUMENTS, U.S.D.C. Case No. Civ. 1:07-cv-00388-DOC-DLB

2

914867.2

1  obtain appropriate orders as may be required under pertinent Central District of

2  California Local Rules (the "Local Rules").

3       7.    Confidential Documents may be disclosed or referred to in testimony

4  at trial in the Action or offered in evidence at the trial of the Action subject to all

5  applicable Rules of Evidence. The sealing of the record of any such proceedings

6  shall be subject to the provisions of the Local Rules and further order of the Court.

7  The Party proposing to file or refer to such Confidential Documents shall first

8  either (a) seek an order sealing the Confidential Documents pursuant to the Local

9  Rules or (b) provide the Defendant who produced the Confidential Documents with

10  thirty-five (35) days notice in advance of trial of intent to use such Confidential

11  Documents, so as to provide that Defendant with sufficient time to file a motion to

12  seal such Confidential Documents or take other action as it deems necessary to

13  protect the Confidential Documents.

14       8.    Subject to the terms and conditions of this Order, the Parties may

15  disclose Confidential Documents to the Court and Court employees, and to the

16  following persons or entities, to the extent necessary for purposes of litigation in

17  this action:

18          a.    Counsel for the Parties who are actively engaged in the conduct

19             of this action, including partners, associates, law clerks,

20             paralegals, and secretaries employed or engaged by the Parties;

21          b.    Employees, officers, or officials of the Parties who have need

22             for such information for purposes of this action;

23          c.    Employees of copy services and electronic database providers,

24             but only to the extent necessary to copy or maintain an

25             electronic database of the Confidential Documents;

26          d.    Deposition witnesses in this action, to the extent necessary for

27             the witnesses' preparation for and giving of testimony;

28          e.    Experts or consultants hired or retained by the Parties or their

BARG
COFFIN
LEWIS &
TRAPP
ATTORNEYS
LLP

STIPULATION; RECOMMENDATION OF SPECIAL MASTER; AND ORDER FOR ENTRY OF PROTECTIVE
ORDER RE: CONFIDENTIAL DOCUMENTS, U.S.D.C. Case No. Civ. 1:07-cv-00388-DOC-DLB

3

914867.2

counsel and actually performing work for the Parties for purposes of this action, who in the ordinary course of their retention are required to review the Confidential Documents to prepare or formulate opinions or conclusions; and

     f.    Court reporters, videographers, and any special master or discovery referee.

9.    The Parties shall take all reasonable and necessary measures to ensure that the persons described in paragraph 8(b) through (f) above do not view any Confidential Documents unless and until they have:

     a.    Read this Order and agreed to be bound by its term; and

     b.    Completed and signed the Non-Disclosure Agreement ("Agreement") in the form attached hereto as Exhibit A.

10.    Each person described in paragraph 8 above who is to view the Confidential Documents agrees to be and is deemed to be within the personal jurisdiction of this Court, including its contempt power, by signing a copy of the attached Agreement.

11.    The Parties who receive Confidential Documents shall maintain an accurate and complete record of all persons described in paragraphs 8(b) through (f) above who have been permitted to view the Confidential Documents, and shall maintain custody of the Agreements and produce them for inspection by the producing Defendant upon reasonable notice.

12.    Should any Party become aware of any violation of this Order, such Party may enforce this Order as provided in the applicable Local Rules.  Further, the Parties agree to:

     a.    Fully cooperate with Defendants in determining the nature of the breach of this Order and take reasonable precautions to assure that the breach does not reoccur;

     b.    Fully cooperate with Defendants in amending this Order as may be

BARG
COFFIN
LEWIS &
TRAPP
ATTORNEYS
LLP

STIPULATION; RECOMMENDATION OF SPECIAL MASTER; AND ORDER FOR ENTRY OF PROTECTIVE ORDER RE: CONFIDENTIAL DOCUMENTS, U.S.D.C. Case No. Civ. 1:07-cv-00388-DOC-DLB    4

914867.2

1   necessary to provide assurances that the breach does not reoccur; and

2       c.    Immediately report any violation(s) of this Order to Defendants.

