**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES–GENERAL**

Case No. 1:07-cv-388 DOC (DLBx)                    Date:  May 17, 2012

Title: ABARCA, ET AL. V. MERCK & CO., INC., ET AL.

PRESENT:

**THE HONORABLE DAVID O. CARTER, JUDGE**

Julie Barrera                              N/A
Courtroom Clerk                    Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                              None Present

**PROCEEDINGS: (IN CHAMBERS): TENTATIVE ORDER RULING ON FLOOD**
**TRIAL MOTIONS IN LIMINE**

As the Court discussed with the flood parties at the last hearing, it is now providing its tentative rulings on the motions in limine. These are not yet final rulings, which will be made on the day of trial, but rather are designed to alert the parties to the Court's likely decisions so that they can prepare their cases accordingly.

**Plaintiffs' Motions in Limine**

1. Motion to Exclude Any Cumulative Expert Testimony in Regard to Any Issue Including Issues Related to Maintenance of the System at Issue and Historical Flooding

Plaintiffs seek to limit Defendants to one expert per subject so that the jury does not believe Defendants' theory merely because they have more experts. Plaintiffs allege that Defendants should not be permitted to present Bruce Phillips, Gilbert Cosio, Robert Acker, and Paul Fillebrown because they are all generally discussing maintenance of the flood control system. Plaintiffs also assert that the testimony of Jeffrey Haltiner and Bruce Phillips is cumulative because they will both discuss historic flooding. Finally, Plaintiffs assert that the expert reports of Defendants' liability experts – Jeffrey Haltiner, Gilbert Cosio, Bruce Phillips, Richard Reinhart, and Ronald Heinzen – are overlapping. Defendants predictably assert that each expert will address a different area of the topic in question. Neither party has yet given the Court specific enough information about the testimony of the experts in question such that the Court

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES–GENERAL**

Case No. SACV 10-01392-DOC (RNBx)                    Date: July 19, 2011
                                                     Page 2

___

can determine whether their testimony is cumulative. The Court will likely want to speak with each expert before that expert testifies to get a better sense of any potential overlap.

2. <u>Motion to Exclude Use of Term "Easement"</u>

Plaintiffs ask the Court to prohibit Defendants from referring to any document as an "easement." As an initial matter, Plaintiffs do not explain which documents are at issue. The Court will not grant a blanket request completely prohibiting the word easement because it is still possible that some documents are, in fact, easements. Second, Plaintiffs have provided no reason that using the word "easement" would be prejudicial, even if the document in question is not a formal easement.

Plaintiffs' Motion is DENIED.

3. <u>Motion to Exclude Any Reference to the Contamination Case, Chemical Contamination, or the Contamination Defendants, Merck, Amsted, or Baltimore Aircoil Company or the Existence of that Lawsuit and The Case Be Referred to as *Abarca v. Merced Irrigation District, et al.*</u>

Plaintiffs seek to preclude any reference to the contamination case due to the possibility that the Plaintiffs would be viewed by the jury as overly litigious or seeking to recover duplicative damages. In response, Defendants argue that Plaintiffs are, in fact, seeking to recovery duplicative damages and for that reason, they should be permitted to reference the contamination case. The Court agrees with Plaintiffs. Plaintiffs will not be permitted duplicative recovery but if that issue arises, it can be dealt with outside the presence of any jury. The probative value of any such references  would be greatly outweighed by the prejudice of such comments referencing the contamination case.

Plaintiffs' Motion is GRANTED.

4. <u>Motion to Exclude Evidence Related to Residents Who Are Not a Party to this Litigation</u>

Plaintiffs and Defendants appear to be operating under different definitions of the phrase "who are not a party to this litigation." Both parties seem to agree that residents who do not have a claim against Defendants should not be mentioned in trial. Defendants go a step further and argue that there should be no evidence relating to Plaintiffs who are not the subject of the trial.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES–GENERAL**

Case No. SACV 10-01392-DOC (RNBx)                              Date: July 19, 2011
                                                                                        Page 3

---

The Court agrees. The representative Plaintiffs were chosen for a reason and the evidence should be limited to the claims of those representative Plaintiffs.

Plaintiffs' Motion is GRANTED.


5. Motion to Exclude Evidence Related to Any Plaintiff That Has Been Dismissed from this Litigation

The parties agree that no evidence should be presented as to Plaintiffs who have been dismissed in this litigation.

