JOHN F. BARG (SBN 60230; jfb@bcltlaw.com)
STEPHEN C. LEWIS (SBN 66590; scl@bcltlaw.com)
R. MORGAN GILHULY (SBN 133659; rmg@bcltlaw.com)
BARG COFFIN LEWIS & TRAPP, LLP
350 California St., 22nd Floor
San Francisco, California 94104-1435
Telephone: (415) 228-5400
Fax: (415) 228-5450

Attorneys for Defendants Merck & Co., Inc.,
Amsted Industries Incorporated, and Baltimore Aircoil
Company, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABARCA, RAUL VALENCIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MERCK & CO., INC., et al., <br><br> Defendants. | Case No. 1:07-cv-00388-DOC-DLB <br><br> **STIPULATION AND ORDER RE: PHYSICAL AND MENTAL EXAMINATIONS OF PLAINTIFFS** <br> **(FED R. CIV. P. 35)** |

STIPULATION AND ORDER RE: PHYSICAL AND MENTAL EXAMINATIONS OF PLAINITFFS (FED R. CIV. P. 35)
U.S.D.C. Case No. Civ. 1:07-cv-00388-DOC-DLB

995838.8

## **STIPULATION**

IT IS HEREBY STIPULATED by and between plaintiffs Teri Lynn Reyes, Rosa Maria Vega, Darrell Earl Davis, Sheila Ann Ange, Pearlie Elizabeth Womack Boyd, Jorge Benitez, and Donna Louise Winder (collectively, "Plaintiffs"), and Defendants Merck and Co., Inc. ("Merck"), Amsted Industries Incorporated ("Amsted"), and Baltimore Aircoil Company, Inc. ("BAC") (collectively, "Defendants"), through their respective attorneys, as follows:

1.  The physical and, subject to the provisions set forth below, mental conditions of each of the Plaintiffs are "in controversy" within the meaning of Federal Rule of Civil Procedure Rule 35 ("Rule 35"), which sets forth the procedures for the examination of persons whose physical and/or mental conditions are in controversy.

2.  Plaintiffs' motion to dismiss Pearlie Elizabeth Womack Boyd is pending. As such, no examinations of Ms. Boyd pursuant to Rule 35 will be scheduled at this time. If Ms. Boyd is not dismissed for any reason, the parties agree that this Stipulation shall apply to any Rule 35 examination of Ms. Boyd that Defendants request.

3.  All examinations of plaintiffs conducted pursuant to Rule 35 shall take place at Merced, California, at a location or locations to be determined. To the extent that testing at a facility, laboratory or hospital is recommended by an examiner with respect to one or more plaintiffs, such testing will be conducted in accordance with the protocols set forth in Exhibit 2, attached hereto.

4.  Dr. Marion J. Fedoruk, M.D. has been retained by Defendants to conduct physical/medical examinations of Plaintiffs pursuant to Rule 35, the proposed nature and scope of which are identified in Dr. Fedoruk's declaration, attached hereto as Exhibit 1, and which are further clarified in Exhibit 2 (collectively, the "Physical Examination Protocols"). Plaintiffs and Defendants

STIPULATION AND ORDER RE: PHYSICAL AND MENTAL EXAMINATIONS OF PLAINTIFFS (FED R. CIV. P. 35)   1
U.S.D.C. Case No. Civ. 1:07-cv-00388-DOC-DLB

995838.8

("the Parties") agree that Dr. Fedoruk may conduct examinations of Plaintiffs in accordance with the Physical Examination Protocols.  A person who is not an attorney may accompany each Plaintiff to the examination location and remain outside the examination room, but may not observe the examination.

5. Dr. Lawrence M. Binder, Ph.D. has been retained by Defendants to conduct mental (psychological and neuropsychological) examinations of Plaintiffs pursuant to Rule 35, the proposed nature and scope of which are identified in Dr. Binder's declaration, attached hereto as Exhibit 3 (the "Mental Examination Protocols").  The Parties agree that Dr. Binder may conduct an examination of Plaintiff Donna Louise Winder in accordance with the Mental Examination Protocols.  With respect to all Plaintiffs other than Donna Louise Winder, the Parties agree as follows:

    a. Plaintiffs agree that their only claim against Defendants related to a mental, psychiatric, psychological, or brain condition or injury is one of **ordinary emotional distress**.  As a result, and regardless of any contrary claims or allegations in Plaintiffs' pleadings, discovery responses, or depositions, **Plaintiffs waive and release any other claim against Defendants relating to a mental, psychiatric, psychological, or brain condition or injury**, including, without limitation:

        i. Any claim for unusually severe or non-ordinary emotional distress;

        ii. Any cause of action for infliction of emotional distress;

        iii. Any claim of specific psychiatric or psychological injury, whether or not arising from emotional distress;

        iv. Any claim of brain damage or injury, whether or not arising from emotional distress; and

        v. Any claim of memory loss or cognitive problems,

whether or not arising from emotional distress.

    b. Plaintiffs agree that, at trial, they will not present any percipient or expert witness testimony, other evidence, or argument relating to:

        i. any claim that has been waived and released pursuant to Paragraph 5.a, or,

        ii. any mental, psychiatric, psychological, or brain condition or injury, regardless of whether such condition or injury is the subject of any claim in this action.

