

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JUL 3 1 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA / FRESNO DIVISION

| | |
|---|---|
| ABARCA, et al., ) | **Case** No. 1:07-CV-0388 DOC DLB |
| ) | |
| Plaintiffs, ) | **RECOMMENDATION OF F.R.C.P.** |
| ) | **RULE 53 SPECIAL MASTER TO THE** |
| v. ) | **HONORABLE DAVID O. CARTER** |
| ) | **REGARDING THE SETTLEMENT** |
| MERCED IRRIGATION ) | **AGREEMENTS REACHED BETWEEN** |
| DISTRICT, et al., ) | **PLAINTIFFS AND DEFENDANTS** |
| ) | **COUNTY OF MERCED AND THE** |
| Defendants. ) | **MERCED IRRIGATION DISTRICT/** |
| ) | **MERCED DRAINAGE DISTRICT NO. 1** |
| ) | |

The undersigned, having been appointed as a F.R.C.P 53 Special Master as it relates to the settlement of the Plaintiffs' claims against defendants County of Merced, Merced Irrigation District, and Merced Drainage District No. 1 to consider and offer recommendations to the Court regarding such settlements, submits the following Report and Recommendation regarding the settlements entered into between the parties.

///

## I.   PLAINTIFFS' CLAIMS AGAINST DEFENDANTS COUNTY OF MERCED, MERCED IRRIGATION DISTRICT, AND MERCED DRAINAGE DISTRICT NO. 1

The claims settled between the Plaintiffs and Defendants County of Merced, Merced Irrigation District, and the Merced Drainage District No. 1were for: (1) Inverse Condemnation; (2) Nuisance; and (3) Dangerous Condition of Public Property.   These claims arise out of a flooding event that took place on April 4, 2006.  The plaintiffs were seeking to recover for the property damage caused to their home and property as a result of the flood water.

Shortly before trial, the plaintiffs and the County of Merced reached a settlement.  The plaintiffs and defendants Merced Irrigation District and Merced Drainage District No. 1 reached a settlement in the middle of the trial.

## II.   THE SETTLEMENT AGREEMENTS

### A.   Settlement Agreement Between the Plaintiffs and the County of Merced

The Plaintiffs and the County have entered into a Settlement Agreement to resolve the plaintiffs' remaining claims against the County of Merced for: (1) Inverse Condemnation; (2) Nuisance; and (3) Dangerous Condition of Public Property.

The settlement amount agreed upon by the parties to the agreement is $5,000,000.  A true and correct copy of the Settlement Agreement between the Plaintiffs and the County of Merced is attached hereto as Exhibit "A".

Payment of the settlement proceeds will be made in one lump sum on or before August 20, 2012.

///

**B.    Settlement Agreement Between the Plaintiffs and Defendants Merced Irrigation District and Merced Drainage District No. 1**

The plaintiffs and defendants Merced Irrigation District and Merced Drainage District No. 1 have entered into a Settlement Agreement to resolve the plaintiffs' remaining claims against defendants Merced Irrigation District and Merced Drainage District for: (1) Inverse Condemnation; (2) Nuisance; and (3) Dangerous Condition of Public Property.

The settlement amount agreed upon by the parties to the agreement is $5,000,000.00.   A true and correct copy of the Settlement Agreement between the plaintiffs and defendants Merced Irrigation District and Merced Drainage District No. 1 is attached hereto as Exhibit "B".

The settlement proceeds will be paid in two installments.   The first $2,500,000.00 will be paid on or before the end of the Third Quarter of 2012.   The second $2,500,000.00 will be paid not later than forty five (45) dates into the 4th Quarter of 2012.

**III.    THE SETTLEMENT AGREEMENTS ARE FAIR, REASONABLE, AND ADEQUATE AND WERE MADE IN GOOD FAITH**

It is recommended that the Settlement Agreements should be approved by the District Court on a finding that the settlement is fair, reasonable, and adequate.   Further, the District Court should find that the Settlement Agreements were made in good faith under California Code of Civil Procedure § 877.6.

The Settlement Agreements were reached after extensive negotiations and are based upon the potential liability of each public entity weighed against the risks of litigation and the time, effort, and expense in further prosecuting plaintiffs' claims which could include appellate

proceedings.  Each Settlement Agreement is for a substantial sum, is the product of thorough and diligent review of the parties' respective counsel, arms length negotiations, and correctly balances the risks and costs of litigation.  There have not been, nor are there currently any, cross claims and the time to file such cross claims has passed.

Accordingly, these settlements are fair, reasonable, adequate, and made in good faith.

## IV.    ALLOCATION OF SETTLEMENT PROCEEDS

Because of the nature of the claims and the damages sought by the plaintiffs, the most feasible way to allocate the settlement proceeds is on a property by property basis.  Monies will be divided on a per property basis between owners and renters where applicable based on the damage to property sustained.

It is the Special Master's intent to review each property file and determine the portion of settlement proceeds that should be received based on the extent of the property damage caused by the April 4, 2006 flooding event.  Once that allocation has been determined by the Special Master, plaintiffs' counsel shall be responsible for disbursing the respective proceeds to each household.   Because the settlement proceeds will be paid in three separate payments, the settlement proceeds that will be distributed to the plaintiffs should be held in trust until the final payment is received and then payment will be paid to the plaintiffs.

