**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 1:07-cv-388 DOC-DLB                                Date: August 10, 2012

Title: ABARCA, ET AL V. MERCK, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | N/A |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                              None Present

**PROCEEDINGS: (IN CHAMBERS): ORDER RELIEVING PLAINTIFFS FROM PAYING MEADOWBROOK WATER COMPANY'S COSTS OF TRIAL AND DENYING A NEW TRIAL AGAINST THE MERCK DEFENDANTS**

**I. Procedural History**

Plaintiffs originally filed a Motion for Termination of Lien and Request for Sanctions (Docket 1587) based on certain alleged improprieties related to Defendant Meadowbrook Water Company of Merced's ("Meadowbrook") relationship with the 706 expert from the Phase I trial on the issue of groundwater hydrology and modeling, Dr. Kenneth Schmidt ("Dr. Schmidt"). Plaintiffs later withdrew their request for monetary sanctions (Docket 1590).

The Court, after reading the substance of Plaintiff's Motion, was extremely concerned by facts showing that Dr. Schmidt had consulted for and been paid by Meadowbrook on this very case and so ordered a hearing to preliminarily discuss potential remedies, including the potential of granting a new trial as to the groundwater pathway. During that hearing, the Court became concerned about whether the alleged contact between Dr. Schmidt and Meadowbrook in any way affected the Merck Defendants. As such, this Court then conducted a hearing with Plaintiffs, Meadowbrook, and the Merck Defendants and held a second hearing later that week in which Dr. Schmidt took the stand to answer questions from both counsel about the extent of his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-01392-DOC (RNBx)                          Date: July 19, 2011
                                                                                              Page 2

relationship with anyone involved in the case. After that hearing, each party was given the opportunity to submit briefs on the subject of whether a new trial was warranted based on Dr. Schmidt's contact with either Meadowbrook or the Merck Defendants.

After considering the briefing, oral argument, and Dr. Schmidt's testimony, the Court hereby DENIES a new trial against the Merck Defendants but RELIEVES Plaintiff from the April 19, 2011 Judgment in favor of Meadowbrook insofar as Plaintiff is hereby no longer required to pay Meadowbrook's costs.

## II. Dr. Schmidt's Contacts with Defendants

A. <u>Meadowbrook</u>

Dr. Schmidt was hired by Gary Drummond, counsel for Meadowbrook, in July 2009 to review a well inspection and groundwater sampling plan. July 11, 2012 Transcript, 25: 9-20. Dr. Schmidt had multiple telephone conversations with Mr. Drummond, who asked Dr. Schmidt to review the plan to sample the Meadowbrook wells. *Id.* at 28:15-19; 29:8 – 30:8. Dr. Schmidt billed Mr. Drummond for his services, which bill was paid by Mr. Drummond's office. *Id.* at 28:1-11. Dr. Schmidt told Judge Wanger that he had "worked on a thing that was an hour or two worth of work" for Meadowbrook. *Id.* at 32:13 – 33:24.

B. <u>Merck Defendants</u>

Dr. Schmidt explained that he worked for Merck counsel Stephen Lewis' predecessor firm – Landels, Ripley & Diamond – one time, approximately thirty years ago. July 11, 2012 Transcript, 46:9 – 47:23. It appears that in almost all or all other cases, Dr. Schmidt was on the opposite side of the case from Mr. Lewis. *Id.* at 48:12-14.

## III. This Court is time-barred from granting a new trial

Rule 59(d) provides that "[n]o later than 28 days after the entry of judgment, the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion." Fed. R. Civ. P. 59(d). It thus appears clear from the plain language of the statute that this Court does not have the discretion to order a new trial, given that it has been more than 28 days since the entry of judgment against Meadowbrook.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 10-01392-DOC (RNBx)                                        Date: July 19, 2011
                                                                                                    Page 3

---

The Court would potentially not be subject to the same restrictions with respect to the Merck Defendants, given that there has been no final judgment entered against them. The Court need not address that issue, however, because it finds that Mr. Lewis' prior contacts with Dr. Schmidt were minimal, remote in time and unrelated in any way to the present case. As such, there was no prejudice or appearance of prejudice with respect to the fact that Dr. Schmidt's testimony may have contributed to a favorable judgment on behalf of the Merck Defendants.