3       13.   Within thirty (30) days following the final conclusion of this action, all

4   Parties shall either return all Confidential Documents or destroy all Confidential

5   Documents and provide confirmation in writing to the other Parties that all

6   Confidential Documents have been destroyed.

7       14.   Nothing herein shall preclude the Parties from entering into

8   stipulations or other agreements relating to the confidentiality of proprietary

9   information, including the Confidential Documents.

10

11  Dated: April 24, 2012

12                          MARDEROSIAN, RUNYON, CERCONE &
                            LEHMAN

13

14                          By:  /s/ Michael Marderosian
15                               MICHAEL MARDEROSIAN

16                          Attorneys for Plaintiffs

17  Dated: April 24, 2012
                            BARG COFFIN LEWIS & TRAPP, LLP
18

19                          By:  /s/ Stephen C. Lewis
20                               STEPHEN C. LEWIS

21                          Attorneys for Defendants, MERCK & CO., INC.,
22                          AMSTED INDUSTRIES INCORPORATED, and
23                          BALTIMORE AIRCOIL COMPANY, INC.

24

25

26


BARG
COFFIN
LEWIS &
TRAPP
ATTORNEYS
LLP

27

28

STIPULATION; RECOMMENDATION OF SPECIAL MASTER; AND ORDER FOR ENTRY OF PROTECTIVE
ORDER RE: CONFIDENTIAL DOCUMENTS, U.S.D.C. Case No. Civ. 1:07-cv-00388-DOC-DLB

5

914867.2

## <u>RECOMMENDATION OF SPECIAL MASTER</u>

The Special Master recommends that the Court approve the Stipulation and Proposed Order for Entry of Protective Order set forth above.


Dated: _____

_____
JAMES L. SMITH
Special Master

## <u>ORDER</u>

The Recommendation of the Special Master is accepted and approved.  The terms of the Protective Order set forth above are hereby entered by this Court. IT IS SO ORDERED.


Dated:  _April 26, 2012____

_David O. Carter_____
DAVID O. CARTER
Judge of the U.S. District Court
Central District of California

STIPULATION; RECOMMENDATION OF SPECIAL MASTER; AND ORDER FOR ENTRY OF PROTECTIVE ORDER RE: CONFIDENTIAL DOCUMENTS, U.S.D.C. Case No. Civ. 1:07-cv-00388-DOC-DLB

6

914867.2

BARG
COFFIN
LEWIS &
TRAPP
ATTORNEYS
LLP

## EXHIBIT "A"

### NON-DISCLOSURE AGREEMENT

I, _____, declare under penalty of perjury that:

1.      My address is

_____

2.      My present employer is

_____

3.      My present occupation or job description is

_____

4.      I HEREBY CERTIFY AND AGREE that I have read and understand the terms of the _____, 2012 Protective Order regarding documents produced by defendants Merck & Co., Inc., Amsted Industries Incorporated, and Baltimore Aircoil Company, Inc. in the matter of *Abarca, et al. v. Merck & Co., Inc., et al.,* United States District Court, Eastern District of California Case Number 1:07-CV-0388 DOC-DLB, that I will hold in confidence and not disclose to anyone not bound by the Order any of the contents of any confidential information received under the protection of the Order, and that I will comply with and be bound by all of the terms and conditions of the Order.

5.      Upon completion of my work, I will return or destroy all confidential information obtained.  I acknowledge that returning or destroying such materials shall not relieve me from any of the continuing obligations imposed upon me by the Order.

6.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Non-Disclosure Agreement.

Dated: _____      By: _____

STIPULATION; RECOMMENDATION OF SPECIAL MASTER; AND ORDER FOR ENTRY OF PROTECTIVE
ORDER RE: CONFIDENTIAL DOCUMENTS, U.S.D.C. Case No. Civ. 1:07-cv-00388-DOC-DLB

7

914867.2

BARG
COFFIN
LEWIS &
TRAPP
ATTORNEYS
LLP