Plaintiffs' Motion is GRANTED.


6. Motion to Exclude Expert Reports as Exhibits

Plaintiffs seek to exclude the admission of expert reports as exhibits because they are hearsay. Defendants correctly point out that expert reports can be used for the purpose of impeaching the expert. The Court will rule on this issue as it arises at trial.

Plaintiffs' Motion is DENIED WITHOUT PREJUDICE to raising hearsay objections at trial.


7. Motion to Exclude Witnesses from the Courtroom

The parties agree that all witnesses, excluding expert witnesses, should be excluded from the court until called to testify, save for the parties and/or their corporate representatives.

Plaintiffs' Motion is GRANTED.


8. Motion to Exclude Evidence of Flood Insurance or Lack Thereof, FEMA Claims or Recovery, Insurance Claims or Recovery or Any Other Collateral Source or Recovery

Plaintiffs seek to exclude the introduction of any documentary evidence, the eliciting of any testimony or making any argument that any Plaintiff has received or not received any collateral source payments, including insurance or FEMA claims. The Court agrees. Because "collateral source evidence is 'readily subject to misuse by a jury,' the likelihood of misuse 'clearly

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES–GENERAL**

Case No. SACV 10-01392-DOC (RNBx)                          Date: July 19, 2011
                                                           Page 4

---

outweighs' the value of such evidence.'" *Lund v. San Joaquin Valley R.R.,* 31 Cal. 4th 1, 8 (2003) (quoting *Eichel v. New York Central R. Co.,* 375 U.S. 253, 254 (1963)).

Defendants argue that even though evidence of the amount of the insurance claims is inadmissible, the introduction of the existence flood policy itself is permissible. The Court disagrees with the two non-binding Florida state court cases cited by Defendants. If courts permit parties to introduce evidence of the existence of an insurance policy, the jury is extremely likely to make prejudicial assumptions about collateral source payments to plaintiffs. Such a result is directly contrary to the goals of the collateral source rule. Plaintiffs would be put in a position where they might feel obligated disclose the extent of any insurance payment to dispel any potential notion of the jury that insurance payments covered all of the damage. Defendants are free to attempt to prove Plaintiffs' knowledge that they resided on in a "flood prone area" but they may not do so by introducing evidence of Plaintiffs' flood insurance policies.

Plaintiffs' Motion is GRANTED.

This Court's ruling, however, is right now limited to the affirmative introduction of such evidence. The Court will not, at this time, categorically limit Defendants' right to introduce insurance evidence for the very limited purpose of impeachment. Defendants are forewarned that they must seek permission of this Court before attempting to introduce any such evidence during cross examination.

9. Motion to Exclude Evidence of Criminal Convictions

Plaintiffs seek to exclude any evidence that any of the Plaintiffs have ever been convicted of a crime. The Court will not create a blanket prohibition at this time, as it does not have anywhere near enough information to engage in a Rule 403 analysis. The introduction of criminal convictions is governed by Federal Rule of Evidence 609; this Court will use a Rule 609 analysis if the issue of a criminal conviction arises at trial.

Plaintiffs' Motion is DENIED.

10. Motion to Exclude Any Reference to the Term "Flood Plain"

Plaintiffs seek to exclude any reference that Plaintiffs resided in a "flood plain." As this case is about Defendants' liability for a flood, it is certainly relevant whether Plaintiffs resided in a flood plain. Evidence on this point is certainly probative and would not be unduly prejudicial.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES–GENERAL**

Case No. SACV 10-01392-DOC (RNBx)                    Date: July 19, 2011
                                                                      Page 5

---

Plaintiffs' Motion is DENIED.


11. Motion to Exclude Defendants' Experts Allan Rouhier and Jeffrey Beam

Plaintiff seeks to exclude Defendants' experts Allan Rouhier and Jeffrey Beam because they are construction experts who did not personally physically inspect each of the properties at issue. Personal inspection of each property in question, however, is not required to qualify as an expert. *See Yu-Santos v. Ford Motor Co.,* 2009 U.S. Dist. LEXIS 41001, 41-42 (E.D. Cal. May 13, 2009) ("although [the expert] did not personally inspect the subject vehicle, [the expert's] associate did conduct a personal inspection of the vehicle. As described above, [the expert's] reliance on his engineering associate's work does not invalidate [his] opinions."). Here, each of the two experts had experienced general contractors inspect the homes; this Court will not impose a requirement that an expert must personally inspect every property to qualify as an expert. This situation is far from an expert whose analysis is unsupported speculation. Plaintiffs are free to raise this line of questioning in cross examination but it shall not serve as grounds to exclude two qualified experts.