This does not, however, limit or preclude Plaintiffs from presenting evidence concerning their emotional distress claims, including percipient witness testimony but not expert witness testimony, regarding alleged past and future physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and ordinary emotional distress.

    c. In reliance on the agreements, waiver and release specified in Paragraphs 5.a and 5.b, Defendants agree that Dr. Binder will not conduct the evaluations described in the Mental Examination Protocols.

6. The Parties agree to meet and confer for the purpose of scheduling the Rule 35 examinations in a manner that is reasonably convenient for the parties, given the professional schedules of the examiners and the need to complete the examinations by the Court-ordered deadline of July 11, 2012. See March 28, 2012 Order Approving Report and Recommendation of Discovery Special Master (Docket 1585).

7. To the extent that the Parties are unable to resolve any disputes with respect to scheduling of the Rule 35 examinations, or any disputes that arise during

STIPULATION AND ORDER RE: PHYSICAL AND MENTAL EXAMINATIONS OF PLAINTIFFS (FED R. CIV. P. 35)
U.S.D.C. Case No. Civ. 1:07-cv-00388-DOC-DLB

3

995838.8

such examinations, the Parties agree that Special Master Hon. James L. Smith (Ret.) of JAMS may resolve Rule 35 issues on an expedited basis, following completion of good faith meet-and-confer efforts, with the goal of ensuring timely completion of the Rule 35 examinations and to minimize the expenditure of time and resources by the Parties and their counsel.

8. Pursuant to Rule 35(b)(1), by July 11, 2012, Defendants shall produce the reports of all examinations of Plaintiffs by Dr. Fedoruk and Dr. Binder. Other materials related to Defendants' examinations, including any notes, photographs, or recordings by Dr. Fedoruk and Dr. Binder, shall be produced by Defendants by July 11, 2012, to the extent required by the current version of Rule 26(a)(2). In conformity with Paragraph 15 of the Mental Examination Protocols, Dr. Binder will transmit under seal any raw test data developed during his examinations that are subject to disclosure under Rule 26(a)(2). Plaintiffs and their counsel agree to maintain such materials under seal, except that the sealed materials may be reviewed and utilized by a licensed psychologist retained by Plaintiffs as an expert in this action, if any.

9. Pursuant to Rule 35(b)(3), by July 11, 2012, Plaintiffs shall produce the reports of all examinations of Plaintiffs by their own doctors, experts, or agents. Other materials related to Plaintiffs' examinations, including any notes, photographs, or recordings by the examiner(s), shall be produced by Plaintiffs by July 11, 2012, to the extent required by the current version of Rule 26(a)(2).

10. Good cause exists for the Court to enter this Stipulation as an Order of the Court.

11. Nothing herein shall preclude the Parties from entering into other stipulations or agreements relating to the Rule 35 examinations of Plaintiffs.

| | |
|---|---|
| Dated: June 6, 2012 | MARDEROSIAN, RUNYON, CERCONE & LEHMAN |
| | |
| | By:   /s/ Brett L. Runyon   |
| | BRETT L. RUNYON |
| | |
| | Attorneys for Plaintiffs |
| | |
| Dated: June 6, 2012 | BARG COFFIN LEWIS & TRAPP, LLP |
| | |
| | By:   /s/ Donald E. Sobelman   |
| | DONALD E. SOBELMAN |
| | |
| | Attorneys for Defendants MERCK & CO., INC., AMSTED INDUSTRIES INCORPORATED, and BALTIMORE AIRCOIL COMPANY, INC. |

## **RECOMMENDATION OF SPECIAL MASTER**

The Special Master recommends that the Court approve the Stipulation re: Physical and Mental Examinations of Plaintiffs (Fed. R. Civ. P. 35) as set forth above and enter it as an Order of the Court.

Dated: _____

_____
HON. JAMES L. SMITH (Ret.)
Special Master

**ORDER**

The Recommendation of the Special Master is accepted and approved. The terms of the Stipulation set forth above are hereby adopted as an Order of this Court.

IT IS SO ORDERED.

Dated: June 8, 2012

_____
DAVID O. CARTER
Judge of the U.S. District Court
Central District of California