## V.    MINOR PLAINTIFFS

It is recommended that the District Court make a finding that the Settlement Agreements meet the requirements for settlement with minor Plaintiffs.

The claims that are the subject of the Settlement Agreements attached hereto as Exhibit "A" and "B" do not involve bodily injury claims.

Based on the allocation procedure outlined in Section IV herein, the settlement proceeds should be allocated on a per property basis and not on a per plaintiff basis.  This allocation will be in the best interests of the minor plaintiffs as it will serve to benefit the minor plaintiff more with a household allocation than a per minor allocation based on the deminimus value of property lost by the minors in this case compared to the substantial value of the real property damage sustained by the household as a whole. Settlement proceeds will be issued in a single draft to the adult plaintiffs for each property.

## RECOMMENDATION

The Special Master recommends that:

1.     The Court approve the Settlement reached between the plaintiffs and the County of Merced as fair, reasonable, adequate, and in good faith under California Code of Civil Procedure 877.6;

2.     The Court approve the Settlement reached between the plaintiffs and defendants Merced Irrigation District and Merced Drainage District No. 1 as fair reasonable, adequate, and in good faith under California Code of Civil Procedure 877.6;

3.     The Court approve the proposed method of settlement proceeds allocation which permits the Special Master to review all available information to assess the amount of settlement proceeds that should be distributed to each household.  This allocation method is consistent with the nature of the damages claimed, the way the damages have been presented throughout the course of the litigation including throughout the discovery process and mediation process, and the way they were presented to the Court.  Settlement proceeds will be issued to the adult plaintiffs in a single settlement draft for each property.  Minor plaintiffs do not need to be listed on the settlement draft.   The settlement proceeds that

are to be distributed to the plaintiffs shall be held in trust until the final settlement payment is received from the Merced Irrigation District and Merced Drainage District No. 1 not later than forty-five (45) days into the Fourth Quarter of 2012.  Plaintiffs' counsel can recover legal fees and costs owed pursuant to the Retainer Agreement prior to the final distribution.

    4.    The Court approves these settlements as to the minor plaintiffs without further proceedings or the need for minors' compromises.  The minor plaintiffs' claims are considered satisfied by the issuance of the single settlement draft to the adult plaintiffs in each property.

Dated: July 27, 2012

John K. Trotter
Special Master for Settlement Purposes

## ORDER

    The Report and Recommendation of the Special Master is accepted and approved.

Dated: July 31, 2012

DAVID O. CARTER
The Honorable David O. Carter
Judge of the United States District Court

RECOMMENDATION - 6

## PROOF OF SERVICE BY U.S. MAIL

Re: Abarca, Raul Valencia, et al. vs. Merck & Co., Inc., et al.
Reference No. 1200043599

I, Gina Monteiro, not a party to the within action, hereby declare that on  July 30, 2012 I served the attached ORDER ( RECOMMENDATION -1) on the parties in the within action by depositing true copies thereof enclosed in sealed envelopes with postage thereon fully prepaid, in the United States Mail, Orange, CALIFORNIA, addressed as follows:

Michael G. Marderosian Esq.
Heather S. Cohen Esq.
Marderosian Runyon Cercone & Lehman
1260 Fulton Mall
Fresno, CA   93721-1916
    Parties Represented:
    Raul Valencia Abarca

Michael J. Bidart Esq.
Ricardo Echeverria Esq.
Gregory L. Bentley Esq.
Shernoff Bidart Echeverria et al.
600 S. Indian Hill Blvd.
Claremont, CA   91711
    Parties Represented:
    Abarca

Thomas V. Girardi Esq.
Shawn J. McCann Esq.
Girardi & Keese
1126 Wilshire Blvd.
Los Angeles, CA   90017
    Parties Represented:
    Abarca

Jack Silver Esq.
L/O Jack Silver
PO Box 5469
Santa Rosa, CA   95402-5469
    Parties Represented:
    Abarca

Jan A. Greben Esq.
Greben & Associates
125 E. De La Guerra St.
Suite 203
Santa Barbara, CA   93101
    Parties Represented:
    County of Merced

John F. Barg Esq.
Barg, Coffin, Lewis & Trapp LLP
350 California St.
22nd Floor
San Francisco, CA   94104-1435
    Parties Represented:
    Amsted Industries, Inc.
    Baltimore Aircoil Company
    Merck & Co., Inc.

Kenneth C. Ward Jr. Esq.
Archer Norris
2033 N. Main St.
Suite 800
Walnut Creek, CA   94596

Joseph V. Macha Esq.
Archer Norris
333 S. Grand Ave.
Suite 1700
Los Angeles, CA   90071

Parties Represented:                          Parties Represented:
Merced Drainage District No. 1                Merced Drainage District No. 1
Merced Irrigation District                    Merced Irrigation District

I declare under penalty of perjury the foregoing to be true and correct. Executed at Orange,

CALIFORNIA, on  July 30, 2012.

Gina Monteiro