### IV. The Court can construe Plaintiff's Motion for Termination of Lien as a Motion to Set Aside Judgment pursuant to Rule 60(b)

Rule 60(b) provides that the court may relieve a party from a final judgment for, among other grounds, "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Here, Judge Wanger entered judgment in favor of Meadowbrook and ordered Plaintiffs to pay Meadowbrook's costs on April 19, 2011 (Docket 1246). On April 13, 2012, Plaintiffs filed their Motion for Termination of Lien (Docket 1587).

Plaintiffs' Motion for Termination of Lien is properly construed as Rule 60 motion because, in essence, it seeks to set aside the April 19, 2011 judgment that orders Plaintiffs to pay Meadowbrook its costs of trial. "The moving party's label for its motion is not controlling. Rather, the court will construe it, however styled, to be the type proper for relief requested." *United States v. 1982 Sanger 24' Spectra Boat, Serial No. SANSP69ZM82, R5-83-0015, Value Approximately $28,000.00, & Attached Trailer, Nevada License No. T61942*, 738 F.2d 1043, 1046 (9th Cir. 1984) (internal citations omitted). *See also Slaughter v. Quintana,* No. CV 11-98-SJO (OP), 2011 WL 3206472, at *2 (C.D. Cal. May 23, 2011).

A party deserves relief under Rule 60(b)(6) if he demonstrates "extraordinary circumstances which prevented or rendered him unable to prosecute[his case]." *Cmty. Dental Services v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002) ) (quoting *Martella v. Marine Cooks & Stewards Union,* 448 F.2d 729, 730 (9th Cir.1971) (per curiam)). The party must "demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." *Id.* (citing *United States v. Alpine Land & Reservoir Co.,* 984 F.2d 1047, 1049 (9th Cir.1993)). Additionally, Rule 60(b) "is remedial in nature and thus must be liberally

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-01392-DOC (RNBx)	Date: July 19, 2011
	Page 4

---

applied." *Id.* at 1169-70 (citing *Falk v. Allen,* 739 F.2d 461, 463 (9th Cir.1984) (per curiam)).

Here, Plaintiffs suffered a serious injury by being the only party who had no knowledge that Meadowbrook's counsel had not only consulted with but also paid the supposedly independent 706 expert. Had Plaintiffs been made aware of that fact, Plaintiffs certainly – and justifiably – would have objected to Dr. Schmidt as the 706 expert. At the very least, Plaintiffs were denied the opportunity to engage in effective cross-examination as to Dr. Schmidt's prior work on this very case for Meadowbrook. This omission created circumstances that were certainly beyond Plaintiffs' control and that prevented them from proceeding with the prosecution of the action in a proper fashion. This Court is absolutely unwilling to condone the failure of an attorney to disclose his prior contact with a 706 expert when he has not only consulted with – but also paid – that expert on the same case. These are the "extraordinary circumstances" that justify relief from judgment.

Given this egregious conduct by Meadowbrook's counsel, this Court hereby relieves Plaintiff from the April 19, 2011 judgment insofar as Plaintiff is no longer required to pay Meadowbrook's costs of trial. Judgment shall still remain entered against Meadowbrook but Plaintiffs and Meadowbrook are each to bear their own costs of the Phase I trial.

### V.     Disposition

Plaintiffs are hereby relieved from paying Meadowbrook's costs of the Phase I trial. Judgment shall still be entered in favor of Meadowbrook.

MINUTES FORM 11	SA- CAED
CIVIL-GEN	Initials of Deputy Clerk