Plaintiffs' Motion is DENIED.


12. Motion to Exclude Any Reference to the Plaintiffs' Pursuit of Attorneys' Fees, Costs, and Interest under their Claim for Inverse Condemnation

Defendants have not responded to this Motion such that Plaintiffs' Motion is GRANTED, unless counsel raises an objection at oral argument.


**Defendants' Motions in Limine**

1. To Exclude Evidence or Reference Regarding Failure to Upgrade Capacity of Flood Management System

Defendants seek to exclude evidence of Defendants' alleged failure to upgrade the existing flood control system or to increase the level of flood protection. Case law appears to make clear that Defendants cannot be held liable for a failure to upgrade; liability only attaches for a failure to maintain. *See Paterno v. State of California* 74 Cal. App. 4th 68 (1999) ("Paterno I); *Paterno v. State of California,* 113 Cal. App. 4th 998 (2003) ("Paterno II"). Plaintiffs do not disagree with

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES–GENERAL**

Case No. SACV 10-01392-DOC (RNBx)                                      Date: July 19, 2011
                                                                       Page 6

---

this distinction and yet incorrectly conflate a failure to upgrade with a failure to maintain. Plaintiffs seem to allege two different theories of liability: (1) the failure to maintain the channel by clearing the sediment and sandbars and (2) the failure to heighten the known low spot. The first is certainly relevant to Plaintiffs' claims of inverse condemnation. Plaintiffs have not pointed the Court to any reason that the second theory is relevant in light of the Paterno line of cases. As such, Plaintiffs may introduce evidence of Defendants' failure to maintain but not evidence of Defendants' failure to upgrade.

Defendants' Motion is GRANTED.


2. To Exclude Any References Suggesting Defendants Contaminated Plaintiffs' Properties

The Court has already indicated that it is likely to grant Plaintiffs' Motion to Exclude Any Reference to the Contamination Case, Chemical Contamination, or the Contamination Defendants. That ruling stands, except that Plaintiff is permitted to introduce evidence of emotional distress stemming from human excrement in the flood waters. That category of claims was explicitly excluded from the Settlement and Release Agreement with the County of Merced and directly relates to the flood case, not the contamination case. Plaintiffs do not seek any direct liability for any contamination in this case but they are permitted to provide support for the emotional distress damages they seek.

Defendants' Motion is GRANTED, except to the extent that Plaintiffs can introduce evidence of human excrement in the flood waters for the sole purpose of their emotional distress claims.


3. To Exclude Certain Testimony by Dr. Hromadka

Defendants seek to exclude certain testimony by Plaintiffs' expert, Dr. Hromadka. The deadline for his expert rebuttal report, pursuant to a stipulation to modify the Scheduling Order, was November 21, 2011. Defendants' expert's rebuttal report was due in December, after which Dr. Hromadka produced a new report that was provided to Defendants on December 30, 2011, one business day before Dr. Hromadka's deposition on January 2, 2012. There is presently a factual dispute preventing the Court from rendering an opinion on this Motion. Defendants assert that all of the material contained in their expert's report had been provided to Plaintiffs and Dr. Hromadka in 2010. Plaintiffs assert that Defendants' expert's rebuttal report contained new material to which Dr. Hromadka was entitled to respond. This is an important factual point on which the Court would like more clarity before ruling.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES–GENERAL**

Case No. SACV 10-01392-DOC (RNBx)                          Date: July 19, 2011
                                                                                            Page 7

---

4(a). To Exclude Testimony, Photographs and Annotations by Plaintiff Ezio Sansoni

Plaintiffs have agreed that Mr. Sansoni will not testify, such that the only issue is whether
photographs taken by Mr. Sansoni can be introduced. Defendants argue that only Mr. Sansoni
can authenticate the photographs and because he is not testifying, the photographs cannot be
authenticated. This is incorrect. Federal Rule of Evidence 901 only requires "evidence sufficient
to support a finding that the item is what the proponent is." There is no requirement that the
person who took the photograph must be the one to authenticate it. *See U.S. v. Stearns,* 550 F.2d
1167, 1171 (9th Cir. 1977) (even if there is no direct testimony as to what a picture represents,
"the contents of a photograph itself, together with such other circumstantial or indirect evidence
as bears upon the issue, may serve to explain and authenticate a photograph sufficiently to justify
its admission into evidence.").

Defendants' Motion is DENIED insofar as it seeks to exclude the photographs of Mr. Sansoni.

4(b). To Exclude Testimony by Expert Witness Theordore Hrodmaka based on Information
Obtained from Ezio Sansoni

Plaintiffs agree that Dr. Hromadka will not reference Mr. Sansoni, what Mr. Sansoni has
communicated to him or the written remarks about the photos. Dr. Hromadka may refer to the
photographs for the reason discussed above. To cure any potential prejudice to Defendants,
however, Plaintiffs have agreed to produce Mr. Sansoni for a deposition.

Defendants' Motion is thus MOOT.

5. To Exclude References to FEMA Standards

Defendants only seek to exclude the characterization of the FEMA standard as a design standard
that must be or should be met by any flood management authority. Plaintiffs agree that the
FEMA standard is not a standard for liability.

The Motion is thus MOOT.

6. To Exclude Testimony by Expert Steve Sert, Ph. D.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES–GENERAL**

Case No. SACV 10-01392-DOC (RNBx)                              Date: July 19, 2011
                                                               Page 8

Defendants seek to exclude the testimony of Plaintiffs' expert, Dr. Steve Sert. Dr. Sert, a geotechnical engineering expert, is expected to testify that the 2006 flood caused deep soil cracks in the crawl space beneath certain properties, which significantly increased the risk of a total house failure in the event of future flooding during or at the end of a dry season. Defendants argue that Dr. Sert cannot conclusively establish that the cracks did not exist before the 2006 flood, such that his opinion is too unreliable to be admitted. The Court disagrees.

Federal Rule of Evidence 702 provides that a witness qualified as an expert may render an opinion if "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702. The rule imposes a "gatekeeping" obligation upon trial courts to exclude "expertise that is *fausse* and science that is junky," though courts have "discretion to choose among *reasonable* means of excluding" such expertise. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 158, 119 S.Ct. 1167 (1999) (Scalia, J., concurring) (emphasis in original).

In performing this gatekeeping function, the district court must determine whether an expert's testimony "rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597, 113 S.Ct. 2786 (1993). The court may consider the following non-exclusive list of factors to determine the reliability of the expert's theory or technique: (1) whether it "can be (and has been) tested"; (2) whether it "has been subjected to peer review and publication"; (3) whether it poses a high "known or potential rate of error" when applied; (4) whether there are "standards controlling [its] operation"; and (5) whether it enjoys "general acceptance" within a "relevant scientific community." *Id.* at 592-94.

Ultimately, "[t]he inquiry envisioned by Rule 702 is . . . a flexible one," *id.* at 594, and trial courts should not mechanically apply every *Daubert* factor to expert testimony whose reliability does not depend upon the integrity of a particular theory or technique. *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004) ("Concerning the reliability of non-scientific testimony such as Carlin's, the '*Daubert* factors (peer review, publication, potential error rate, etc.) simply are not applicable to this kind of testimony, whose reliability depends heavily on the *knowledge and experience* of the expert, rather than the methodology behind it.'") (emphasis added) (quoting *Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1069 (9th Cir. 2002)). In all events, a trial court is expected to "make some kind of reliability determination to fulfill its gatekeeping function." *Mukhtar*, 299 F.3d at 1066.

Here, Dr. Sert's testimony is unquestionably relevant to Plaintiffs' claims of flood damage and his credentials are unchallenged by Defendants. The only issue raised by Defendants is the reliability of Dr. Sert's conclusion that the soil cracks did not exist before the April 2006 flood.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES–GENERAL**

Case No. SACV 10-01392-DOC (RNBx)                     Date: July 19, 2011
                                                      Page 9

---

Dr. Sert physically crawled under each of the 7 houses at issue in this trial and personally inspected the crawl space and foundation. He performed soil testing at each location, took extensive photographs, measured the soil cracks, examined properties that were not flooded, and spoke extensively with the homeowners and occupants. This is far from a mere "eyeball" test, as Defendants assert. The Court finds Dr. Sert's methods reliable enough to be presented to the jury; Defendants are free to question them during cross examination.

Defendants also seek to prohibit Dr. Sert from referring to any properties other than the 20 representative properties that are the subject of this trial. The only property in question appears to be the Dutra property, to which Dr. Sert refers because it is in close proximity to the flooded properties but was not flooded and does not demonstrate soil cracking. Dr. Sert thus uses the Dutra property as additional evidence to support his conclusion that the soil cracks did not exist before the April 2006 flood. Given this is exactly the conclusion challenged by Defendants, it would be hugely prejudicial to Plaintiffs to exclude the Dutra property evidence, while the Court does not see how its inclusion would unfairly prejudice Defendants.

Defendants' Motion is DENIED.


7. <u>To Exclude Testimony by Daniel W. Ray, CPA</u>

 Plaintiffs have clarified that they do not intend to call Mr. Ray as an expert during the jury trial. Defendants' Motion is thus MOOT.

To the extent Plaintiffs seek to use Mr. Ray in any post-verdict context, any issues surrounding his contributions can be briefed and decided if and when that occurs.


8. <u>To Exclude Testimony by Expert Gary Hart, Ph. D.</u>

Defendants seek to exclude the entire opinion of Plaintiffs' structural engineering expert, Dr. Gary Hart, who is expected to testify that the April 2006 flood caused structural damage to the 7 properties he will address. Defendants first argue that Dr. Hart should be excluded if Dr. Sert's testimony is excluded. Because the Court has denied that motion, Dr. Hart cannot be excluded because he relied on some of Dr. Sert's opinions. Defendants next challenge the sufficiency of Dr. Hart's notes of his conversations with the home owners and occupants. Given that Dr. Hart didn't rely with any specificity on these conversations, the state of his notes on the conversations would seem to be almost entirely irrelevant to the strength of his opinions, particularly in terms of its admissibility. Defendants are free to bring out this alleged weakness on cross examination.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES–GENERAL**

Case No. SACV 10-01392-DOC (RNBx)                           Date: July 19, 2011
                                                             Page 10

Finally, Defendants challenge Dr. Hart's use of a 90% reliability factor which discounts Plaintiffs' cost estimations. Defendants argue that the fact that this factor is the same for all properties demonstrates that there is no "fit" between Dr. Hart's theory and the facts of the case. The Court disagrees. Again, Defendants are free to present this argument to the jury during cross examination but it is not a sufficient basis to exclude Dr. Hart's testimony, which is reliable and relevant.

9. To Exclude Evidence or Reference Regarding Damages Not Disclosed in Discovery

This Motion is based upon an issue raised by Defendants at the last hearing: that Plaintiffs have amended some discovery responses to clarify the amount of damages sought. According to Plaintiffs, every damage listing remains the same monetary amount or less. The parties have discussed this issue since the last hearing and come to a resolution through which Defendants will take seven additional depositions.

The Motion is MOOT.

10. To Exclude Evidence or Reference to the Flood Being Connected to the Economic Status of the Plaintiffs

Plaintiffs have clarified that they do not intend to assert that Plaintiffs' neighborhood was flooded because of their economic status. Defendants' Motion is thus MOOT.

11. To Exclude Evidence or Reference to Damages of Eufracia Lumley

Plaintiffs agree, so this Motion is MOOT.

12. To Exclude Evidence or Reference to Emotional Distress of Plaintiffs Without Viable Emotional Claims

Plaintiffs agree, so this Motion is MOOT.

13. To Exclude Evidence or Reference to Emotional Distress of Plaintiffs who Admit in Discovery They Had No Distress

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES–GENERAL**

Case No. SACV 10-01392-DOC (RNBx)                     Date: July 19, 2011
                                                      Page 11

Defendants seek to exclude the emotional distress claims of four plaintiffs. Defendants argue that because certain Plaintiffs did not indicate in one questionnaire that they experienced any of the following symptoms - fear/anxiety, depression, mood swings, insomnia, panic attacks, and nightmares – that they are precluded from seeking emotional distress damages. These symptoms, however, are not the only symptoms that can result in an emotional distress claim and, more importantly, the Plaintiffs in question represented in discovery responses that they seek emotional distress claims. Thus, there is no valid basis to preclude those claims.

Defendants' Motion is DENIED.

MINUTES FORM 11                                         S. Arellano- CAED
CIVIL-GEN                                              Deputy Clerk